**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **NICOLE HARRIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 1:14-cv-04391** |
| | ) | |
| **CITY OF CHICAGO, Chicago Police Officers** | ) | **Hon. John W. Darrah** |
| **ROBERT BARTIK, #3078; DEMOSTHENES** | ) | |
| **BALODIMAS, #21204; ROBERT CORDARO,** | ) | |
| **#20680; JOHN J. DAY, #20926; JAMES M.** | ) | **Hon. Mag. Susan E. Cox** |
| **KELLY, #21121; MICHAEL LANDANDO,** | ) | |
| **#20417; ANTHONY NORADIN, #21252, and** | ) | |
| **RANDALL WO, #20232; Assistant Cook County** | ) | |
| **State's Attorneys ANDREA GROGAN and** | ) | |
| **LAWRENCE O'REILLY; and the** | ) | |
| **COUNTY OF COOK,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**JOINDER BY CITY OF CHICAGO TO MOTION BY DEFENDANT
CHICAGO POLICE OFFICERS TO DISMISS PLAINTIFF'S COMPLAINT
AND CITY OF CHICAGO'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant City of Chicago (the "City") by its undersigned attorney, hereby respectfully moves to dismiss Counts Three, Seven and Eight against it in Plaintiff's Complaint and to join the motion to dismiss that has been filed by Defendant City Police Officers ("Defendant Officers").

## I.  INTRODUCTION

On June 12, 2014, Harris filed a Complaint against Defendant Officers seeking compensation for the nearly eight years that she spent in prison for murdering one of her children. In short, Harris alleges federal and state-law claims that she was wrongfully convicted

due to the actions of Defendant Officers and the policies, practices, or customs set forth by the City.

Harris fails to state an individual federal claim against Defendant Officers and these claims must be dismissed. Accordingly, Harris's *Monell* claim against the City must also be dismissed because she has failed to state a valid individual Section 1983 claim and has not pled any valid underlying constitutional violations.

Further, this Court should decline to exercise supplemental jurisdiction over all of Harris' state-law claims, including the Respondeat Superior and indemnification claims against the City, as the general rule is that when all federal-law claims are dismissed before trial, the pendent claims should be left to the state courts. Because Harris fails to state a federal claim and the Court should decline to exercise supplemental jurisdiction over her state claims, Defendants are entitled to dismissal and/or judgment as a matter of law on those claims.

## II.     FACTUAL STATEMENT

The City hereby incorporates the Factual Background set forth in the Defendant Officers' Motion to Dismiss as if set forth fully herein.  (Dkt. 44.)

## III.     LEGAL ARGUMENT

### A.     Harris' *Monell* Claim Contained in Count III of Her Complaint Should be Dismissed Because Harris Failed to Allege a Cause of Action Against Any of the Defendant Officers.

Count III alleges a cause of action against the City for a purported infirm policy or practice under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). However, if the underlying Section 1983 counts alleged against the Defendant Officers are dismissed, Harris' *Monell* count against the City necessarily fails as a matter of law.

Counts I and II of Harris' Complaint alleges violations against Defendant Officers under 42 U.S.C. section 1983 for alleged Deprivation of Right to a Fair Trial and Coercive Interrogation respectively. (Dkt. 1.) However, as articulated more fully in Defendant Officers' Motion to Dismiss, Counts I and II of Plaintiff's Complaint should be dismissed because she fails to state a claim upon which relief may be granted. (Dkt., 44, pp. 5-14.) If Counts I and II are dismissed, it is well-settled that Harris' *Monell* claim against the City also must be dismissed. *Worst v. City of Chicago*, 10 C 6538, 2011 WL 3349818 (N.D. Ill. Aug. 2, 2011) (dismissing a *Monell* claim at the pleading stage because Plaintiffs had not stated a valid individual Section 1983 claim and had not pled any valid underlying constitutional violations); *Sallenger v. City of Springfield, Ill.*, 630 F.3d 499, 504 (7th Cir.2010) (stating that "a municipality cannot be liable under *Monell* when there is no underlying constitutional violation by a municipal employee"); *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1113 (7th Cir. 2013) ("It is well established that if the plaintiff suffered no violation of his constitutional rights, the City cannot be liable under § 1983"); *Kremer v. City of Decatur*, No. 11-2258, 2014 WL 3952906 (C.D. Ill. Aug. 13, 2014) ("municipal liability under § 1983 only accrues if the tortfeasor inflicts a constitutional injury on the plaintiff in the execution of the government's policy or custom").

