# EXHIBIT 1

To
**PLAINTIFF NICOLE HARRIS'S MOTION TO COMPEL DISCOVERY RESPONSES FROM THE CITY OF CHICAGO**

**November 2, 2015**

**Case No. 1:14-cv-4391**

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NICOLE HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-cv-4391 |
| ) | |
| CITY OF CHICAGO, Choice Police Officers ) | District Judge John W. Darrah |
| ROBERT BARTIK, DEMOSTHENES ) | |
| BALODIMAS, ROBERT CARDARO, ) | Magistrate Susan E. Cox |
| JOHN J. DAY, JAMES M. KELLY, MICHAEL ) | |
| LANDANDO, ANTHONY NORADIN, and ) | |
| RANDALL WO, ) | |
| Defendants. ) | |

**NICOLE HARRIS' SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS AND MATERIALS TO DEFENDANT THE CITY OF CHICAGO**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Nicole Harris requests that Defendant City of Chicago respond to the following Requests for Production within 30 days, or by Monday, September 14, 2015.

**DEFINITIONS AND INSTRUCTIONS**

1. The term "Document" shall have the broadest possible meaning under the Federal Rules of Civil Procedure, and shall include any handwritten, typed, photographed, computerized, audio, video, or other graphic matter, regardless of how it is printed, stored or reproduced, in the possession, custody, or control of Defendant, whether or not claimed to be privileged or otherwise excludable from discovery. Any document with any marks on any sheet or side, including but limited to initials, routing instructions, date stamps, and any comment, marking or notation of any character which is not a part of the original or any reproduction, is to be considered a separate document.

2. If there are no Documents in your possession, custody or control which are responsive to a particular request, so state and identify the request.

3. "Department" shall refer to the Chicago Police Department.

4. If any Documents responsive to this request are known by you to exist but are not

1

in your possession, custody or control, identify said Document(s) and the Person who has possession, custody or control of the Documents.

5. "Relate", "relating to" or "regarding" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter.

6. "Communications" shall refer to any form of communication, including, for example, letters, memos, e-mails, and notes.

7. "Person" shall refer to any individual, corporation, partnership, organization, or any other entity.

8. "And" and "or" mean "and/or" so that the terms are given their broadest possible meaning. In construing a request, the singular shall include the plural and the plural shall include the singular, and use of a masculine, feminine or neuter pronoun shall not exclude any of the others. The past tense includes the present and the present tense includes the past, where the clear meaning is not destroyed by the change.

9. "Complaints" shall refer to any complaint or criticism relating in any manner to a police officer's job performance, whether ultimately deemed (un)sustained, (un)founded, or any other disposition. This includes, but is not limited to, all citizen complaints made to the Department's Office of Professional Standards or Internal Affairs Division and all lawsuits or arbitrations alleging police misconduct.

10. "Police Officer Defendants" shall mean Chicago Police Department Officers, Robert Bartik, Demosthenes Balodimas, Robert Cardaro, John J. Day, James M. Kelly, Michael Landando, Anthony Noradin, and Randall Wo.

11. Identify the production requests to which each document produced is responsive.

12. If it is otherwise not possible to produce any document responsive to any request or if any part of said request is objectionable, please state the reasons for your inability to produce or your objections with specificity.

13. Please mark all Documents produced with an identifying number (i.e., a Bates Stamp number).

14. Any request for a Document is also a request to produce all iterations of that Document, including all earlier and later versions of that Document.

15. If any Document is withheld under claim of privilege, please provide a privilege log identifying the Document, including its author and any recipients, and the basis for your privilege claim.

2

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** All documents regarding or reflecting any statement made by any of the following three people on May 14, 15, or until 2:00 a.m. on May 16, 2005, including but not limited to those identified in your response to Interrogatory No. 2.

(A) Nicole Harris;
(B) Sta-Von Dancy; and
(C) Diante Dancy

**RESPONSE:**

**REQUEST NO. 2:** All documents regarding the demeanor or any observation of the demeanor of the following three people on May 14, 15, or until 2:00 a.m. on May 16, 2005, including but not limited to those identified in your response to Interrogatory No. 3.

