# EXHIBIT 3

**To**
**PLAINTIFF NICOLE HARRIS'S MOTION TO COMPEL DISCOVERY**
**RESPONSES FROM THE CITY OF CHICAGO**

**November 2, 2015**

**Case No. 1:14-cv-4391**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICOLE HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:14-cv-04391 |
| | ) | |
| CITY OF CHICAGO, Chicago Police | ) | Hon. John W. Darrah |
| Officers ROBERT BARTIK, #3078; | ) | |
| DEMOSTHENES BALODIMAS, | ) | |
| #21204, ROBERT CORDARO, #20680, | ) | |
| JOHN J. DAY, #20926, JAMES M. | ) | Hon. Mag. Susan E. Cox |
| KELLY, #21121, MICHAEL | ) | |
| LANDANDO, #20417, ANTHONY | ) | |
| NORADIN, #21252, and RANDALL | ) | |
| WO, #20232; Assistant Cook County | ) | |
| State's Attorneys ANDREA GROGAN | ) | |
| and LAWRENCE O'REILLY; and the | ) | |
| COUNTY OF COOK, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## RESPONSE OF CITY OF CHICAGO TO NICOLE HARRIS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND MATERIALS

Defendant, City of Chicago (the "City"), by and through its attorneys, submits the following responses and objections to Plaintiff Nicole Harris's ("Plaintiff") Second Set of Requests for Production of Documents ("Requests") pursuant to Federal Rule of Civil Procedure 34.

## PRELIMINARY STATEMENT

The responses set forth below are submitted subject to the objections set forth herein, and are based upon the current knowledge of the City. The City expressly reserves the right to assert such additional or different responses as may be appropriate in light of further ongoing discovery

and/or investigation, and reserves the right to introduce at trial, or at any other proceeding, any information discovered after the date of these responses.

## GENERAL OBJECTIONS

1. The City objects to the Requests for Production of Documents ("Requests") to the extent they purport to impose on the City any obligations beyond those required by the Federal Rules of Civil Procedure, the Northern District of Illinois Local Rules, and applicable case law.

2. The City objects to each request, definition and/or instruction to the extent they seek information protected by the attorney-client, work product and/or other applicable privileges.

3. The City objects to any request that seeks information which: (a) is not in the City's possession, custody or control; or (b) is already in Plaintiff's possession, custody or control.

4. The City objects to the Requests to the extent they are overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and because they are not limited to the relevant time period.

5. The City objects to the Requests to the extent they are vague, ambiguous and/or otherwise incapable of reasonable ascertainment.

6. The City objects to the Requests to the extent that they call for legal conclusions.

7. The City objects to the Requests to the extent they are redundant and duplicative.

8. The City has endeavored to respond to the Requests subject to its interpretation of the Requests. If Plaintiff asserts a different interpretation, the City reserves the right to amend its responses to conform to that alternate interpretation.

9.     The City states that investigation into responsive documents is ongoing, and reserves the right, but undertakes no obligation beyond that required by the applicable rules, to supplement these responses as additional information and documentation become available.

10.     To avoid duplication and repetition of stating each General Objection in each and every response to the Requests, each of these General Objections are incorporated into each of the responses set forth below and the responses are made without waiver of any of these General Objections. Further objections may be specifically referred to in response to certain of the responses to the Requests for purposes of clarity or emphasis, but by doing so, the City is not waiving any of the General Objections.

## RESPONSES TO REQUESTS FOR PRODUCTION

### DOCUMENT REQUEST NO. 1:

All documents regarding or reflecting any statement made by any of the following three people on May 14, 15, or until 2:00 a.m. on May 16, 2005, including but not limited to those identified in your response to Interrogatory No. 2.

(A) Nicole Harris;
(B) Sta-Von Dancy; and
(C) Diante Dancy

### RESPONSE TO DOCUMENT REQUEST NO. 1:

Objection.    This Request may call for documents protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objection and General Objections, the City has produced to Plaintiff all non-privileged responsive documents in its possession, custody or control.

**DOCUMENT REQUEST NO. 2:**

All documents regarding the demeanor or any observation of the demeanor of the following three people on May 14, 15, or until 2:00 a.m. on May 16, 2005, including but not limited to those identified in your response to Interrogatory No. 3.

    (A) Nicole Harris;
    (B) Sta-Von Dancy; and
    (C) Diante Dancy

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

Objection. Vague and ambiguous as to the term "demeanor" and "observation of the demeanor" in that said terms are subject to multiple interpretations, rendering response to this Request impossible without speculation. In addition, this Request may call for documents protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections and General Objections, the City has produced to Plaintiff all non-privileged responsive documents in its possession, custody or control.

**DOCUMENT REQUEST NO. 3:**

All reviews, analyses, assessments and/or evaluations of the polygraph unit, the work conducted there, or its polygraph examiners from January 1, 2000 to the present, including but not limited to those identified in your response to Interrogatory No. 4.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

Objection. Vague and ambiguous as to the terms "reviews," "analyses," "assessments," "evaluations" and "work conducted there" in that said terms are subject to multiple interpretations, rendering response to this Request impossible without speculation. In addition, this Request may call for documents protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections and General Objections, the City will produce non-privileged responsive documents to the extent they exist from 2000 to 2005.

**DOCUMENT REQUEST NO. 4:**

Documents sufficient to identify by name and title each person who worked in the polygraph unit from January 1, 2000 to the present, including but not limited to those identified in your response to Interrogatory No. 5.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Objection. This Request is overly broad rendering response to this Request oppressive and unduly burdensome. The City further objects to Request No. 4 because it is not reasonably calculated to lead to the discovery of admissible evidence ("Irrelevant"). Moreover, response to this Request infringes upon the privacy rights of third party non-litigants.

