# EXHIBIT 4

To
**PLAINTIFF NICOLE HARRIS'S MOTION TO COMPEL DISCOVERY RESPONSES FROM THE CITY OF CHICAGO**

**November 2, 2015**

**Case No. 1:14-cv-4391**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICOLE HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:14-cv-04391 |
| | ) | |
| CITY OF CHICAGO, Chicago Police | ) | Hon. John W. Darrah |
| Officers ROBERT BARTIK, #3078; | ) | |
| DEMOSTHENES BALODIMAS, | ) | |
| #21204, ROBERT CORDARO, #20680, | ) | |
| JOHN J. DAY, #20926, JAMES M. | ) | Hon. Mag. Susan E. Cox |
| KELLY, #21121, MICHAEL | ) | |
| LANDANDO, #20417, ANTHONY | ) | |
| NORADIN, #21252, and RANDALL | ) | |
| WO, #20232; Assistant Cook County | ) | |
| State's Attorneys ANDREA GROGAN | ) | |
| and LAWRENCE O'REILLY; and the | ) | |
| COUNTY OF COOK, | ) | |
| | ) | |
| Defendants. | ) | |

## CITY OF CHICAGO'S ANSWERS AND OBJECTIONS TO NICOLE HARRIS' FIRST SET OF INTERROGATORIES

Defendant, City of Chicago (the "City"), by and through its attorneys, submits the following answers and objections to Plaintiff Nicole Harris' ("Plaintiff") First Set of Interrogatories pursuant to Federal Rule of Civil Procedure 33.

### PRELIMINARY STATEMENT

The answers set forth below are submitted subject to the objections set forth herein, and are based upon the current knowledge of the City. The City expressly reserves the right to assert such additional or different answers as may be appropriate in light of further ongoing discovery and/or investigation, and reserves the right to introduce at trial, or at any other proceeding, any information discovered after the date of these answers.

## GENERAL OBJECTIONS

1. The City objects to the interrogatories to the extent they purport to impose on the City any obligations beyond those required by the Federal Rules of Civil Procedure, the Northern District of Illinois Local Rules, and applicable case law.

2. The City objects to each interrogatory, definition and/or instruction to the extent they seek information protected by the attorney-client, work product and/or other applicable privileges.

3. The City objects to any interrogatory that seeks information which: (a) is not in the City's control or possession; or (b) is already in Plaintiff's possession, custody or control.

4. The City objects to the interrogatories to the extent they are overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and because they are not limited to the relevant time period.

5. The City objects to the interrogatories to the extent they are vague, ambiguous and/or otherwise incapable of reasonable ascertainment.

6. The City objects to the interrogatories to the extent that they call for legal conclusions.

7. The City objects to the interrogatories to the extent they are redundant and duplicative.

8. The City has endeavored to answer the interrogatories subject to its interpretation of the interrogatories. If Plaintiff asserts a different interpretation, the City reserves the right to amend its answers to conform to that alternate interpretation.

9. The City states that investigation into its answers to the interrogatories is ongoing, and reserves the right, but undertake no obligation beyond that required by the applicable rules, to supplement these answers as additional information and documentation become available.

10. To avoid duplication and repetition of stating each General Objection in each and every answer to the interrogatories, each of these General Objections are incorporated into each of the answers set forth below and the answers are made without waiver of any of these General Objections. Further objections may be specifically referred to in response to certain of the answers to the interrogatories for purposes of clarity or emphasis, but by doing so, the City is not waiving any of the General Objections.

## INTERROGATORY ANSWERS

1. The following persons are not sufficiently identified in your Rule 26(a)(1) statement. For each person listed below, please provide a specific description of the subject matters on which he or she may testify, i.e., sufficient enough for Plaintiff to identify with precision the role that the individual played with respect to Ms. Harris's arrest, purported confession, purported investigation into the death of her son, and/or her being charged or convicted for the same.

(A) Officer Jill Counts
(B) Officer J. Curry
(C) Deborah DeSanto
(D) Officer Patrick Foley
(E) Officer John Fuller
(F) Detective Kurt D. Hagemann
(G) Gina Crumble-Jones
(H) Officer Robert Konrath
(I) Thomas Lampa
(J) Officer Patrick Masuda
(K) Detective Charity T. Musial
(L) G. Poradzisz
(M) Investigator G. Poradzisz
(N) John Somerville
(O) Officer Darlene Wujick
(P) Detective Arthur M. Young

**ANSWER:** Objection. This interrogatory may call for information protected by the attorney-client privilege and/or work product doctrine. The City further objects to this interrogatory

because it provided sufficient detail in its Rule 26 disclosures to allow Plaintiff to determine the "subjects of the [the] information—that the disclosing party may use to support its claims or defenses..." Answering further, pursuant to Federal Rule of Civil Procedure 33(d), the City directs Plaintiff to documents produced by the City bates numbered CITY0000367-CITY0000477 and CITY0000508-CITY0000586.

2. Identify with specificity each witness on your Federal Rule of Civil Procedure 26(a)(1) list who may testify that they heard or observed a statement or may testify as to personal knowledge regarding a statement of any kind from any of the following three people on May 14, 15, or until 2:00 a.m. on May 16, 2005. Please provide a separate list for each of the three people listed below, and for each witness you identify, state whether the statement was heard or observed, the date and time such statement was heard or observed, the substance of any statement heard or observed, and the names and contact information of all persons present at the time the statement was heard or observed.

