# EXHIBIT 5

To
**PLAINTIFF NICOLE HARRIS'S MOTION TO COMPEL DISCOVERY
RESPONSES FROM THE CITY OF CHICAGO**

**November 2, 2015**

**Case No. 1:14-cv-4391**



Direct Dial: 312.676.5480
stuart.chanen @valoremlaw.com

October 1, 2015

Via E-Mail

Mr. John Gibbons
Ms. Tiffany Forde
Mr. Kyle Flynn
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601

Re: *Harris v. City of Chicago, 14 cv 4391*

Dear John, Tiffany, and Kyle,

Yesterday, Nicole Harris's attorneys received your document entitled "City of Chicago's Answer and Objections to Plaintiff's First Set of Interrogatories." We have carefully reviewed it and find virtually all of the answers and objections to be frivolous. We are especially dismayed by the City's lack of substantive response given the extension of time you requested and we granted. You really needed 6-1/2 weeks to provide absolutely no discovery?

More specifically, we have the following objections to your response, which pursuant to Rule 37 and its corresponding Local Rules, we demand that you address immediately. We demand an immediate meet and confer conference or an immediate amended response. If we do not receive satisfactory responses by Thursday, October 7, 2015, we will move to compel proper responses.

Our very specific objections to your objections and responses are as follows:

1. Your claim that information which Rule 26(a)(1)(a) requires you to provide at the beginning of the case is protected by the attorney-client privilege or work product doctrine is patently frivolous. The substance of witnesses' testimony is not privileged. You claim that your Rule 26(a)(1)(a) statement sufficiently provided the "subjects of the information" about which the witnesses may testify is also frivolous. In each case you provided a "subject of information" so generic as to be meaningless. This is unacceptable under Rule 26, and a more fulsome response is required. More specifically, you have provided the following descriptions in your Rule 26 Statement:

(5) Officer Counts -   information regarding "observations of the scene of Jaquari Harris's death"
(6) Officer Curry -    information regarding "observations of the scene of Jaquari Harris's death"
(14) Officer Fuller -  information regarding "observations of the scene of Jaquari Harris's death"

This description is unacceptable. What observation of the scene might these officers testify about? What did they observe that may be relevant to the case?



(13) Officer Foley –        information regarding the "investigation of Jaquari Harris's death"
(17) Officer Hagemann-      information regarding the "investigation of Jaquari Harris's death"
(21) Officer Konrath –      information regarding the "investigation of Jaquari Harris's death"
(26) Officer Masuda –       information regarding the "investigation of Jaquari Harris's death"
(27) Detective Musial –     information regarding the "investigation of Jaquari Harris's death"
(37) Officer Wujick –       information regarding the "investigation of Jaquari Harris's death"
(38) Officer Young –        information regarding the "investigation of Jaquari Harris's death"

This description is unacceptable. What aspect of the investigation might these officers testify about? By your own admission, the investigation was multi-faceted. What role did these officers play in the investigation, about which they may testify?

(28) Officer Lampa –       information regarding his "report"
(29) Officer Proadzisz –   information regarding his "report"

This description is at least better, but still unacceptable. We have reviewed both the Lampa report (City454) and the Poradizisz report (City455). We cannot tell from either report the "subject matter" of the testimony that Officers Lampa or Proadzisz might give. The purpose of this exercise is to eliminate individuals whose depositions need not be taken. Hiding the ball in this manner does not advance that goal. Will either officer testify to any fact beyond the foundational facts that they either photographed or seized evidence inside the apartment?

(19) ASA Crumble-Jones – information regarding the "trial associated with" Nicole Harris's case
(34) ASA Somerville –    information regarding the "trial associated with" Nicole Harris's case

This description is unacceptable. What information regarding the trial might these ASAs testify about? What possible information from the trial – that could not be admitted through the trial transcript – is relevant to this case?

(11) ASA DeSanto –   information regarding "Plaintiff's second confession."

This description is unacceptable. What information regarding the second confession might this ASAs testify about?

Finally, with respect to request #1, we also reject your attempt to use Federal Rule of Civil Procedure 33(d) to meet your obligations under Rule 26(a)(1)(a) by directing us to documents you identify in your response. We have carefully reviewed each of the documents to which you have directed us, and with the arguable exception of the Lampa and Proadzisz reports identified above, these documents simply do not shed any light on the subject matters on which any of the witnesses identified above may testify. In short, we demand real answers in response to interrogatory #1.



