# EXHIBIT 6

To
**PLAINTIFF NICOLE HARRIS'S MOTION TO COMPEL DISCOVERY RESPONSES FROM THE CITY OF CHICAGO**

**November 2, 2015**

**Case No. 1:14-cv-4391**



Direct Dial: 312.676.5480
stuart.chanen_@valoremlaw.com

October 1, 2015

<u>Via E-Mail</u>

Mr. John Gibbons
Ms. Tiffany Forde
Mr. Kyle Flynn
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601

Re: *Harris v. City of Chicago, 14 cv 4391*

Dear John, Tiffany, and Kyle,

Yesterday, Nicole Harris's attorneys received your document entitled, "Response of City of Chicago to Plaintiff's Second Request for Production of Documents." We have carefully reviewed the Response, and find many of the answers and objections to be frivolous. As we indicated in other letter as well regarding interrogatories, we are especially dismayed by the lack of substantive response by the City given that you had 6-1/2 weeks to produce documents in response to our request, and you have not produced a single document.

More specifically, we have the following objections to your Response, which pursuant to Rule 37 and its corresponding Local Rules, we demand that you address immediately. Relatedly, in the soleinstance in which the City indicated that it would be producing documents (Requests #3), when will be receiving those documents? They were supposed to accompany your written response, which was, we thought, the reasons that you requested additional time. We need to have those documents and any other the Court may order by October 20, 2015, so that they may be reviewed in advance of depositions which begin as you know in the first week of November.

With respect to request number 3, you unilaterally and without explanation or objection changed the request from 2000-2015 to 2000-2005. (Perhaps it was a typographical error.) If it was not a typographical error, we reject your attempted unilateral modification because it is not supported by any objection in your response. We therefore expect that you will produce all responsive documents for the time period set forth in the original interrogatory.

Your response to request number 4 is frivolous. First, your claim that the request infringes on people's privacy rights must be rejected. These individuals are subject to the same investigatory scrutiny as any citizen. They are not free from being identified simply because they are former Chicago Police Officers. Any person who may have information relevant to the case may be subject to a subpoena for his or her testimony. Second, your assertion that the



request is oppressive and unduly burdensome is frivolous. CPD had a polygraph unit from January 1, 2000 to the present, and presumably it has kept records of which officers worked in that unit. We have every right to know who those people are. Third, your assertion that the request is not reasonably calculated to lead to the discovery of admissible evidence simply ignores what the case is about. We have every right to explore how that department operated during the time period identified and to ask people who worked there about how it operated.

Your response to request number 5 suffers from the same problems as number 4 above. Plaintiff has asserted that the CPD polygraph unit was improperly used by the CPD to obtain confessions from subjects misled as to the basis for, or results of, their polygraph exam. It is Plaintiff's position that the CPD polygraphers went outside the bounds of proper polygraphy and other police procedures in order to obtain confessions, including the coercion of numerous false confessions, such as Ms. Harris's. We are entitled to know what other complaints have made in this regard against CPD polygraphers. This information is relevant under FRCP 26, FRE 404(b), and *Monell*.

Thank you for responding to requests numbered 6, 7, and 8. In each case, you indicated that all responsive documents have been produced. For each of these three requests, please either direct us to those documents by bates number OR, if none exist, please indicate that none exist.

Thank you in advance for your cooperation in this regard, we look forward to hearing from you. If we do not hear from you by Thursday, October 8, 2015, we will move to compel the documents wrongfully withheld.

                          Sincerely,

                          VALOREM LAW GROUP, LLP
                          Stuart J. Chanen

cc:      Harris Team

35 East Wacker Drive, Suite 3000 | Chicago, IL 60601
T (312) 676-5460   F (312) 676-5499
www.valoremlaw.com