# EXHIBIT 11

To
**PLAINTIFF NICOLE HARRIS'S MOTION TO COMPEL DISCOVERY RESPONSES FROM THE CITY OF CHICAGO**

**November 2, 2015**

**Case No. 1:14-cv-4391**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICOLE HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:14-cv-04391 |
| | ) | |
| CITY OF CHICAGO, Chicago Police | ) | Hon. John W. Darrah |
| Officers ROBERT BARTIK, #3078; | ) | |
| DEMOSTHENES BALODIMAS, | ) | |
| #21204, ROBERT CORDARO, #20680, | ) | |
| JOHN J. DAY, #20926, JAMES M. | ) | Hon. Mag. Susan E. Cox |
| KELLY, #21121, MICHAEL | ) | |
| LANDANDO, #20417, ANTHONY | ) | |
| NORADIN, #21252, and RANDALL | ) | |
| WO, #20232; Assistant Cook County | ) | |
| State's Attorneys ANDREA GROGAN | ) | |
| and LAWRENCE O'REILLY; and the | ) | |
| COUNTY OF COOK, | ) | |
| | ) | |
| Defendants. | ) | |

## CITY OF CHICAGO'S SUPPLEMTNAL ANSWERS AND OBJECTIONS TO NICOLE HARRIS' FIRST SET OF INTERROGATORIES

Defendant, City of Chicago (the "City"), by and through its attorneys, submits the following supplemental answers and objections to Plaintiff Nicole Harris' ("Plaintiff") First Set of Interrogatories pursuant to Federal Rule of Civil Procedure 33.

### PRELIMINARY STATEMENT

The answers set forth below are submitted subject to the objections set forth herein, and are based upon the current knowledge of the City. The City expressly reserves the right to assert such additional or different answers as may be appropriate in light of further ongoing discovery and/or investigation, and reserves the right to introduce at trial, or at any other proceeding, any information discovered after the date of these answers.

## GENERAL OBJECTIONS

1. The City objects to the interrogatories to the extent they purport to impose on the City any obligations beyond those required by the Federal Rules of Civil Procedure, the Northern District of Illinois Local Rules, and applicable case law.

2. The City objects to each interrogatory, definition and/or instruction to the extent they seek information protected by the attorney-client, work product and/or other applicable privileges.

3. The City objects to any interrogatory that seeks information which: (a) is not in the City's possession, custody or control; or (b) is already in Plaintiff's possession, custody or control.

4. The City objects to the interrogatories to the extent they are overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and because they are not limited to the relevant time period.

5. The City objects to the interrogatories to the extent they are vague, ambiguous and/or otherwise incapable of reasonable ascertainment.

6. The City objects to the interrogatories to the extent that they call for legal conclusions.

7. The City objects to the interrogatories to the extent they are redundant and duplicative.

8. The City has endeavored to answer the interrogatories subject to its interpretation of the interrogatories. If Plaintiff asserts a different interpretation, the City reserves the right to amend its answers to conform to that alternate interpretation.

9.  The City states that investigation into its answers to the interrogatories is ongoing, and reserves the right, but undertakes no obligation beyond that required by the applicable rules, to supplement these answers as additional information and documentation become available.

10. The City objects on the ground that its original responses served on September 29, 2015 fully satisfied its discovery obligations under all applicable discovery rules.

11. To avoid duplication and repetition of stating each General Objection in each and every answer to the interrogatories, each of these General Objections are incorporated into each of the answers set forth below and the answers are made without waiver of any of these General Objections. Further objections may be specifically referred to in response to certain of the answers to the interrogatories for purposes of clarity or emphasis, but by doing so, the City is not waiving any of the General Objections.

## SUPPLEMENTAL INTERROGATORY ANSWERS

1. The following persons are not sufficiently identified in your Rule 26(a)(1) statement. For each person listed below, please provide a specific description of the subject matters on which he or she may testify, i.e., sufficient enough for Plaintiff to identify with precision the role that the individual played with respect to Ms. Harris's arrest, purported confession, purported investigation into the death of her son, and/or her being charged or convicted for the same.

