# EXHIBIT 13

To
**PLAINTIFF NICOLE HARRIS'S MOTION TO COMPEL DISCOVERY
RESPONSES FROM THE CITY OF CHICAGO**

**November 2, 2015**

**Case No. 1:14-cv-4391**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICOLE HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:14-cv-04391 |
| ) | |
| CITY OF CHICAGO, Chicago Police ) | Hon. John W. Darrah |
| Officers ROBERT BARTIK, #3078; ) | |
| DEMOSTHENES BALODIMAS, ) | |
| #21204, ROBERT CORDARO, #20680, ) | |
| JOHN J. DAY, #20926, JAMES M. ) | Hon. Mag. Susan E. Cox |
| KELLY, #21121, MICHAEL ) | |
| LANDANDO, #20417, ANTHONY ) | |
| NORADIN, #21252, and RANDALL ) | |
| WO, #20232; Assistant Cook County ) | |
| State's Attorneys ANDREA GROGAN ) | |
| and LAWRENCE O'REILLY; and the ) | |
| COUNTY OF COOK, ) | |
| ) | |
| Defendants. ) | |

### CITY OF CHICAGO'S SECOND SUPPLEMTNAL ANSWERS AND OBJECTIONS TO NICOLE HARRIS' FIRST SET OF INTERROGATORIES

Defendant, City of Chicago (the "City"), by and through its attorneys, submits the following supplemental answers and objections to Plaintiff Nicole Harris' ("Plaintiff") First Set of Interrogatories pursuant to Federal Rule of Civil Procedure 33.

### PRELIMINARY STATEMENT

The answers set forth below are submitted subject to the objections set forth herein, and are based upon the current knowledge of the City. The City expressly reserves the right to assert such additional or different answers as may be appropriate in light of further ongoing discovery and/or investigation, and reserves the right to introduce at trial, or at any other proceeding, any information discovered after the date of these answers.

## GENERAL OBJECTIONS

1. The City objects to the interrogatories to the extent they purport to impose on the City any obligations beyond those required by the Federal Rules of Civil Procedure, the Northern District of Illinois Local Rules, and applicable case law.

2. The City objects to each interrogatory, definition and/or instruction to the extent they seek information protected by the attorney-client, work product and/or other applicable privileges.

3. The City objects to any interrogatory that seeks information which: (a) is not in the City's possession, custody or control; or (b) is already in Plaintiff's possession, custody or control.

4. The City objects to the interrogatories to the extent they are overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and because they are not limited to the relevant time period.

5. The City objects to the interrogatories to the extent they are vague, ambiguous and/or otherwise incapable of reasonable ascertainment.

6. The City objects to the interrogatories to the extent that they call for legal conclusions.

7. The City objects to the interrogatories to the extent they are redundant and duplicative.

8. The City has endeavored to answer the interrogatories subject to its interpretation of the interrogatories. If Plaintiff asserts a different interpretation, the City reserves the right to amend its answers to conform to that alternate interpretation.

9. The City states that investigation into its answers to the interrogatories is ongoing, and reserves the right, but undertakes no obligation beyond that required by the applicable rules, to supplement these answers as additional information and documentation become available.

10. The City objects on the ground that its original responses served on September 29, 2015 fully satisfied its discovery obligations under all applicable discovery rules.

11. To avoid duplication and repetition of stating each General Objection in each and every answer to the interrogatories, each of these General Objections are incorporated into each of the answers set forth below and the answers are made without waiver of any of these General Objections. Further objections may be specifically referred to in response to certain of the answers to the interrogatories for purposes of clarity or emphasis, but by doing so, the City is not waiving any of the General Objections.

## SUPPLEMENTAL INTERROGATORY ANSWERS

5. Identify by name, title, address and phone number each person who worked in the Chicago Police Department polygraph unit and each person who directly supervised anyone in the polygraph unit from January 1, 2000 to the present. For any person who conducted polygraph examinations during that time, please place an asterisk next to that person's name.

**ANSWER**: Objection. This Interrogatory is overly broad in time and scope, rendering response to this Interrogatory oppressive and unduly burdensome. The City further objects to Interrogatory No. 5 because it is not reasonably calculated to lead to the discovery of admissible evidence ("Irrelevant"). Moreover, response to this Interrogatory infringes upon the privacy rights of third party non-litigants.

Answering further, the following individuals were employed as polygraph examiners at the Chicago Police Department from 2000-2005:

- Sergeant Robert Bartik
- Detective Tina Figueroa-Mitchell

- 3 -

- 4 -

- Detective Kevin Howley

- Police Officer Robert Tovar

7. Explain the manner in which witnesses or suspects were assigned to a particular polygraph examiner, including but not limited to any policies that address or relate to any procedure to request a polygraph examination from January 1, 2000 to the present.

**ANSWER**: Objection. Irrelevant. This Interrogatory is overly broad, rendering an answer to this Interrogatory oppressive and unduly burdensome. In addition, an answer to this Interrogatory infringes upon privacy rights of third-party non-litigants.

Answering further, the assignment of a polygraph examiner is based on the availability of personnel on a rotational basis. Polygraph personnel are requested via telephone or most recently through polygraph@chicagopolice.org.

Dated: October 20, 2015

One of the Attorneys for Defendant,
CITY OF CHICAGO

John F. Gibbons (Attorney No. 6190493)
Tiffany S. Fordyce (Attorney No. 235063)
Kyle L. Flynn (Attorney No. 6312817)
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
T: (312) 456-8400
F: (312) 456-8435
gibbonsj@gtlaw.com
fordycet@gtlaw.com
flynnk@gtlaw.com

## CERTIFICATE OF SERVICE

I, Kyle L. Flynn, certify that on October 20, 2015, true and correct copies of the **City of Chicago's Second Supplemental Answers and Objections to Nicole Harris' First Set of Interrogatories** served by email and U.S. Mail, postage pre-paid, upon the following parties in the case:

| | |
|---|---|
| J. Samuel Tenenbaum<br>Bluhm Legal Clinic<br>357 East Chicago Avenue<br>Chicago, IL 60611 | Joey L. Mogul<br>Janine L. Hoft<br>Janis M. Susler<br>People's Law Office<br>1180 N. Milwaukee<br>Chicago, IL 60622 |
| Margot Klein<br>Nicole Nehama Auerbach<br>Stuart Jay Chanen<br>Valorem Law Group<br>35 East Wacker Drive<br>3000<br>Chicago, IL 60601 | Andrew M. Hale<br>Avi T. Kamionski<br>Jennifer Bitoy<br>Shneur Z. Nathan<br>Hale Law LLC<br>53 W. Jackson Blvd.<br>Suite 330<br>Chicago, IL 60604 |

Kyle Flynn