# EXHIBIT 14

To
**PLAINTIFF NICOLE HARRIS'S MOTION TO COMPEL DISCOVERY
RESPONSES FROM THE CITY OF CHICAGO**

**November 2, 2015**

**Case No. 1:14-cv-4391**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICOLE HARRIS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF CHICAGO, Chicago Police ) <br> Officers ROBERT BARTIK, #3078; ) <br> DEMOSTHENES BALODIMAS, ) <br> #21204, ROBERT CORDARO, #20680, ) <br> JOHN J. DAY, #20926, JAMES M. ) <br> KELLY, #21121, MICHAEL ) <br> LANDANDO, #20417, ANTHONY ) <br> NORADIN, #21252, and RANDALL ) <br> WO, #20232; Assistant Cook County ) <br> State's Attorneys ANDREA GROGAN ) <br> and LAWRENCE O'REILLY; and the ) <br> COUNTY OF COOK, ) <br> ) <br> Defendants. ) | No. 1:14-cv-04391 <br><br> Hon. John W. Darrah <br><br> Hon. Mag. Susan E. Cox |

### CITY OF CHICAGO'S THIRD SUPPLEMENTAL ANSWERS AND OBJECTIONS TO NICOLE HARRIS' FIRST SET OF INTERROGATORIES

Defendant, City of Chicago (the "City"), by and through its attorneys, submits the following supplemental answers and objections to Plaintiff Nicole Harris' ("Plaintiff") First Set of Interrogatories pursuant to Federal Rule of Civil Procedure 33.

### PRELIMINARY STATEMENT

The answers set forth below are submitted subject to the objections set forth herein, and are based upon the current knowledge of the City. The City expressly reserves the right to assert such additional or different answers as may be appropriate in light of further ongoing discovery and/or investigation, and reserves the right to introduce at trial, or at any other proceeding, any information discovered after the date of these answers.

## **GENERAL OBJECTIONS**

1. The City objects to the interrogatories to the extent they purport to impose on the City any obligation beyond those required by the Federal Rules of Civil Procedure, the Northern District of Illinois Local Rules, and applicable case law.

2. The City objects to each interrogatory, definition and/or instruction to the extent they seek information protected by the attorney-client privilege, work product doctrine and/or other applicable privileges.

3. The City objects to any interrogatory that seeks information which: (a) is not in the City's possession, custody or control; or (b) is already in Plaintiff's possession, custody or control.

4. The City objects to the interrogatories to the extent they are overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and because they are not limited to the relevant time period.

5. The City objects to the interrogatories to the extent they are vague, ambiguous and/or otherwise incapable of reasonable ascertainment.

6. The City objects to the interrogatories to the extent that they call for legal conclusions.

7. The City objects to the interrogatories to the extent they are redundant and duplicative.

8. The City has endeavored to answer the interrogatories subject to its interpretation of the interrogatories. If Plaintiff asserts a different interpretation, the City reserves the right to amend its answers to conform to that alternate interpretation.

9. The City states that investigation into its answers to the interrogatories is ongoing, and reserves the right, but undertakes no obligation beyond that required by the applicable rules, to supplement these answers as additional information and documentation become available.

10. The City objects on the ground that its original responses served on September 29, 2015 fully satisfied its discovery obligations under all applicable discovery rules.

11. To avoid duplication and repetition of stating each General Objection in each and every answer to the interrogatories, each of these General Objections are incorporated into each of the answers set forth below and the answers are made without waiver of any of these General Objections. Further objections may be specifically referred to in response to certain of the answers to the interrogatories for purposes of clarity or emphasis, but by doing so, the City is not waiving any of the General Objections.

## SUPPLEMENTAL INTERROGATORY ANSWERS

4. Describe with specificity all analyses, reviews, assessments or evaluations of the Chicago Police Department polygraph unit and/or its polygraph examiners from January 1, 2000 to the present, including but not limited to the dates of such analyses, reviews, assessments or evaluations, by whom they were conducted, and the results of each analysis, review, assessment or evaluation.

**ANSWER**: Objection. Vague and ambiguous as to the terms "reviews," "analyses," "assessments," and "evaluations" in that said terms are subject to multiple interpretations, rendering response to this Interrogatory impossible without speculation. This Interrogatory is also overly broad in time and scope, rendering an answer to this Interrogatory oppressive and unduly burdensome. In addition, this Interrogatory may call for documents protected by the attorney-client privilege and/or work product doctrine.

Pursuant to Federal Rule of Civil Procedure 33(d), the City directs Plaintiff to documents produced by the City bates numbered CITY0001631-CITY0001633, which contain information

related to analyses, reviews, assessments or evaluations of Chicago Police Department polygraph examiners from 2000 to 2005. The City reserves the right to supplement this, and any additional discovery request, at a later date if additional information becomes available.

6. Identify by name, title, address and phone number each polygraph examiner who was disciplined, the subject of a complaint, or sued for conduct alleged to have been in connection with any aspect of a polygraph examination, including but not limited to pre- and post-examination interrogation or discussion with anyone working in the polygraph unit, from January 1, 2000 to the present.

**ANSWER**: Objection. Irrelevant. This Interrogatory is overly broad in time and scope rendering an answer to this Interrogatory oppressive and unduly burdensome. Further, the City objects as this Interrogatory calls for information that the City is obligated not to produce under contractual obligations related to complaints filed against employees of the City of Chicago Police Department. Moreover, an answer to this Interrogatory infringes upon the privacy rights of third party non-litigants.

Answering further, Pursuant to Federal Rule of Civil Procedure 33(d), the City states that from 2010-present, Detective Tina Figueroa-Mitchell, Detective Kevin Howley, nor Police Officer Robert Tovar, have been disciplined, subject to a complaint, or sued for conduct alleged to have been in connection with a polygraph examination. Additionally, for the timeframe of 2010-present, Plaintiff Robert Bartik is currently the subject of a complaint filed in 2014, and a complaint filed in 2015. Any additional information related to these complaints cannot be disclosed as the files have not been closed and the investigations continue. Further, Bartik has been sued in this action in connection with his role as a polygraph examiner.

Dated: October 23, 2015

One of the Attorneys for Defendant,
CITY OF CHICAGO

John F. Gibbons (Attorney No. 6190493)
Tiffany S. Fordyce (Attorney No. 235063)
Kyle L. Flynn (Attorney No. 6312817)
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
T: (312) 456-8400
F: (312) 456-8435
gibbonsj@gtlaw.com
fordycet@gtlaw.com
flynnk@gtlaw.com

## CERTIFICATE OF SERVICE

    I, Kyle L. Flynn, certify that on October 23, 2015, true and correct copies of the **City of Chicago's Second Supplemental Answers and Objections to Nicole Harris' First Set of Interrogatories** served by email and U.S. Mail, postage pre-paid, upon the following parties in the case:

| | |
|---|---|
| J. Samuel Tenenbaum<br>Bluhm Legal Clinic<br>357 East Chicago Avenue<br>Chicago, IL 60611 | Joey L. Mogul<br>Janine L. Hoft<br>Janis M. Susler<br>People's Law Office<br>1180 N. Milwaukee<br>Chicago, IL 60622 |
| Margot Klein<br>Nicole Nehama Auerbach<br>Stuart Jay Chanen<br>Valorem Law Group<br>35 East Wacker Drive<br>3000<br>Chicago, IL 60601 | Andrew M. Hale<br>Avi T. Kamionski<br>Jennifer Bitoy<br>Shneur Z. Nathan<br>Hale Law LLC<br>53 W. Jackson Blvd.<br>Suite 330<br>Chicago, IL 60604 |

Kyle Flynn