# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **NICOLE HARRIS,** | |
| Plaintiff, | |
| v. | Case No: 1:14-cv-04391 |
| | **District Judge John W. Darrah** |
| **CITY OF CHICAGO,** *et al.*, | |
| | **Magistrate Judge Susan E. Cox** |
| Defendants. | |

## ORDER

Defendant The City of Chicago ("the City") has objected to producing four open Complaint Register ("CR") files in this case, asserting a general investigatory privilege. As the plaintiff points out in its opposition, (Dkt. 116 at 5), the City arguably has waived its right to this objection by not raising it in its original response to plaintiff's discovery requests, but simply withholding these documents. Nonetheless, the Court agreed to review these files *in camera*. The documents were provided to the Court on November 19, 2015.

The general relevance of CR files has long been established. As the court in *Vodak v. City of Chicago* wrote "[n]umerous courts have held that the personnel files and complaint histories of defendant officers are relevant in § 1983 actions involving police misconduct, particularly where, as here, plaintiffs allege a *Monell* policy, practice and custom claim against the municipality." 03 C 2493, 2004 WL 1381043, at *5 (N.D. Ill. May 10, 2004) (citations omitted.). "Moreover, disciplinary records containing any similar factual allegations may be relevant and admissible under Rule 404(b) to prove motive, intent, and/or modus operandi." *Id.* (citations omitted.)

When the City raises the so-called investigatory privilege on open CRs, it must meet both a substantive and procedural hurdle. Substantively, it bears the burden to demonstrate that the protection from disclosure it seeks is necessary "to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and to otherwise prevent interference with an investigation." *Lewis v. City of Chicago,* No. 04 C 3904, 2004 WL 2608302, at *1 (N.D. Ill. Nov. 16, 2004) (quoting *In re Dept. of Investigation of New York,* 856 F.2d 481, 485 (2d Cir. 1998)). Procedurally, "the responsible official in the [government] department [asserting the privilege] must lodge a formal claim of privilege, after actual personal consideration, specifying with particularity the information for which protection is sought, and explain why information falls within the scope of privilege." *Lewis*, 2004 WL 2608302, at *2 (alteration in original).

In this case, there has been no real attempt to satisfy either the substantive or procedural requirement, other than in a conclusory fashion in the City's memorandum on this issue; the City simply asserts that "[a]s a matter of policy established by the Independent Police Review Authority, active or open CR files are not produced because the investigation is ongoing, and the production will interfere with the investigation and otherwise jeopardize the integrity of the proceedings." (Dkt. 117 at 7). The City's failure to identify a specific investigative harm here is a bar to its asserted privilege. *Padilla v. City of Chicago,* No. 06 C 5462, 2009 WL 4891943, at *2 (N.D. Dec. 14, 2009).

Despite this failure, the Court reviewed all four files for relevance and potential impact on an ongoing investigation. Given both its failure to articulate the investigative harm it seeks to avoid with respect to these files and the general relevance of CRs to Section 1983 cases, the City's burden to bar production is heavy. With respect to Complaint No. 1057779, the

complainant alleged that the officers in this case coerced the alleged victim (plaintiff) into making false incriminating statements through the use of physical abuse, intimidation and threats to take away her child. This file, which pertains to this case, contains police reports and a copy of the instant Complaint. The file should be produced in its entirety.

Regarding Complaint No. 1028193, a sustained finding against Detective Noradin, the Court finds that most of what is contained in this file is unrelated to any actions taken by Detective Noradin whose actions in the matter are discrete in time and scope and fairly can be culled from the much bigger CR file which alleged multiple officers of multiple infractions. Accordingly, the Court orders that the City need only produce the portion of the file dealing with Detective Noradin, including his statement, any other the evidence produced against him, and the narrative detailing the sustained finding against him. (As these documents are not Bates stamped, this is the most precise way the Court can describe the documents to be produced.)

Regarding Complaint No. 1027195, the Court orders that this file be produced in its entirety. The Complaint alleges that Officer Noradin made threats and harassed the Complainant and the matters raised therein are relevant to the instant matter. Further, all the witnesses on this Complaint have made statements and the matter is now being mediated. Production of the CR file will not harm anyone or any ongoing investigation.

The Court finds that the City need not produce Complaint No. 1037527. That CR is currently being appealed internally, but the investigation has concluded, and the underlying facts formed the basis of a publicly filed federal civil law suit. Thus, issues relating to the protection of the confidentiality of sources, witness or law enforcement personnel identification, or the privacy of individuals involved in the investigation are not present here. Furthermore, as discussed above, the City has failed to meet the threshold procedural requirements necessary to

claim the investigatory privilege it seeks to invoke here. However, because it is not relevant to the case at bar, the City need not produce this CR.

This CR involved a situation where an off-duty police officer was accused of assaulting two complainants. The Chicago Police were called, and the reporting officer allegedly spoke with the off-duty officer before releasing him, without identifying him or detaining him. Detective Noradin's role was limited to filing a Case Supplemental Report that was assigned to him through "normal handout to conduct a follow up investigation." Detective Noradin reported that he had attempted to interview the complainants and had sent them a letter, but had not received a response. He requested that the case be suspended pending further information or contact from the victims.

The complainants eventually filed a civil suit against the City, the reporting office at the scene of the assault, the off-duty officer (as a John Doe defendant, until his identity could later be ascertained), and Detective Noradin. The allegations against Detective Noradin all stated that he was present with the reporting officer on the scene of the assault. Due to the allegations in the civil complaint, Detective Noradin was subject to an Independent Police Review Authority ("IPRA") investigation. However, the CR file, including the complainants' interviews, does not indicate that Detective Noradin was present at the scene. The claims against Detective Noradin in the civil suit were voluntarily dismissed, and the case later settled as to the remaining defendants. The IPRA report found that the allegations against Detective Noradin were unfounded because the investigation showed that he was never present at the scene of the relevant incident, and none of the parties involved related that he was present.

This CR is not relevant to the instant suit. Detective Noradin is only tangentially related to the underlying facts of that case, and was only involved in the IPRA proceeding because of

mistaken and factually inaccurate allegations that were lodged against him in a civil suit, from which he was ultimately voluntarily dismissed. Therefore, the City need not produce this CR to the Plaintiff.

The City is hereby ordered to produce the open CR files in accordance with this opinion forthwith.

**ENTERED:**

Date: November 20, 2015

_____

U.S. Magistrate Judge