**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NICOLE HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 14 C 4391 |
| | ) | |
| v. | ) | Judge John Darrah |
| | ) | |
| CITY OF CHICAGO, et al., | ) | Mag. Judge Susan Cox |
| | ) | |
| Defendants. | ) | |

**DEFENDANT OFFICERS' MOTION TO JOIN AND ADOPT THE CITY OF**
**CHICAGO'S MOTION TO BIFURCATE PLAINTIFF'S MONELL CLAIM AND STAY**
**DISCOVERY AND TRIAL ON THOSE CLAIMS**

Defendant Officers Robert Bartik, Demosthenes Balodimas, Robert Cordaro, John Day, James Kelly, Michael Landando, Anthony Noradin, and Randall Wo ("Defendant Officers"), by and through their attorneys, Hale Law LLC, hereby move pursuant to Fed. R. Civ. P. 10(c) and respectfully request to adopt the arguments asserted in the City of Chicago's Motion to Bifurcate Plaintiff's Monell Claim and Stay Discovery and Trial on Those Claims (Dkt. # 162) and the City of Chicago's memorandum of law in support of that motion (Dkt. # 163). In support of their motion, Defendant Officers state the following:

1. Plaintiff in this case alleges that Defendant Officers coerced her confession and maliciously prosecuted her in connection with the strangulation death of her child that occurred on May 14, 2005. Plaintiff also makes sweeping allegations against the City of Chicago under a municipal policy theory set forth in *Monell v. Dept. of Soc. Serv. of the City of New York*, 436 U.S. 658 (1978).

2. As set forth in the City of Chicago's memorandum of law, Plaintiff has identified 43 cases spanning a 25-year period that plaintiff seeks to rely upon in support of her *Monell* claim.

(Dkt. # 163, pp. 8-9). In each of those cases, plaintiff asserts that someone other than herself was wrongfully convicted in contexts separate and distinct from her prosecution.

3.      Defendant Officers firmly deny any misconduct in this case. Indeed, Plaintiff obtained a reversal of her conviction in this case only because of what the Seventh Circuit found to be judicial error and ineffective assistance of plaintiff's criminal defense counsel. *Harris v. Thompson*, 698 F.3d 609 (7th Cir. 2012). Nevertheless, Plaintiff is seeking punitive damages from the Defendant Officers in this case, damages that, if awarded, must be paid by Defendant Officers personally.

4.      In this context, Defendant Officers seek to join and adopt the City of Chicago's motion to bifurcate the *Monell* claim and, in particular, the arguments made in the City of Chicago's memorandum of law, (Dkt. #163), that a joint trial of the underlying liability issues with the *Monell* claim would greatly prejudice Defendant Officers and effectively deprive them of the ability to receive a fair trial.

WHEREFORE, Defendant Officers respectfully request to adopt the arguments asserted in the City of Chicago's Motion to Bifurcate Plaintiff's Monell Claim and Stay Discovery and Trial on Those Claims.

Respectfully Submitted,

/s/ Shneur Nathan
Shneur Nathan, Att. # 6294495

Andrew M. Hale
Avi T. Kamionski
Jennifer Bitoy
Hale Law LLC
53 West Jackson, Suite 334
Chicago, Illinois 60604
(312) 341-9646

**CERTIFICATE OF SERVICE**

I, Shneur Nathan, an attorney, hereby certify that I electronically filed the attached document with the district court's CM/ECF system, which simultaneously sent an electronic copy of the same to all counsel of record.


/s/ Shneur Nathan
Shneur Nathan