# EXHIBIT 36

To
**PLAINTIFF'S LOCAL RULE 56.1(b)(3)(C) STATEMENT OF ADDITIONAL FACTS REQUIRING DENIAL OF THE CITY'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**March 15, 2016**

**Case No. 14-CV-4391**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICOLE HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:14-cv-04391 |
| ) | |
| CITY OF CHICAGO, Chicago Police ) | Hon. John W. Darrah |
| Officers ROBERT BARTIK, #3078; ) | |
| DEMOSTHENES BALODIMAS, ) | |
| #21204, ROBERT CORDARO, #20680, ) | |
| JOHN J. DAY, #20926, JAMES M. ) | Hon. Mag. Susan E. Cox |
| KELLY, #21121, MICHAEL ) | |
| LANDANDO, #20417, ANTHONY ) | |
| NORADIN, #21252, and RANDALL ) | |
| WO, #20232; Assistant Cook County ) | |
| State's Attorneys ANDREA GROGAN ) | |
| and LAWRENCE O'REILLY; and the ) | |
| COUNTY OF COOK, ) | |
| ) | |
| Defendants. ) | |

### CITY OF CHICAGO'S RESPONSES TO NICOLE HARRIS' AMENDED THIRD SET OF REQUESTS TO ADMIT

Defendant City of Chicago (the "City"), by its attorneys, Greenberg Traurig, LLP, responds and objects to Plaintiff's Amended Third Set of Requests to Admit ("Requests") as follows:

#### OBJECTIONS AND RESPONSES TO REQUESTS TO ADMIT

**AMENDED REQUEST NO. 1**: Admit that in 2013, the United States Seventh Circuit Court of Appeals vacated the murder conviction of Nicole Harris for murdering her son Jaquari.

**RESPONSE**: The City objects to this Request as requests for admissions that are duplicative of other discovery taken do not serve the purpose of Rule 36(a). If there is no expectation that a request will narrow or eliminate issues for trial because a position has already been stated in

clear terms, the request is improper. Subject to and without waiving the foregoing objection, the City admits Request No. 1.

**AMENDED REQUEST NO. 2**: Admit that in 2013, the Cook County State's Attorney's Office dismissed the indictment against Nicole Harris for murdering her son Jaquari.

**RESPONSE**: The City objects to this Request as requests for admissions that are duplicative of other discovery taken do not serve the purpose of Rule 36(a). If there is no expectation that a request will narrow or eliminate issues for trial because a position has already been stated in clear terms, the request is improper. Subject to and without waiving the foregoing objection, the City admits Request No. 2.

**AMENDED REQUEST NO. 3**: Admit that in January 2014, the Chief Judge of the Circuit Court of Cook County, Criminal Division awarded Nicole Harris a Certificate of Innocence.

**RESPONSE**: The City objects to this Request as requests for admissions that are duplicative of other discovery taken do not serve the purpose of Rule 36(a). If there is no expectation that a request will narrow or eliminate issues for trial because a position has already been stated in clear terms, the request is improper. Subject to and without waiving the foregoing objection, the City admits Request No. 3.

**REQUEST NO. 4**: Admit that the Cook County State's Attorney's Office did not oppose the Court's award of a Certificate of Innocence to Nicole Harris.

**RESPONSE**: The City objects to this Request as requests for admissions that are duplicative of other discovery taken do not serve the purpose of Rule 36(a). If there is no expectation that a request will narrow or eliminate issues for trial because a position has already been stated in clear terms, the request is improper. Subject to and without waiving the foregoing objection, the City admits Request No. 4.

**REQUEST NO. 5**: Admit that Nicole Harris is innocent of the murder for which she was convicted.

**RESPONSE**: The City objects to this Request because it is vague as to the term "innocent" in that it is unclear whether Harris is asking the City to admit that Harris is actually innocent, or if this Request is duplicative of Request No. 4 and is asking if Harris has judicially been declared innocent pursuant to an unopposed Certificate of Innocence.

Subject to and without waiving the foregoing objection, The City denies Request No. 5.

