# EXHIBIT 37

To
**PLAINTIFF'S LOCAL RULE 56.1(b)(3)(C) STATEMENT OF ADDITIONAL FACTS REQUIRING DENIAL OF THE CITY'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**March 15, 2016**

**Case No. 14-CV-4391**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICOLE HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:14-cv-04391 |
| | ) | |
| CITY OF CHICAGO, Chicago Police | ) | Hon. John W. Darrah |
| Officers ROBERT BARTIK, #3078; | ) | |
| DEMOSTHENES BALODIMAS, | ) | |
| #21204, ROBERT CORDARO, #20680, | ) | |
| JOHN J. DAY, #20926, JAMES M. | ) | Hon. Mag. Susan E. Cox |
| KELLY, #21121, MICHAEL | ) | |
| LANDANDO, #20417, ANTHONY | ) | |
| NORADIN, #21252, and RANDALL | ) | |
| WO, #20232; Assistant Cook County | ) | |
| State's Attorneys ANDREA GROGAN | ) | |
| and LAWRENCE O'REILLY; and the | ) | |
| COUNTY OF COOK, | ) | |
| | ) | |
| Defendants. | ) | |

## CITY OF CHICAGO'S ANSWERS AND OBJECTIONS
## TO NICOLE HARRIS' SECOND SET OF INTERROGATORIES

Defendant, City of Chicago (the "City"), by and through its attorneys, submits the following answers and objections to Plaintiff Nicole Harris' ("Plaintiff") Second Set of Interrogatories pursuant to Federal Rule of Civil Procedure 33.

**PRELIMINARY STATEMENT**

The answers set forth below are submitted subject to the objections set forth herein, and are based upon the current knowledge of the City. The City expressly reserves the right to assert such additional or different answers as may be appropriate in light of further ongoing discovery and/or investigation, and reserves the right to introduce at trial, or at any other proceeding, any information discovered after the date of these answers.

## GENERAL OBJECTIONS

1. The City objects to the interrogatories to the extent they purport to impose on the City any obligations beyond those required by the Federal Rules of Civil Procedure, the Northern District of Illinois Local Rules, and applicable case law.

2. The City objects to each interrogatory, definition and/or instruction to the extent they seek information protected by the attorney-client, work product and/or other applicable privileges.

3. The City objects to any interrogatory that seeks information which: (a) is not in the City's control or possession; or (b) is already in Plaintiff's possession, custody or control.

4. The City objects to the interrogatories to the extent they are overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and because they are not limited to the relevant time period.

5. The City objects to the interrogatories to the extent they are vague, ambiguous and/or otherwise incapable of reasonable ascertainment.

6. The City objects to the interrogatories to the extent that they call for legal conclusions.

7. The City objects to the interrogatories to the extent they are redundant and duplicative.

8. The City has endeavored to answer the interrogatories subject to its interpretation of the interrogatories. If Plaintiff asserts a different interpretation, the City reserves the right to amend its answers to conform to that alternate interpretation.

9. The City states that investigation into its answers to the interrogatories is ongoing, and reserves the right, but undertake no obligation beyond that required by the applicable rules, to supplement these answers as additional information and documentation become available.

10. To avoid duplication and repetition of stating each General Objection in each and every answer to the interrogatories, each of these General Objections are incorporated into each of the answers set forth below and the answers are made without waiver of any of these General Objections. Further objections may be specifically referred to in response to certain of the answers to the interrogatories for purposes of clarity or emphasis, but by doing so, the City is not waiving any of the General Objections.

## INTERROGATORY ANSWERS

**INTERROGATORY NO. 1:** Identify the person or persons within the Chicago Police Department, if any, who investigated or otherwise inquired into the allegations in the Chicago Tribune's March 13, 2013 article (attached as Exhibit A) that:

a) The Chicago police used their polygraph unit as a tool to obtain false confessions.
b) Since 2002 at least four individuals have been cleared of murders to which they supposedly confessed to a person from CPD's polygraph unit.
c) CPD ignored or had not followed standards for conducting polygraph exams that have been issued by national industry groups, including but not limited to:
    i. A polygrapher's results do not have to be reviewed by a second examiner or by a supervisor;
    ii. The Polygraph Unit has no continuing education requirements for its polygraphers;
    iii. The Polygraph Unit and its polygraphers record – by audio or video – only a fraction of the polygraphs that it administers;
    iv. The Polygraph Unit and its polygraphers did not use numerical scoring until 2012;
    v. The Polygraph Unit's polygraphers did not in certain instances take notes in pretest interviews, even though state law requires them to do so;
    vi. The Polygraph Unit's polygraphers falsely told suspects that they had failed exams.

