# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| NICOLE HARRIS, ) | |
| Plaintiff, ) | |
| v. ) | No. 14-cv-4391 |
| ) | Judge John W. Darrah |
| CITY OF CHICAGO, et al. ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF NICOLE HARRIS'S LOCAL RULE 56.1 OPPOSITION
### TO CITY'S STATEMENT OF PURPORTEDLY UNDISPUTED FACTS

1. Plaintiff Nicole Harris ("Harris") is an individual domiciled in the state of Illinois. Defendants Robert Bartik, Demosthenes Balodimas, Robert Cordaro, John Day, Michael Landano, Anthony Nordain and Randall Wo, at all relevant times, were individuals employed by the Chicago Police Department ("CPD"). The City of Chicago is a municipality in the state of Illinois. (Compl., ¶¶ 5-8.)

**RESPONSE: Admits.**

2. Harris asserts that subject matter jurisdiction exists with respect to her civil rights violation claims pursuant to 28 U.S.C. § 1331 and 1343(a). (Id., ¶ 3.)

**RESPONSE: Admits.**

3. Harris asserts that venue is proper pursuant to 28 U.S.C. § 1391(b). (Id., ¶ 4.)

**RESPONSE: Admits.**

4. On May 14, 2005, Harris' son, Jaquari Dancy ("Jaquari"), was taken to the hospital after his father, Sta-Von Dancy ("Sta-Von"), found Jaquari on the floor of Jaquari's bedroom unresponsive with a bed sheet wrapped around his neck. (Compl., ¶¶ 19-20.)

**RESPONSE: Harris denies that Jaquari had a bed sheet wrapped around his neck and affirmatively states that Jaquari had an elastic band that had come loose from a bedsheet from his brother's upper bunk bed wrapped around his neck. (CITY371-380 at 379.) Harris admits the remaining facts asserted in paragraph 4.**

5. Jaquari was taken to a hospital, where he was pronounced dead. (Id., ¶¶ 23 & 26.)

**RESPONSE: Admits.**

6. Detectives from the Chicago Police Department ("CPD") approached Harris and Sta-Von at the hospital and asked them to accompany the detectives to the police station so they could ask them questions. (Id., ¶¶ 28-29.) Harris voluntarily agreed. (Harris Deposition Transcript, pp. 174:6-175:16., Excerpts of N. Harris December 22, 2015 Deposition attached hereto as Exhibit A.)

**RESPONSE: Admits.**

7. At the police station detectives questioned Harris and Sta-Von about the circumstances of Jaquari's death. (Compl., ¶¶ 32-34 & 37.)

**RESPONSE: Admits.**

8. Harris confessed to murdering Jaquari, and her confession ultimately was memorialized on a video with Assistant State's Attorney Andrea Grogan on May 16, 2005 at approximately 1:00 a.m. (Id., ¶ 99.)

**RESPONSE: Admits. Stating further, this paragraph does not describe any of the interrogation or circumstances of interrogation that occurred between the time Ms. Harris arrived at the police station and when she gave her coerced and fabricated confession on video more than 30 hours later. *See* Plaintiff's Statement of Additional Facts ¶¶ 2-12 and all cited and attached exhibits thereto, incorporated here by reference.**

9. In her Complaint, Harris identifies the following "interlaced de facto policies, practices, and customs:

a) conducting physically, psychologically or otherwise illegal or improperly coercive interrogations of witnesses, suspects and arrestees in order to obtain confessions and wrongful convictions;

b) manufacturing, fabricating, or using improper suggestive tactics to obtain false statements from suspects or witnesses;

c) filing false reports, and giving false statements and testimony about interrogations and confessions and fabricating or constructing parts of or whole confessions; suppressing exculpatory evidence concerning interrogations and confessions; pursuing wrongful prosecutions and obtaining false imprisonments on the basis of confessions obtained during these interrogations; denying suspects their right to full and fair access to the courts; denying individuals the right to counsel; and otherwise covering up the true nature of these interrogations and confessions;

d) failing to videotape the interrogation or questioning of suspects, arrestees, and witnesses, from beginning to end, particularly in the circumstances set forth above; e) failing to