Because Harris failed to sufficiently allege Section 1983 claims against Defendant Officers, Count III against the City for *Monell* liability fails as a matter of law.

### B.    The Court Should Decline to Exercise Supplemental Jurisdiction Over the Remaining Counts Against the City.

The City respectfully requests that the Court decline to exercise supplemental jurisdiction on the state law claims consistent with 28 U.S.C. section 1367(c)(3). Once the federal claims in an action no longer remain, a federal court has discretion to decline to exercise supplemental jurisdiction over any remaining state law claims. *Wright v. Associated Ins. Cos.*, 29 F.3d 1244,

1251–52 (7th Cir.1994) (stating that "the general rule is that, when all federal-law claims are dismissed before trial," the pendent claims should be left to the state courts); *Groce v. Eli Lilly*, 193 F.3d 496, 501 (7th Cir.1999) ("it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial"). Accordingly, Count VII for Respondeat Superior liability also should be dismissed. *Castro v. City of Chicago*, 07-CV-0931, 2013 WL 427109 (N.D. Ill. Feb. 1, 2013) (dismissing Respondeat Superior claim at the pleading stage because all federal claims had been dismissed); *Moorish Nat. Republic: Fed. Gov't Moorish Divine & Nat. Movement of the World v. City of Chicago*, 10-CV-1047, 2011 WL 2893024 (N.D. Ill. July 19, 2011) (same).

Similarly, because Counts III and VII should be dismissed, Count VIII for indemnification under 745 ILCS 10/2-102 also should be dismissed. 745 ILCS 10/9-102 directs local public entities to pay tort judgments for which it or one of its employees, acting within the scope of his employment, is liable. However, "the City is not required to pay any damages where neither it nor its employee is liable." *Tibbs v. City of Chicago*, 02 C 2970, 2005 WL 326982 (N.D. Ill. Feb. 8, 2005) aff'd, 469 F.3d 661 (7th Cir. 2006). Furthermore, state statute makes clear that the City "cannot be liable for an injury resulting from an employee's actions where the employee is not liable." *Id.* citing 745 ILCS 10/2-109. Once the Court dismisses all other Counts in Plaintiff's Complaint against Defendant Officers, the indemnification claim necessarily fails.

The Court should decline to exercise supplemental jurisdiction over all of Harris's state-law claims including Counts VII and VIII.

**IV.**   **CONCLUSION**

WHEREFORE, for the reasons set forth above, and in Defendant Officer's Motion to Dismiss Plaintiff's Complaint, and for such other and further reasons as they appear to the Court the City of Chicago respectfully requests that this Court enter an Order dismissing Plaintiff's Complaint in its entirety with prejudice, and for such other relief as the Court deems just and appropriate.

Dated: September 17, 2014                              Respectfully submitted,

                                                                        /s/ Kyle L. Flynn
                                                                        One of the Attorneys for Defendant,
                                                                        CITY OF CHICAGO

John F. Gibbons (Attorney No. 6190493)
Tiffany S. Fordyce (Attorney No. 235063)
Kyle L. Flynn (Attorney No. 6312817)
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
T:  (312) 456-8400
F:  (312) 456-8435
gibbonsj@gtlaw.com
fordycet@gtlaw.com
flynnk@gtlaw.com