(A) Nicole Harris;
(B) Sta-Von Dancy; and
(C) Diante Dancy

**RESPONSE:**

**REQUEST NO. 3:** All reviews, analyses, assessments and/or evaluations of the polygraph unit, the work conducted there, or its polygraph examiners from January 1, 2000 to the present, including but not limited to those identified in your response to Interrogatory No. 4.

**RESPONSE:**

**REQUEST NO. 4:** Documents sufficient to identify by name and title each person who worked in the polygraph unit from January 1, 2000 to the present, including but not limited to those identified in your response to Interrogatory No. 5.

**RESPONSE:**

**REQUEST NO. 5:** All documents regarding any discipline, complaint or lawsuit against any polygraph examiner from January 1, 2000 to the present, including but not limited to those identified in your response to Interrogatory No. 6

**RESPONSE:**

**REQUEST NO. 6:** All documents, including but not limited to Department General Orders, Special Orders, Directives, Department manuals, guides, trainings, rules, policies, procedures,

3

practices or directives (including without limitation the Task File for the directive), and including revisions regarding each of the following from January 1, 2000 to the present regarding:

    A. The operation of the polygraph unit;
    B. The quality control of the polygraph examination unit;
    C. The supervision of the polygraph unit;
    D. The circumstances under which a witness or suspect can or should be referred for polygraph examination;
    E. The request for a polygraph examination;
    F. The assignment of polygraph examiners for polygraphs;
    G. The performance of polygraph examiners;
    H. The methods by which polygraph examiners interact with witnesses;
    I. The standards or practices by which polygraph examiners must or should adhere;
    J. The administration of polygraph examinations;
    K. The discussion of polygraph examination results;
    L. The taking and preservation of notes before, during, or after polygraph examinations;
    M. The interpretation or tabulation of polygraph examination results;
    N. The taking and preservation of polygraph examination raw data and/or results;
    O. Anything not specifically expressed herein but that relates specifically to the polygraph unit, polygraphs or polygraph examiners.

**RESPONSE:**


**REQUEST NO. 7:** All Department General Orders, Special Orders, Directives, Department manuals, procedural guides, training, rules, policies, practices or directives (including without limitation the Task File for the directives), including revisions, referring or relating to the awarding of a department commendation, honorable mention, crime reduction award or any achievement or notation on a Chicago Police Department Officer's complimentary history
from May 1, 2000 through the present for:
    A. Obtaining a confession relating to a homicide;
    B. Closing a case by confession;
    C. Closing a homicide case;
    D. Closing a case involving the death of a child;
    E. Closing a case within a particular time-frame;
    F. Closing a case in general.
    G. Use of a polygraph examination to resolve an investigation
    H. Use of a polygraph examination to obtain a confession.
    I. Use of a polygraph examination to obtain a confession and close a case.

**RESPONSE:**

**REQUEST NO. 8:** All Department General Orders, Special Orders, Directives, Department manuals, procedural guides, training, rules, policies, practices or directives (including without

4

limitation the Task File for the directives), including revisions, referring or relating to the investigation and resolution of cases involving the death of a child.

**RESPONSE:**

Dated: August 14, 2015

                                        Respectfully submitted,

                                        Margot Klein
                                        One of Nicole Harris' Attorneys

Nicole N. Auerbach
Stuart J. Chanen
Margot Klein
Valorem Law Group
35 E. Wacker Drive, Suite 3000
Chicago, IL 60601
(312) 676-5460

Janine L. Hoft
Joey L. Mogul
Jan Susler
People's Law Office
1180 N. Milwaukee Ave.
Chicago, IL 60642
(773) 235-0070

J. Samuel Tenenbaum
Bluhm Legal Clinic
Northwestern University School of Law
357 E. Chicago Ave.
Chicago, IL 60611
(312) 503-4808

*Counsel for Plaintiff Nicole Harris*

## CERTIFICATE OF SERVICE

I, Margot Klein, an attorney, certify that I served a copy of the **NICOLE HARRIS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND MATERIALS TO DEFENDANT THE CITY OF CHICAGO** on the counsel of record by electronic mail and United States Mail on August 14, 2015.

Margot Klein
One of Nicole Harris' Attorneys