**DOCUMENT REQUEST NO. 5:**

All documents regarding any discipline, complaint or lawsuit against any polygraph examiner from January 1, 2000 to the present, including but not limited to those identified in your response to Interrogatory No. 6.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

Objection. Irrelevant. This Request is overly broad rendering response to this Request oppressive and unduly burdensome. Moreover, response to this Request infringes upon the privacy rights of third party non-litigants.

**DOCUMENT REQUEST NO. 6:**

All documents, including but not limited to Department General Orders, Special Orders, Directives, Department manuals, guides, trainings, rules, policies, procedures, practices or directives (including without limitation the Task File for the directive), and including revisions regarding each of the following from January 1, 2000 to the present regarding:

A. The operation of the polygraph unit;
B. The quality control of the polygraph examination unit;
C. The supervision of the polygraph unit;
D. The circumstances under which a witness or suspect can or should be referred for polygraph examination;

E. The request for a polygraph examination;

F. The assignment of polygraph examiners for polygraphs;

G. The performance of polygraph examiners;

H. The methods by which polygraph examiners interact with witnesses;

I. The standards or practices by which polygraph examiners must or should adhere;

J. The administration of polygraph examinations;

K. The discussion of polygraph examination results;

L. The taking and preservation of notes before, during, or after polygraph examinations;

M. The interpretation or tabulation of polygraph examination results;

N. The taking and preservation of polygraph examination raw data and/or results;

O. Anything not specifically expressed herein but that relates specifically to the polygraph unit, polygraphs or polygraph examiners.

## RESPONSE TO DOCUMENT REQUEST NO. 6:

Objection. Irrelevant. Vague and ambiguous as to the terms "discussion of polygraph examination results," "tabulation of polygraph examination results" and "anything not specifically expressed herein" in that said terms are subject to multiple interpretations, rendering response to this Request impossible without speculation. This Request is overly broad, rendering response to this Request oppressive and unduly burdensome. In addition, response to this Request infringes upon privacy rights of third-party non-litigants.

Subject to and without waiving the foregoing objections and General Objections, the City has produced to Plaintiff all non-privileged responsive documents in its possession, custody or control.

## DOCUMENT REQUEST NO. 7:

All Department General Orders, Special Orders, Directives, Department manuals, procedural guides, training, rules, policies, practices or directives (including without limitation the Task File for the directives), including revisions, referring or relating to the awarding of a department commendation, honorable mention, crime reduction award or any achievement or notation on a Chicago Police Department Officer's complimentary history from May 1, 2000 through the present for:

A. Obtaining a confession relating to a homicide;

B. Closing a case by confession;

C. Closing a homicide case;

D. Closing a case involving the death of a child;

E. Closing a case within a particular time-frame;
F. Closing a case in general.
G. Use of a polygraph examination to resolve an investigation
H. Use of a polygraph examination to obtain a confession.
I. Use of a polygraph examination to obtain a confession and close a case.

## RESPONSE TO DOCUMENT REQUEST NO. 7:

Objection. This Request is overly broad in time and scope, rendering response to this Request oppressive and unduly burdensome.

Subject to and without waiving the foregoing objections and General Objections, the City has produced to Plaintiff all non-privileged responsive documents in its possession, custody or control.

## DOCUMENT REQUEST NO. 8:

All Department General Orders, Special Orders, Directives, Department manuals, procedural guides, training, rules, policies, practices or directives (including without limitation the Task File for the directives), including revisions, referring or relating to the investigation and resolution of cases involving the death of a child.

## RESPONSE TO DOCUMENT REQUEST NO. 8:

Objection. This Request is overly broad in time and scope, rendering response to this Request oppressive and unduly burdensome.

Subject to and without waiving the foregoing objections and General Objections, the City has produced to Plaintiff all non-privileged responsive documents in its possession, custody or control.

One of the Attorneys for Defendant,
CITY OF CHICAGO

John F. Gibbons (N.D. Ill. No. 6190493)
Tiffany S. Fordyce (N.D. Ill. No. 235063)
Kyle L. Flynn (N.D. Ill. No. 6312817)
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois  60601
T:  (312) 456-8400
F:  (312) 456-8435
gibbonsj@gtlaw.com
fordycet@gtlaw.com
flynnk@gtlaw.com

## CERTIFICATE OF SERVICE

I, Kyle L. Flynn, certify that on September 29, 2015, true and correct copies of the **Response of City of Chicago to Nicole Harris' Second Set of Requests for Production of Documents and Materials** served by email and U.S. Mail, postage pre-paid, upon the following parties in the case:

| | |
|---|---|
| J. Samuel Tenenbaum<br>Bluhm Legal Clinic<br>357 East Chicago Avenue<br>Chicago, IL 60611 | Joey L. Mogul<br>Janine L. Hoft<br>Janis M. Susler<br>People's Law Office<br>1180 N. Milwaukee<br>Chicago, IL 60622 |
| Margot Klein<br>Nicole Nehama Auerbach<br>Stuart Jay Chanen<br>Valorem Law Group<br>35 East Wacker Drive<br>3000<br>Chicago, IL 60601 | Andrew M. Hale<br>Avi T. Kamionski<br>Jennifer Bitoy<br>Shneur Z. Nathan<br>Hale Law LLC<br>53 W. Jackson Blvd.<br>Suite 330<br>Chicago, IL 60604 |