    (A) Nicole Harris;
    (B) Sta-Von Dancy; and
    (C) Diante Dancy

**ANSWER**: Objection. This interrogatory is overly broad in scope, rendering response to this interrogatory oppressive and unduly burdensome. In addition, this interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine. The City further objects to the form of this Interrogatory as being compound. Moreover, the City cannot identify with any specificity what third parties "may testify that they heard or observed."

Answering further, pursuant to Federal Rule of Civil Procedure 33(d), the City directs Plaintiff to documents bates numbered CITY0000367-CITY0000477 and CITY0000508-CITY0000586.

3. Identify with specificity each witness on your Federal Rule of Civil Procedure 26(a)(1) list who may testify that they observed the demeanor of any of the following three people on May 14, 15, or until 2:00 a.m. on May 16, 2005. Please provide a separate list for each of the three people listed below, and for each witness you identify, state the demeanor of the person observed, the date and time the demeanor was observed, and the names and contact information of all persons present at the time the demeanor was observed.

(A) Nicole Harris;
(B) Sta-Von Dancy; and
(C) Diante Dancy

**ANSWER**: Objection. Vague and ambiguous as to the term "demeanor" and "observation of the demeanor" in that said terms are subject to multiple interpretations, rendering response to this Request impossible without speculation. This interrogatory is overly broad in scope, rendering response to this Interrogatory oppressive and unduly burdensome. In addition, this interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine. The City further objects to the form of this Interrogatory as being compound. Moreover, response to this interrogatory calls for speculation because the City cannot identify with any specificity what third parties "may testify that they heard or observed."

Answering further, pursuant to Federal Rule of Civil Procedure 33(d), the City directs Plaintiff to documents bates numbered CITY0000367-CITY0000477 and CITY0000508-CITY0000586.

4. Describe with specificity all analyses, reviews, assessments or evaluations of the Chicago Police Department polygraph unit and/or its polygraph examiners from January 1, 2000 to the present, including but not limited to the dates of such analyses, reviews, assessments or evaluations, by whom they were conducted, and the results of each analysis, review, assessment or evaluation.

**ANSWER**: Objection. Vague and ambiguous as to the terms "reviews," "analyses," "assessments," and "evaluations" in that said terms are subject to multiple interpretations, rendering response to this Interrogatory impossible without speculation. In addition, this Interrogatory may call for documents protected by the attorney-client privilege and/or work product doctrine.

5. Identify by name, title, address and phone number each person who worked in the Chicago Police Department polygraph unit and each person who directly supervised anyone in the polygraph unit from January 1, 2000 to the present. For any person who conducted polygraph examinations during that time, please place an asterisk next to that person's name.

**ANSWER**: Objection. This Interrogatory is overly broad in time and scope, rendering response to this Interrogatory oppressive and unduly burdensome. The City further objects to Interrogatory No. 5 because it is not reasonably calculated to lead to the discovery of admissible evidence ("Irrelevant"). Moreover, response to this Interrogatory infringes upon the privacy rights of third party non-litigants.

6. Identify by name, title, address and phone number each polygraph examiner who was disciplined, the subject of a complaint, or sued for conduct alleged to have been in connection with any aspect of a polygraph examination, including but not limited to pre- and post-examination interrogation or discussion with anyone working in the polygraph unit, from January 1, 2000 to the present.

**ANSWER**: Objection. Irrelevant. This Interrogatory is overly broad rendering an answer to this Interrogatory oppressive and unduly burdensome. Moreover, an answer to this Interrogatory infringes upon the privacy rights of third party non-litigants.

7. Explain the manner in which witnesses or suspects were assigned to a particular polygraph examiner, including but not limited to any policies that address or relate to any procedure to request a polygraph examination from January 1, 2000 to the present.

**ANSWER**: Objection. Irrelevant. This Interrogatory is overly broad, rendering an answer to this Interrogatory oppressive and unduly burdensome. In addition, an answer to this Interrogatory infringes upon privacy rights of third-party non-litigants.

Dated: September 29, 2015

_____
One of the Attorneys for Defendant,
CITY OF CHICAGO

John F. Gibbons (Attorney No. 6190493)
Tiffany S. Fordyce (Attorney No. 235063)
Kyle L. Flynn (Attorney No. 6312817)
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100

Chicago, Illinois  60601
T:  (312) 456-8400
F:  (312) 456-8435
gibbonsj@gtlaw.com
fordycet@gtlaw.com
flynnk@gtlaw.com

## CERTIFICATE OF SERVICE

I, Kyle L. Flynn, certify that on September 29, 2015, true and correct copies of the **City of Chicago's Answers and Objections to Nicole Harris' First Set of Interrogatories** served by email and U.S. Mail, postage pre-paid, upon the following parties in the case:

| | |
|---|---|
| J. Samuel Tenenbaum<br>Bluhm Legal Clinic<br>357 East Chicago Avenue<br>Chicago, IL 60611 | Joey L. Mogul<br>Janine L. Hoft<br>Janis M. Susler<br>People's Law Office<br>1180 N. Milwaukee<br>Chicago, IL 60622 |
| Margot Klein<br>Nicole Nehama Auerbach<br>Stuart Jay Chanen<br>Valorem Law Group<br>35 East Wacker Drive<br>3000<br>Chicago, IL 60601 | Andrew M. Hale<br>Avi T. Kamionski<br>Jennifer Bitoy<br>Shneur Z. Nathan<br>Hale Law LLC<br>53 W. Jackson Blvd.<br>Suite 330<br>Chicago, IL 60604 |

Kyle Flynn