2.	The response to number 2 is unacceptable.  We are entitled to know which of your witnesses are claiming that they heard Ms. Harris, Mr. Dancy, or Diante make a statement in the 50-hour period covered by May 14, May 15, and until 2:00 a.m. on May 16.  We are entitled to know the basic contents and foundation of statements that you intend to use against Ms. Harris, including who overheard, what they purportedly overheard, and where and when they purportedly overheard it.  We are permitted to ask these questions in a deposition, and therefore we are permitted to ask them in an interrogatory.  Such statements are not overbroad, not protected by the attorney-client or work product privileges, not compound (you only need to tell us about each statement once, provided that you simply identify after each statement each person who purportedly heard it; that is not compound).  Moreover, given the generic way in which the police reports are written, Plaintiff is unable to decipher who heard what when.  There are repeated instances in which 4 or even more detectives are identified as the R/Os, but not all such individuals were present for all applicable statements; therefore the attempt to use Rule 33(d) to answer this interrogatory fails.  We do agree, however, with your response that you are not at this time able to identify what "third-parties" may or may not have heard, but you can certainly respond for each of the officers and detectives who work or used to work under your control.

3.	See #2 above.

4.	Your response to this request is unacceptable.  You object on only two grounds.  First, you assert that you don't know what the words "analysis, assessment, or evaluation of CPD's polygraph unit" mean.  (Interestingly, you don't object to the word "review.")  We are not going to play word games with you.  These are common terms to be construed with common meaning.  You know what it means for CPD to undertake a review, assessment, or evaluation of a department or to conduct an analysis of a department.  If you put your hands on such a document and it does not fall within your understanding of those words, then we request you produce it to the Court for *in camera* review.  Otherwise, anything that does strike you as an analysis, assessment, evaluation, or review of that unit must be produced.  Second, you assert that any document that provides an analysis, review, assessment, or evaluation of CPD's polygraph unit in the past 15 years "may be" protected by the attorney-client privilege or attorney work product.  First of all, this is an interrogatory, not a document request.  So a request that you describe such documents cannot be met with a claim that the underlying documents may be privileged.  Indeed, any document you withhold on any purported ground of privilege must be described in detail in a privilege log, so you have no right to object to such a description in response to this interrogatory.  Second, you are simply wrong that any such documents will be privileged or work product.  If any such analyses, reviews, evaluations, or assessments were conducted internally by the Chicago Police Department, the documents are neither privileged nor work product.  If any such analyses, reviews, evaluations, or assessments were conducted by a non-lawyer outside consulting firm (hired by the Chicago Police Department for that purpose), the documents are neither privileged nor work product.  If any such analyses, reviews, evaluations, or assessments were conducted by an outside law firm (retained by the City of Chicago for that purpose), it is also highly unlikely that such report is privileged, but if you are going to assert that such a document is privileged, you must identify it with specificity, including the attorneys retained, the date of the report, and the basis on which you are asserting the report is privileged or work product.  These are all frivolous objections, and we have no doubt that the Court will view them as such as well.  We demand that all documents responsive to this interrogatory be identified immediately.

35 East Wacker Drive, Suite 3000 | Chicago, IL 60601
T (312) 676-5460   F (312) 676-5499
www.valoremlaw.com



5, 6, and 7 -- Your response to interrogatories 5, 6, and 7 are unacceptable. You appear to have three objections. The information is not relevant. The information sought is too broad. And the information "infringes on the privacy rights of third party non-litigants." We address each in turn. As you know, it is Plaintiff's position in this case that the CPD polygraph unit was improperly used by the CPD to obtain confessions from subjects (including Ms. Harris), who were misled as to the basis for, or results of, their respective polygraph exams. It is Plaintiff's position that the CPD polygraphers went outside the bounds of proper polygraphy and other police procedures in order to obtain confessions from suspects, including Ms. Harris. We are entitled to know who has worked in that unit, how they were trained (if at all), and what policies they operated under with respect to obtaining confessions. We are also entitled to know whether complaints were filed against them in this regard. This information is relevant under FRCP 26, FRE 404(b), and *Monell*. As for your claim that the interrogatory infringes on the rights of third parties, these police officers or former police officers are subject to the same investigatory scrutiny as any citizen. Any person who may have information relevant to the case may be subject to a subpoena for his or her testimony. If you don't want to provide their addresses and phone numbers despite the protective order in this case, so be it, but you are at least required to identify them and if you continue to refuse to provide information by which we may contact them, then you are responsible for producing them to be interviewed at a date and time to be agreed upon.

Thank you in advance for your cooperation in this regard; we look forward to a prompt response. If we do not hear from you by Thursday, October 8, 2015, we will move to compel the interrogatory responses wrongfully withheld. We will address the inadequacies in your responses to Ms. Harris' document requests under separate cover.

Sincerely,

VALOREM LAW GROUP, LLP
Stuart J. Chanen

cc: Harris Team