   (A) Officer Jill Counts
   (B) Officer J. Curry
   (C) Deborah DeSanto
   (D) Officer Patrick Foley
   (E) Officer John Fuller
   (F) Detective Kurt D. Hagemann
   (G) Gina Crumble-Jones
   (H) Officer Robert Konrath
   (I) Thomas Lampa
   (J) Officer Patrick Masuda
   (K) Detective Charity T. Musial
   (L) G. Poradzisz
   (M) Investigator G. Poradzisz
   (N) John Somerville
   (O) Officer Darlene Wujick
   (P) Detective Arthur M. Young

**ANSWER**: Objection. This interrogatory may call for information protected by the attorney-client privilege and/or work product doctrine. The City further objects on the ground that this Interrogatory calls for speculation in that the City cannot say for certainty how third-parties will testify at trial. The City objects on the ground that it maintains that its Rule 26 disclosures and initial interrogatory responses satisfied its obligations under all applicable discovery rules.

Subject to and without waiving the foregoing objections, the City refers Plaintiff to its Rule 26 disclosures served on September 22, 2014 and incorporates those responses as if fully set forth herein. The City further responds as follows:

> (A) Officer Jill Counts was an investigator at the scene of the death of Jaquari Dancy. She was present in Plaintiff's residence and the children's room, and may testify about her observations relating thereto.

> (B) Officer J. Curry may testify regarding guarding the death investigation scene at 2004 N. Laporte Avenue, and the protection of the crime scene for the responding detectives.

> (C) Deborah DeSanto, may testify about witnessing Plaintiff's videotaped investigation on May 16, 2005 including but not limited to what questions were posed to her, how Plaintiff responded to the questions, Plaintiff's demeanor, and the process of videotaping her deposition.

> (D) Officer Patrick Foley may testify regarding the investigation of Jaquari Dancy's death on May 14, 2005, which resulted in Plaintiff's arrest, confession and subsequent conviction, including his role as reporting officer regarding Dr. Denton's autopsy of Jaquari Dancy on May 15, 2005.

> (E) Officer John Fuller may testify about his observations at the scene of the death of Jaquari Dancy and Polaroid photographs that he took of the apartment where Jaquari's body was found, including the children's bedroom.

> (F) Detective Kurt D. Hagemann may testify regarding the investigation of Jaquari Dancy's death on May 14, 2005, which resulted in Plaintiff's arrest, confession and subsequent conviction. Detective Hagermann may testify about the investigation into

Nicole Harris's statements regarding Sta-von Dancy and the events of May 14, 2005 related to the death of her child, Sta-von Dancy's statements regarding the events of May 14, 2005 related to the death of his child, Alexis Fultis' statements regarding the events of May 14, 2005, and Dinajia Arnold's statements regarding the events of May 14, 2005 related to her observations of Plaintiff's corporal punishment of Jaquari and Diante Dancy.

(G) Gina Crumble-Jones, Office of the Cook County State's Attorney may testify about her role as a trial attorney in *People v. Nicole Harris*, 05 CR 14415-01, the strength of Plaintiff's confession, the State's Attorneys successful efforts to exclude the testimony of Diante Dancy and the evidence that the State's Attorney presented at trial.

(H) Officer Robert Konrath may testify regarding the investigation of Jaquari Dancy's death on May 14, 2005, which resulted in Plaintiff's arrest, confession and subsequent conviction, including his role in reviewing and approving a police report pertaining to the polygraph examination of Nicole Harris.

(I) Thomas Lampa may testify consistent with his report dated May 14, 2005, and regarding any other involvement he had relating to the facts and circumstances described in Plaintiff's complaint, including his role as "Reporting Technician" regarding items inventoried from the investigation of the death investigation scene, including a computer, a blanket, and two bed sheets.

(J) Officer Patrick Masuda may testify regarding the investigation of Jaquari Dancy's death on May 14, 2005, which resulted in Plaintiff's arrest, confession and subsequent conviction, including his May 18, 2005 report regarding the various individuals involved in the investigation of Jaquari Dancy's death.