**REQUEST NO. 6**: Admit that from January 1, 1989 to March 31, 2015, the Circuit Court of Cook County vacated the convictions of the 43 individuals identified in Exhibit A, who one or more Chicago Police Department ("CPD") detectives claimed had confessed to the crime charged against the individual.

**RESPONSE**: The City objects as the Request seeks information not properly sought by a Request for Admission pursuant to Rule 36, and is not narrowing the issues to be resolved at trial. *Robinson v. Stanley*, Case No. 06 C 5158, 2009 WL 3233909 at *2 (N.D. Ill. 2009). Further, responding to this Request would require the City to rely upon documents and facts extraneous to the Request, which is considered improper. *Vergara v. City of Waukegan*, 2007 WL 3334501, at *2 (N.D. Ill. Nov. 6, 2007). Additionally, this Request is subject to a pending Motion for Protective Order filed by the City on February 5, 2016, and the City objects on the ground that is not obligated to respond unless and until the Court orders it to respond over the objections stated in the Motion for Protective Order.

**REQUEST NO. 7**: Admit that from January 1, 1989 to March 31, 2015, the Cook County State's Attorney's Office or the Office of the Special Prosecutor Stuart Nudelman moved to vacate the convictions of 43 individuals identified in Exhibit A, who one or more Chicago Police Department ("CPD") detectives claimed had confessed to the crime charged against the individual.

**RESPONSE**: The City objects as the Request seeks information not properly sought by a Request for Admission pursuant to Rule 36, and is not narrowing the issues to be resolved at trial. *Robinson v. Stanley*, Case No. 06 C 5158, 2009 WL 3233909 at *2 (N.D. Ill. 2009). Further, responding to this Request would require the City to rely upon documents and facts

extraneous to the Request, which is considered improper. *Vergara v. City of Waukegan*, 2007 WL 3334501, at *2 (N.D. Ill. Nov. 6, 2007). Additionally, this Request is subject to a pending Motion for Protective Order filed by the City on February 5, 2016, and the City objects on the ground that is not obligated to respond unless and until the Court orders it to respond over the objections stated in the Motion for Protective Order.

**AMENDED REQUEST NO. 8**: Admit that from the 43 individuals identified in Exhibit A, the Chief Judge of the Circuit Court of Cook County Criminal Division awarded that Certificates of Innocence be issued to at least 14 of them.

**RESPONSE**: The City objects as the Request seeks information not properly sought by a Request for Admission pursuant to Rule 36, and is not narrowing the issues to be resolved at trial. *Robinson v. Stanley*, Case No. 06 C 5158, 2009 WL 3233909 at *2 (N.D. Ill. 2009). Further, responding to this Request would require the City to rely upon documents and facts extraneous to the Request, which is considered improper. *Vergara v. City of Waukegan*, 2007 WL 3334501, at *2 (N.D. Ill. Nov. 6, 2007). Additionally, this Request is subject to a pending Motion for Protective Order filed by the City on February 5, 2016, and the City objects on the ground that is not obligated to respond unless and until the Court orders it to respond over the objections stated in the Motion for Protective Order.

**REQUEST NO. 9**: Admit that of the 43 individuals identified in Exhibit A, 37 are African-American, five are Latino, and one is Caucasian.

**RESPONSE**: The City objects as the Request seeks information not properly sought by a Request for Admission pursuant to Rule 36, and is not narrowing the issues to be resolved at trial. *Robinson v. Stanley*, Case No. 06 C 5158, 2009 WL 3233909 at *2 (N.D. Ill. 2009). Further, responding to this Request would require the City to rely upon documents and facts extraneous to the Request, which is considered improper. *Vergara v. City of Waukegan*, 2007 WL 3334501, at *2 (N.D. Ill. Nov. 6, 2007). Additionally, this Request is subject to a pending

Motion for Protective Order filed by the City on February 5, 2016, and the City objects on the ground that is not obligated to respond unless and until the Court orders it to respond over the objections stated in the Motion for Protective Order.

**REQUEST NO. 10**: Admit that of the 43 individuals identified in Exhibit A, 28 were under the age of 25 at the time of the CPD interrogation that led to their respective wrongful convictions.