    vii.    Officer Bartik obtained confessions from suspects by berating them, threatening them, and lying to them.

    viii.    The Polygraph Unit's polygraphers sometimes did not conduct the polygraphs in the suspect's or witness's native tongue.

    ix.    CPD has ignored or otherwise disregarded voluntary standards for conducting polygraph exams.

**ANSWER:** Objection. This Request does not seek information likely to lead to the discovery of admissible evidence. Further, response to this interrogatory may call for information protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections and General Objections, the Chicago Police Department does not initiate investigations in response to unfounded, biased and unsubstantiated allegations contained in a newspaper article, and therefore has no person or persons to identify in response to Interrogatory No. 1.

Dated: December 11, 2015

                                                                                                     *[signature]*
                                                                                           One of the Attorneys for Defendant,
                                                                                            CITY OF CHICAGO

John F. Gibbons (Attorney No. 6190493)
Tiffany S. Fordyce (Attorney No. 235063)
Kyle L. Flynn (Attorney No. 6312817)
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
T: (312) 456-8400
F: (312) 456-8435
gibbonsj@gtlaw.com
fordycet@gtlaw.com
flynnk@gtlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICOLE HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:14-cv-04391 |
| ) | |
| CITY OF CHICAGO, Chicago Police ) | Hon. John W. Darrah |
| Officers ROBERT BARTIK, #3078; ) | |
| DEMOSTHENES BALODIMAS, ) | |
| #21204, ROBERT CORDARO, #20680, ) | |
| JOHN J. DAY, #20926, JAMES M. ) | Hon. Mag. Susan E. Cox |
| KELLY, #21121, MICHAEL ) | |
| LANDANDO, #20417, ANTHONY ) | |
| NORADIN, #21252, and RANDALL ) | |
| WO, #20232; Assistant Cook County ) | |
| State's Attorneys ANDREA GROGAN ) | |
| and LAWRENCE O'REILLY; and the ) | |
| COUNTY OF COOK, ) | |
| ) | |
| Defendants. ) | |

## Verification

Pursuant to 28 U.S.C. § 1746, Sgt. Eric Winstrom, assigned to the Office of Legal Affairs, Chicago Police Department, certifies that he signed the foregoing Defendant City of Chicago's Answers and Objections to Plaintiff's Second Set of Interrogatories, that he is duly authorized to do so; that certain of the matters stated in the foregoing response are not within his personal knowledge and belief, there is no employee of the City of Chicago who has personal knowledge of all such matters; and that the statements set forth in the foregoing response to Plaintiff's Interrogatories are based on documents and information which have been assembled by authorized employees and counsel of the City of Chicago, and that he is informed and believes that the statements set forth in the foregoing responses are true and accurate to the best of his knowledge, information and belief.

_____
Eric Winstrom
Chicago Police Department
Office of Legal Affairs

## CERTIFICATE OF SERVICE

    I, Kyle L. Flynn, certify that on December 11, 2015, true and correct copies of the **City of Chicago's Answers and Objections to Nicole Harris' Second Set of Interrogatories** served by email and U.S. Mail, postage pre-paid, upon the following parties in the case:

| | |
|---|---|
| J. Samuel Tenenbaum<br>Bluhm Legal Clinic<br>357 East Chicago Avenue<br>Chicago, IL 60611 | Joey L. Mogul<br>Janine L. Hoft<br>Janis M. Susler<br>People's Law Office<br>1180 N. Milwaukee<br>Chicago, IL 60622 |
| Margot Klein<br>Nicole Nehama Auerbach<br>Stuart Jay Chanen<br>Valorem Law Group<br>35 East Wacker Drive<br>3000<br>Chicago, IL 60601 | Andrew M. Hale<br>Avi T. Kamionski<br>Jennifer Bitoy<br>Shneur Z. Nathan<br>Hale Law LLC<br>53 W. Jackson Blvd.<br>Suite 330<br>Chicago, IL 60604 |

Kyle Flynn