2

    properly train, supervise, discipline, transfer, monitor, counsel and/or otherwise control police officers, particularly those who are repeatedly accused of abuse and/or psychological coercion of suspects and witnesses, wrongful imprisonments, malicious prosecutions and wrongful convictions; making false reports and statements attributed to suspects and witnesses, and/or of physically, psychologically or otherwise illegally, improperly or coercively questioning or interrogating witnesses, suspects and arrestees. Among those the City failed to properly train, supervise, discipline, transfer, monitor, counsel and/or otherwise control was Defendant Bartik who was repeatedly accused of psychologically coercing suspects and/or fabricating inculpatory statements;

e) failing to properly train, supervise, discipline, transfer, monitor, counsel and/or otherwise control police officers, particularly those who are repeatedly accused of abuse and/or psychological coercion of suspects and witnesses, wrongful imprisonments, malicious prosecutions and wrongful convictions; making false reports and statements attributed to suspects and witnesses, and/or of physically, psychologically or otherwise illegally, improperly or coercively questioning or interrogating witnesses, suspects and arrestees. Among those the City failed to properly train, supervise, discipline, transfer, monitor, counsel and/or otherwise control was Defendant Bartik who was repeatedly accused of psychologically coercing suspects and/or fabricating inculpatory statements;

f) perpetuating, encouraging and condoning the police code of silence, specifically in cases where officers engaged in the violations articulated in paragraphs a-e above, whereby police officers refused to report or otherwise covered-up instances of police misconduct, and/or fabricated, suppressed and destroyed evidence of which they were aware of, despite their obligation under the law and police regulations to report. This code of silence caused police officers either to remain silent or to give false and misleading information during official investigations and Grand Jury proceedings in order to protect themselves or fellow officers from internal discipline, civil liability, or criminal charges. The code of silence also caused police officers to perjure themselves in criminal cases where they and their fellow officers coercively interrogated a suspect, arrestee or witness, or falsely arrested, imprisoned and/or prosecuted a criminal defendant. (Compl., ¶ 135.)

**RESPONSE: Admits.**

    10.    Harris further alleges that the City's failure to properly train, monitor, control, assign, transfer, supervise, and counsel police officers resulted in a myriad of unconstitutional acts. (Id., ¶¶ 136-137.)

**RESPONSE: Admits.**

    11.    Filed concurrently herewith is a true and correct copy of Harris' Verified Answers to Defendant City of Chicago's Second Set of Interrogatories found at Exhibit B.

**RESPONSE: Admits.**

12. Filed concurrently herewith is a true and correct copy of Harris' Response to Defendant City of Chicago's Second Set of Requests for the Production of Documents found at Exhibit C.

**RESPONSE: Admits.**

13. On February 8, 2016 Plaintiff's counsel served Defendants with a Rule 26(a)(2) expert witness disclosure authored by Gregg O. McCrary ("McCrary"). A true and correct copy of McCrary's report is found at Exhibit D.

**RESPONSE: Admits.**

14. A true and correct copy of Material Provided to Police Practices Expert Gregg McCrary is found at Exhibit E.

**RESPONSE: Admits.**

15. Also on February 8, 2016, Plaintiff's counsel served Defendants with a Rule 26(a)(2) expert witness disclosure authored by Charles R. Honts ("Honts"). A true and correct copy of Honts' report is found at Exhibit F.

**RESPONSE: Admits.**

16. A true and correct copy of the Schedule of Materials Provided to Charles R. Honts is found at Exhibit G.

**RESPONSE: Admits.**


Dated: March 15, 2016

/s/ Margot Klein
One of Nicole Harris' Attorneys


| Nicole N. Auerbach | Janine L. Hoft | J. Samuel Tenenbaum |
| Stuart J. Chanen | Joey L. Mogul | Bluhm Legal Clinic |
| Margot Klein | Jan Susler | Northwestern University |
| Valorem Law Group | People's Law Office | School of Law |
| 35 E. Wacker Dr., Suite 3000 | 1180 N. Milwaukee Ave. | 357 E. Chicago Ave. |
| Chicago, IL 60601 | Chicago, IL 60642 | Chicago, IL 60611 |
| (312) 676-5460 | (773) 235-0070 | (312) 503-4808 |

## CERTIFICATE OF SERVICE

I, Margot Klein, an attorney, certify that on March 15, 2016, I served a copy of the attached **PLAINTIFF NICOLE HARRIS'S LOCAL RULE 56.1 OPPOSITION TO CITY'S STATEMENT OF PURPORTEDLY UNDISPUTED FACTS** on counsel of record via the Court's ECF system.

/s/ Margot Klein
*One of Nicole Harris' Attorneys*