(K) Detective Charity T. Musial may testify that she transported Diante Dancy to Our Lady of Resurrection for a physical examination and any discussions she had with Diante Dancy during this ride and any observations of his demeanor. Detective Musial may testify about the investigation into Nicole Harris's statements regarding Sta-von Dancy and the events of May 14, 2005 related to the death of her child, Sta-von Dancy's statements regarding the events of May 14, 2005 related to the death of his child, Alexis Fultis' statements regarding the events of May 14, 2005, and Dinajia Arnold's statements regarding the events of May 14, 2005 related to her observations of Plaintiff's corporal punishment of Jaquari and Diante Dancy.

(L) G. Poradzisz may testify about processing Plaintiff's vehicle for evidence.

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

(M) Investigator G. Poradzisz may testify about processing Plaintiff's vehicle for evidence.

(N) John Somerville, Office of the Cook County State's Attorney may testify about his role as a trial attorney in *People v. Nicole Harris*, 05 CR 14415-01, the strength of Plaintiff's confession, the State's Attorneys successful efforts to exclude the testimony of Diante Dancy and the evidence that the State's Attorney presented at trial.

(O) Officer Darlene Wujick may testify regarding the investigation of Jaquari Harris's death on May 14, 2005, which resulted in Plaintiff's arrest, confession and subsequent conviction, including her role as "Approving Supervisor." Officer Wujick may testify about the investigation into Nicole Harris's statements regarding Sta-von Dancy and the events of May 14, 2005 related to the death of her child, Sta-von Dancy's statements regarding the events of May 14, 2005 related to the death of his child, Alexis Fultis' statements regarding the events of May 14, 2005, and Dinajia Arnold's statements regarding the events of May 14, 2005 related to her observations of Plaintiff's corporal punishment of Jaquari and Diante Dancy.

(P) Detective Arthur M. Young may testify may testify that he transported Diante Dancy to Our Lady of Resurrection for a physical examination and any discussions he had with Diante Dancy during this ride and any observations of his demeanor. Detective Young may testify about the investigation into Nicole Harris's statements regarding Sta-von Dancy and the events of May 14, 2005 related to the death of her child, Sta-von Dancy's statements regarding the events of May 14, 2005 related to the death of his child, Alexis Fultis' statements regarding the events of May 14, 2005, and Dinajia Arnold's statements regarding the events of May 14, 2005 related to her observations of Plaintiff's corporal punishment of Jaquari and Diante Dancy.

2. Identify with specificity each witness on your Federal Rule of Civil Procedure 26(a)(1) list who may testify that they heard or observed a statement or may testify as to personal knowledge regarding a statement of any kind from any of the following three people on May 14, 15, or until 2:00 a.m. on May 16, 2005. Please provide a separate list for each of the three people listed below, and for each witness you identify, state whether the statement was heard or observed, the date and time such statement was heard or observed, the substance of any statement heard or observed, and the names and contact information of all persons present at the time the statement was heard or observed.

(A) Nicole Harris;
(B) Sta-Von Dancy; and
(C) Diante Dancy

**ANSWER**: Objection. This interrogatory is overly broad in scope, rendering response to this interrogatory oppressive and unduly burdensome. In addition, this interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine. The City further objects to the form of this Interrogatory as being compound. Moreover, the City cannot identify with any specificity what third parties "may testify that they heard or observed."

Subject to and without waiving the foregoing objections, and pursuant to Rule 33(d), the City responds as follows:

| Witness | Description |
|---|---|
| Demosthenes Balodimas | Demosthenes Balodimas may have heard or observed a statement made by Nicole Harris, Sta-Von Dancy, or Diante Dancy during the Chicago Police Department's investigation of the death of Jaquari Dancy, reflected in documents produced by the City bates numbered CITY0000371-CITY0000385, CITY0000399, CITY0000401-0000404, and CITY0000548-0000555, including statements made by Nicole Harris regarding the events of May 14, 2005 related to the death of her son, statements made during her polygraph examination, Nicole Harris's confession that she murdered Jaquari Dancy, and Sta-Von Dancy's statements regarding the events of May 14, 2005 related to the death of his son. |
| Robert Bartik | Robert Bartik may have heard or observed a statement made by Nicole Harris or Sta-Von Dancy during the Chicago Police Department's investigation of the death of Jaquari Dancy, reflected in documents produced by the City bates numbered CITY0000371-CITY0000385 and CITY0000571-0000579, including statements made by Nicole Harris before, during, and after the polygraph examination administered by Mr. Bartik. |
| Robert Cordaro | Robert Cordaro may have heard or observed a statement made by Nicole Harris or Sta-Von Dancy during the Chicago Police Department's investigation of the death of Jaquari Dancy, reflected in documents produced by the City bates numbered CITY0000371-CITY0000385 and CITY0000556-CITY0000570, including statements made by Nicole Harris regarding the events of May 14, 2005 related to the death of her son, her polygraph examination, Nicole Harris's confession that she murdered Jaquari Dancy, and Sta-Von Dancy's statements regarding the events of May 14, 2005 related to the death of his son. |
| John J. Day | John J. Day may have heard or observed a statement made by Nicole Harris or Sta-Von Dancy during the Chicago Police Department's investigation of the death of Jaquari Dancy, reflected in documents |