**RESPONSE**: The City objects as the Request seeks information not properly sought by a Request for Admission pursuant to Rule 36, and is not narrowing the issues to be resolved at trial. *Robinson v. Stanley*, Case No. 06 C 5158, 2009 WL 3233909 at *2 (N.D. Ill. 2009). Further, responding to this Request would require the City to rely upon documents and facts extraneous to the Request, which is considered improper. *Vergara v. City of Waukegan*, 2007 WL 3334501, at *2 (N.D. Ill. Nov. 6, 2007). Additionally, this Request is subject to a pending Motion for Protective Order filed by the City on February 5, 2016, and the City objects on the ground that is not obligated to respond unless and until the Court orders it to respond over the objections stated in the Motion for Protective Order.

**REQUEST NO. 11**: Admit that Nicole Harris is African-American and was 23 years old at the time of the interviews and interrogations regarding the Jaquari Dancy death/homicide investigation.

**RESPONSE**: The City objects to this Request as not likely to lead to the discovery of admissible evidence ("Irrelevant").

Subject to and without waiving said objection, the City admits Request No. 11.

**AMENDED REQUEST NO. 12**: Admit that between March 2013, when the *Chicago Tribune* article attached as Exhibit B was published, and November 2, 2015, when that article was attached to a motion in this case, neither the City of Chicago nor the CPD undertook any investigation into the matters reported in that article.

**RESPONSE**: Irrelevant. The City objects to the terms "investigation" and "matters" as vague, rendering response to this Request impossible without speculation. Also, the City objects as the Request seeks information not properly sought by a Request for Admission pursuant to Rule 36,

and is not narrowing the issues to be resolved at trial. *Robinson v. Stanley*, Case No. 06 C 5158, 2009 WL 3233909 at *2 (N.D. Ill. 2009). Further, responding to this Request would require the City to rely upon documents and facts extraneous to the Request, which is considered improper. *Vergara v. City of Waukegan*, 2007 WL 3334501, at *2 (N.D. Ill. Nov. 6, 2007). Additionally, this Request is subject to a pending Motion for Protective Order filed by the City on February 5, 2016, and the City objects on the ground that is not obligated to respond unless and until the Court orders it to respond over the objections stated in the Motion for Protective Order.

**AMENDED REQUEST NO. 12(a)**: Admit that between March 2013, when the *Chicago Tribune* article attached as Exhibit B was published and November 2, 2015, when the article was attached to a motion in this case, the Independent Police Review Authority ("IPRA") did not undertake any investigation into the matters reported in that article.

**RESPONSE**: Irrelevant. The City objects to the terms "investigation" and "matters" as vague, rendering response to this Request impossible without speculation. Also, the City objects as the Request seeks information not properly sought by a Request for Admission pursuant to Rule 36, and is not narrowing the issues to be resolved at trial. *Robinson v. Stanley*, Case No. 06 C 5158, 2009 WL 3233909 at *2 (N.D. Ill. 2009). Further, responding to this Request would require the City to rely upon documents and facts extraneous to the Request, which is considered improper. *Vergara v. City of Waukegan*, 2007 WL 3334501, at *2 (N.D. Ill. Nov. 6, 2007). Additionally, this Request is subject to a pending Motion for Protective Order filed by the City on February 5, 2016, and the City objects on the ground that is not obligated to respond unless and until the Court orders it to respond over the objections stated in the Motion for Protective Order.

**AMENDED REQUEST NO. 13**: Admit that between November 2013, when the *Chicago Tribune* article attached as Exhibit B was published and November 2, 2015, when the article was attached to a motion in this case, neither the City of Chicago nor the CPD undertook any investigation into the matters reported in that article.