| | |
|---|---|
| | produced by the City bates numbered CITY0000371-CITY0000385, CITY0000386-0000396, CITY0000401-0000404, CITY0000412-0000413, and CITY0000424, from statements made during the interviews of Nicole Harris and Sta-Von Dancy conducted by Mr. Day on May 14-15, 2005 including statements made by Nicole Harris regarding the events of May 14, 2005 related to the death of her son, her polygraph examination, Nicole Harris's confession that she murdered Jaquari Dancy, and Sta-Von Dancy's statements regarding the events of May 14, 2005 related to the death of his son. |
| Deborah DeSanto | Deborah DeSanto may have heard or observed a statement made by Nicole Harris during the Chicago Police Department's investigation of the death of Jaquari Dancy, reflected in documents produced by the City bates numbered CITY0000385 and CITY0000570, including statements made by Nicole Harris during her videotaped statement on May 16, 2005. |
| James M. Kelly | James M. Kelly may have heard or observed a statement made by Nicole Harris or Sta-Von Dancy during the Chicago Police Department's investigation of the death of Jaquari Dancy, reflected in documents produced by the City bates numbered CITY0000371-CITY0000385, CITY0000401-0000404, CITY0000423, and CITY0000548-0000555, from statements made during the interviews of Nicole Harris and Sta-Von Dancy conducted by Mr. Kelly on May 14, 2005, including statements made by Nicole Harris regarding the events of May 14, 2005 related to the death of her son, her polygraph examination, Nicole Harris's confession that she murdered Jaquari Dancy, and Sta-Von Dancy's statements regarding the events of May 14, 2005 related to the death of his son. |
| Officer Robert Konrath | Officer Robert Konrath may have heard or observed a statement made by Nicole Harris during the Chicago Police Department's investigation of the death of Jaquari Dancy, reflected in documents produced by the City bates numbered CITY0000540, including statements from Nicole Harris regarding her polygraph examination. |
| Michael Landando | Michael Landando may have heard or observed a statement made by Nicole Harris or Sta-Von Dancy during the Chicago Police Department's investigation of the death of Jaquari Dancy, reflected in documents produced by the City bates numbered CITY0000371-CITY0000385, CITY 00000399, and CITY0000548-0000555 including statements made by Nicole Harris regarding the events of May 14, 2005 related to the death of her son, her polygraph examination, Nicole Harris's confession that she murdered Jaquari Dancy, and Sta-Von Dancy's statements regarding the events of May 14, 2005 related to the death of his son. |
| Officer Hector A. Lopez | Officer Hector A. Lopez may have heard or observed a statement made by Nicole Harris, Sta-Von Dancy, or Diante Dancy during the Chicago Police Department's investigation of the death of Jaquari Dancy, reflected in documents produced by the City bates numbered |