**RESPONSE**: Irrelevant. The City objects to the terms "investigation" and "matters" as vague, rendering response to this Request impossible without speculation. Also, the City objects as the

Request seeks information not properly sought by a Request for Admission pursuant to Rule 36, and is not narrowing the issues to be resolved at trial. *Robinson v. Stanley*, Case No. 06 C 5158, 2009 WL 3233909 at *2 (N.D. Ill. 2009). Further, responding to this Request would require the City to rely upon documents and facts extraneous to the Request, which is considered improper. *Vergara v. City of Waukegan*, 2007 WL 3334501, at *2 (N.D. Ill. Nov. 6, 2007). Additionally, this Request is subject to a pending Motion for Protective Order filed by the City on February 5, 2016, and the City objects on the ground that is not obligated to respond unless and until the Court orders it to respond over the objections stated in the Motion for Protective Order.

**AMENDED REQUEST NO. 13(a)**: Admit that between November 2013, when the *Chicago Tribune* article attached as Exhibit B was published and November 2, 2015, when the article was attached to a motion in this case, the Independent Police Review Authority ("IPRA") did not undertake any investigation into the matters reported in that article.

**RESPONSE**: Irrelevant. The City objects to the terms "investigation" and "matters" as vague, rendering response to this Request impossible without speculation. Also, the City objects as the Request seeks information not properly sought by a Request for Admission pursuant to Rule 36, and is not narrowing the issues to be resolved at trial. *Robinson v. Stanley*, Case No. 06 C 5158, 2009 WL 3233909 at *2 (N.D. Ill. 2009). Further, responding to this Request would require the City to rely upon documents and facts extraneous to the Request, which is considered improper. *Vergara v. City of Waukegan*, 2007 WL 3334501, at *2 (N.D. Ill. Nov. 6, 2007). Additionally, this Request is subject to a pending Motion for Protective Order filed by the City on February 5, 2016, and the City objects on the ground that is not obligated to respond unless and until the Court orders it to respond over the objections stated in the Motion for Protective Order.

**AMENDED REQUEST NO. 14**: Admit that on December 8 or 9, 2015, Chicago Mayor Rahm Emanuel admitted there is a code of silence in the Chicago Police Department.

**RESPONSE**: The City objects on the ground that this Request is not likely to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, the City admits that on December 8 or 9 2015, Emanuel opined that there is a code of silence that exists among police officers. The City denies all facts and inferences not specifically admitted herein.

**REQUEST NO. 15**: Admit that Chicago Mayor Rahm Emanuel is a final policy maker for purposes of *Monell* for the City of Chicago and Chicago's Police Department.

**RESPONSE**: Deny.

**AMENDED REQUEST NO. 16**: Admit that on December 8 or 9, 2015, Chicago Mayor Rahm Emanuel admitted that the code of silence that exists in the Chicago Police Department has existed since before 2005.

**RESPONSE**: Deny.

**AMENDED REQUEST NO. 17**: Admit that on December 8 or 9, 2015, Chicago Mayor Rahm Emanuel admitted that there is a culture within the Chicago Police Department in which its officers act above the law.

**RESPONSE**: The City admits that Emanuel stated on December 8 or 9, 2015 "You are asked to uphold the law, not act like you're above the law. And your job is, if you see something and say nothing, you're adding to a culture, and it's about a colleague, I understand that, but there's professional standards."

**AMENDED REQUEST NO. 18**: Admit that on December 8 or 9, 2015, Chicago Mayor Rahm Emanuel admitted that the City of Chicago needs a system to deal with the bad officers who are undermining the police department and its work.

**RESPONSE**: The City admits that on December 8 or 9, 2015 Emanuel stated "And when an officer and a colleague acts wrongly and we have a culture where you're permissive, it undermines your work as a good officer. And we have good officers in the Police Department. But when you have an officer who is breaking the law, undermining the law, you have a responsibility to make sure that does not happen."

**AMENDED REQUEST NO. 19**: Admit that in the case of *Obrycka v. Abbate*, a jury in the Northern District of Illinois found that in 2007, the City of Chicago had a widespread custom or practice of failing to investigate its officers when they engaged in misconduct.