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

|  | CITY0000386-CITY0000394, including statements made by Sta-Von Dancy during the interview conducted by Mr. Lopez on May 14, 2005. |
|---|---|
| Detective Charity T. Musial | Detective Charity T. Musial may have heard or observed a statement made by Diante Dancy during her transportation of Diante Dancy, reflected in documents produced by the City bates numbered CITY0000548-0000555. |
| Anthony Noradin | Anthony Noradin may have heard or observed a statement made by Nicole Harris, Sta-Von Dancy, or Diante Dancy during the Chicago Police Department's investigation of the death of Jaquari Dancy, reflected in documents produced by the City bates numbered CITY0000371-CITY0000385, CITY0000386-CITY0000394, CITY0000401-0000404, CITY0000406-0000407, CITY0000412-0000425 and CITY0000548-CITY0000555, from statements made during the interviews of Nicole Harris and Sta-Von Dancy conducted by Mr. Noradin on May 14-15, 2005, and the videotaped statement of Nicole Harris on May 16, 2005, including statements by Nicole Harris regarding the events of May 14, 2005 related to the death of her son, her polygraph examination, Nicole Harris's confession that she murdered Jaquari Dancy, and Sta-Von Dancy's statements regarding the events of May 14, 2005 related to the death of his son. |
| Randall Wo | Randall Wo may have heard or observed a statement made by Nicole Harris, Sta-Von Dancy, or Diante Dancy during the Chicago Police Department's investigation of the death of Jaquari Dancy, reflected in documents produced by the City bates numbered CITY0000371-CITY0000393, CITY0000401-0000404, CITY0000406-0000407, CITY0000412-0000425, and CITY0000433-CITY0000443, from statements made during the interviews of Nicole Harris and Sta-Von Dancy conducted by Mr. Wo on May 14, 2005, and Sta-Von Dancy's interview conducted by Assistant State's Attorney Andrea Grogan on May 16, 2005 including statements made by Nicole Harris regarding the events of May 14, 2005 related to the death of her son, her polygraph examination, Nicole Harris's confession that she murdered Jaquari Dancy, and Sta-Von Dancy's statements regarding the events of May 14, 2005 related to the death of his son. |
| Detective Arthur M. Young | Detective Arthur M. Young may have heard or observed a statement made by Diante Dancy during his transportation of Diante Dancy, reflected in documents produced by the City bates numbered CITY0000548-0000555. |

3. Identify with specificity each witness on your Federal Rule of Civil Procedure 26(a)(1) list who may testify that they observed the demeanor of any of the following three people on May 14, 15, or until 2:00 a.m. on May 16, 2005. Please provide a separate list for each of the three people listed below, and for each witness you identify, state the demeanor of the person

- 9 -
GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

observed, the date and time the demeanor was observed, and the names and contact information of all persons present at the time the demeanor was observed.

    (A) Nicole Harris;
    (B) Sta-Von Dancy; and
    (C) Diante Dancy

**ANSWER**: Objection. Vague and ambiguous as to the term "demeanor" and "observation of the demeanor" in that said terms are subject to multiple interpretations, rendering response to this Request impossible without speculation. This interrogatory is overly broad in scope, rendering response to this Interrogatory oppressive and unduly burdensome. In addition, this interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine. The City further objects to the form of this Interrogatory as being compound. Moreover, response to this interrogatory calls for speculation because the City cannot identify with any specificity what third parties "may testify that they heard or observed."

| Witness | Description |
|---|---|
| Demosthenes Balodimas | Demosthenes Balodimas may have observed the demeanor of Nicole Harris, Sta-Von Dancy, or Diante Dancy during the Chicago Police Department's investigation of the death of Jaquari Dancy, reflected in documents produced by the City bates numbered CITY0000371-CITY0000385, CITY0000399, CITY0000401-0000404, and CITY0000548-0000555. |
| Robert Bartik | Robert Bartik may have observed the demeanor of Nicole Harris or Sta-Von Dancy during the Chicago Police Department's investigation of the death of Jaquari Dancy, reflected in documents produced by the City bates numbered CITY0000371-CITY0000385 and CITY0000571-0000579. |
| Robert Cordaro | Robert Cordaro may have observed the demeanor of Nicole Harris or Sta-Von Dancy during the Chicago Police Department's investigation of the death of Jaquari Dancy, reflected in documents produced by the City bates numbered CITY0000371-CITY0000385 and CITY0000556-CITY0000570. |
| John J. Day | John J. Day may have observed the demeanor of Nicole Harris or Sta-Von Dancy during the Chicago Police Department's investigation of the death of Jaquari Dancy, reflected in documents produced by the City bates numbered CITY0000371-CITY0000385, CITY0000386-0000396, CITY0000401-0000404, CITY0000412-0000413, and CITY0000424. |