**RESPONSE**: Irrelevant. The City objects as the Request seeks information not properly sought by a Request for Admission pursuant to Rule 36, and is not narrowing the issues to be resolved at trial. Robinson v. Stanley, Case No. 06 C 5158, 2009 WL 3233909 at *2 (N.D. Ill. 2009). Further, responding to this Request would require the City to rely upon documents and facts extraneous to the Request, which is considered improper. Vergara v. City of Waukegan, 2007 WL 3334501, at *2 (N.D. Ill. Nov. 6, 2007). Additionally, this Request is subject to a pending Motion for Protective Order filed by the City on February 5, 2016, and the City objects on the ground that is not obligated to respond unless and until the Court orders it to respond over the objections stated in the Motion for Protective Order.

**AMENDED REQUEST NO. 19(a)**: Admit that in the case of *Obrycka v. Abbate*, a jury in the Northern District of Illinois found that in 2007, the City of Chicago had a widespread custom or practice of failing to discipline its officers when they engaged in misconduct.

**RESPONSE**: Irrelevant. The City objects as the Request seeks information not properly sought by a Request for Admission pursuant to Rule 36, and is not narrowing the issues to be resolved at trial. Robinson v. Stanley, Case No. 06 C 5158, 2009 WL 3233909 at *2 (N.D. Ill. 2009). Further, responding to this Request would require the City to rely upon documents and facts extraneous to the Request, which is considered improper. Vergara v. City of Waukegan, 2007 WL 3334501, at *2 (N.D. Ill. Nov. 6, 2007). Additionally, this Request is subject to a pending Motion for Protective Order filed by the City on February 5, 2016, and the City objects on the ground that is not obligated to respond unless and until the Court orders it to respond over the objections stated in the Motion for Protective Order.

**AMENDED REQUEST NO. 19(b)**: Admit that in the case of *Obrycka v. Abbate*, a jury in the Northern District of Illinois found that in 2007 there existed a code of silence among Chicago police officers.

**RESPONSE**: Irrelevant. The City objects as the Request seeks information not properly sought by a Request for Admission pursuant to Rule 36, and is not narrowing the issues to be resolved at

trial. Robinson v. Stanley, Case No. 06 C 5158, 2009 WL 3233909 at *2 (N.D. Ill. 2009). Further, responding to this Request would require the City to rely upon documents and facts extraneous to the Request, which is considered improper. Vergara v. City of Waukegan, 2007 WL 3334501, at *2 (N.D. Ill. Nov. 6, 2007). Additionally, this Request is subject to a pending Motion for Protective Order filed by the City on February 5, 2016, and the City objects on the ground that is not obligated to respond unless and until the Court orders it to respond over the objections stated in the Motion for Protective Order.

Dated: February 12, 2016

_____
One of the Attorneys for Defendant,
CITY OF CHICAGO

John F. Gibbons (Attorney No. 6190493)
Tiffany S. Fordyce (Attorney No. 235063)
Kyle L. Flynn (Attorney No. 6312817)
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
T: (312) 456-8400
F: (312) 456-8435
gibbonsj@gtlaw.com
fordycet@gtlaw.com
flynnk@gtlaw.com

## CERTIFICATE OF SERVICE

I, Kyle L. Flynn, certify that on February 12, 2016, true and correct copies of the **CITY OF CHICAGO'S RESPONSES TO NICOLE HARRIS' AMENDED THIRD SET OF REQUESTS TO ADMIT,** served by email and U.S. Mail, postage pre-paid, upon the following parties in the case:

| | |
|---|---|
| J. Samuel Tenenbaum<br>Bluhm Legal Clinic<br>357 East Chicago Avenue<br>Chicago, IL 60611 | Joey L. Mogul<br>Janine L. Hoft<br>Janis M. Susler<br>People's Law Office<br>1180 N. Milwaukee<br>Chicago, IL 60622 |
| Margot Klein<br>Nicole Nehama Auerbach<br>Stuart Jay Chanen<br>Valorem Law Group<br>35 East Wacker Drive<br>3000<br>Chicago, IL 60601 | Andrew M. Hale<br>Avi T. Kamionski<br>Jennifer Bitoy<br>Shneur Z. Nathan<br>Hale Law LLC<br>53 W. Jackson Blvd.<br>Suite 330<br>Chicago, IL 60604 |

Kyle L. Flynn