| Deborah DeSanto | Deborah DeSanto may have observed the demeanor of Nicole Harris during the Chicago Police Department's investigation of the death of Jaquari Dancy, reflected in documents produced by the City bates numbered CITY0000385 and CITY0000570. |
|---|---|
| James M. Kelly | James M. Kelly may have observed the demeanor of Nicole Harris or Sta-Von Dancy during the Chicago Police Department's investigation of the death of Jaquari Dancy, reflected in documents produced by the City bates numbered CITY0000371-CITY0000385, CITY0000401-0000404, CITY0000423, and CITY0000548-0000555. |
| Officer Robert Konrath | Officer Robert Konrath may have observed the demeanor of Nicole Harris during the Chicago Police Department's investigation of the death of Jaquari Dancy, reflected in documents produced by the City bates numbered CITY0000540. |
| Michael Landando | Michael Landando may have observed the demeanor of Nicole Harris or Sta-Von Dancy during the Chicago Police Department's investigation of the death of Jaquari Dancy, reflected in documents produced by the City bates numbered CITY0000371-CITY0000385, CITY 00000399, and CITY0000548-0000555. |
| Officer Hector A. Lopez | Officer Hector A. Lopez may have observed the demeanor of Nicole Harris, Sta-Von Dancy, or Diante Dancy during the Chicago Police Department's investigation of the death of Jaquari Dancy, reflected in documents produced by the City bates numbered CITY0000386-CITY0000394. |
| Detective Charity T. Musial | Detective Charity T. Musial may have observed the demeanor of Diante Dancy during her transportation of Diante Dancy, reflected in documents produced by the City bates numbered CITY0000548-0000555. |
| Anthony Noradin | Anthony Noradin may have observed the demeanor of Nicole Harris, Sta-Von Dancy, or Diante Dancy during the Chicago Police Department's investigation of the death of Jaquari Dancy, reflected in documents produced by the City bates numbered CITY0000371-CITY0000385, CITY0000386-CITY0000394, CITY0000401-0000404, CITY0000406-0000407, CITY0000412-0000425 and CITY0000548-CITY0000555. |
| Randall Wo | Randall Wo may have observed the demeanor of Nicole Harris, Sta-Von Dancy, or Diante Dancy during the Chicago Police Department's investigation of the death of Jaquari Dancy, reflected in documents produced by the City bates numbered CITY0000371-CITY0000393, CITY0000401-0000404, CITY0000406-0000407, CITY0000412-0000425, and CITY0000433-CITY0000443. |
| Detective Arthur M. Young | Detective Arthur M. Young may have observed the demeanor of Diante Dancy during his transportation of Diante Dancy, reflected in documents produced by the City bates numbered CITY0000548-0000555. |

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

Dated: October 12, 2015

_____
One of the Attorneys for Defendant,
CITY OF CHICAGO

John F. Gibbons (Attorney No. 6190493)
Tiffany S. Fordyce (Attorney No. 235063)
Kyle L. Flynn (Attorney No. 6312817)
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
T: (312) 456-8400
F: (312) 456-8435
gibbonsj@gtlaw.com
fordycet@gtlaw.com
flynnk@gtlaw.com

## **CERTIFICATE OF SERVICE**

    I, Kyle L. Flynn, certify that on October 12, 2015, true and correct copies of the **City of Chicago's Supplemental Answers and Objections to Nicole Harris' First Set of Interrogatories** served by email and U.S. Mail, postage pre-paid, upon the following parties in the case:

| | |
|---|---|
| J. Samuel Tenenbaum<br>Bluhm Legal Clinic<br>357 East Chicago Avenue<br>Chicago, IL 60611 | Joey L. Mogul<br>Janine L. Hoft<br>Janis M. Susler<br>People's Law Office<br>1180 N. Milwaukee<br>Chicago, IL 60622 |
| Margot Klein<br>Nicole Nehama Auerbach<br>Stuart Jay Chanen<br>Valorem Law Group<br>35 East Wacker Drive<br>3000<br>Chicago, IL 60601 | Andrew M. Hale<br>Avi T. Kamionski<br>Jennifer Bitoy<br>Shneur Z. Nathan<br>Hale Law LLC<br>53 W. Jackson Blvd.<br>Suite 330<br>Chicago, IL 60604 |

_/s/ Kyle Flynn_
Kyle Flynn