IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NICOLE HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 14-cv-4391 |
| ) | |
| CITY OF CHICAGO, Chicago Police Officers ) | Judge John W. Darrah |
| ROBERT BARTIK, DEMOSTHENES ) | |
| BALODIMAS, ROBERT CORDARO, ) | Magistrate Judge Susan E. Cox |
| JOHN J. DAY, JAMES M. KELLY, MICHAEL ) | |
| LANDANDO, ANTHONY NORADIN, and ) | |
| RANDALL WO, Assistant Cook County State's ) | |
| Attorneys ANDREA GROGAN and LAWRENCE ) | |
| O'REILLY, and the COUNTY OF COOK, ) | |
| ) | |
| Defendants. ) | |

## RULE 56(d) DECLARATION OF STUART J. CHANEN

I, Stuart J. Chanen, hereby declare as follows:

1. I am a partner with the law firm Valorem Law Group, one of the law firms representing Plaintiff Nicole Harris in this matter. I have personal knowledge of the facts stated below and with the proceedings in this case.

2. I submit this declaration in support of Nicole Harris' Opposition to the City of Chicago's ("the City") Motion for Partial Summary Judgment ("Motion"). As set forth in Harris's Opposition ("Opposition") and pursuant to Federal Rule of Civil Procedure 56(d), Harris respectfully requests that the Court deny the City's Motion for the reasons set for in the Opposition. Should the Court decline to do so, Harris requests leave to supplement the record with additional facts pertinent to the Opposition by April 15 that have been requested in discovery and in some instances, already compelled by the Court, but as of yet not produced by the City. There are at least three categories of discovery related to Ms. Harris's *Monell* claims for which discovery is still outstanding:

1

3. **First,** On December 3, 2015, Plaintiff noticed a deposition of a "30(b)(6) witness to testify on behalf of the City of Chicago on the policies, practices and/or customs, training, supervision and discipline with regard to Chicago police questioning, interviewing, and/or interrogating civilians in police stations." At the City's insistence, that deposition is not going forward until the day this opposition is due, March 15, 2016. This deposition was originally set for January 8, re-scheduled for February 11 by the City and then continued until March 15, 2016 after the City produced more than 1,000 pages of documents and approximately 30 videos, a number of which pertained to the deposition, on February 10.

4. **Second,** on December 4, 2015, Harris sought production of all materials upon which Defendant polygrapher Bartik relied to previously testify under oath that he had obtained a remarkable 111 pre-polygraph confessions and all documents regarding confessions he had otherwise obtained. On February 17, the Court ordered production of some of those materials by the close of business on February 19, and on March 2, the Court ordered production of all of those materials by the close of business on March 3, 2016. As of the filing of Harris's Opposition, the City nevertheless has still not yet complied with this Court's Order. Ms. Harris will again be heard by the Magistrate Judge on March 16 as to the City's noncompliance with this order. There may be additional information within the materials that have been compelled that she may rely upon to defeat the City's motion for partial summary judgment.

5. **Third,** on November 10, 2015, Ms. Harris requested information regarding a *Chicago Tribune* exposé on the Polygraph Unit. In a verified interrogatory answer, the City responded that "the Chicago Police Department does not initiate investigations in response to unfounded, biased and unsubstantiated allegations contained in a newspaper article." The City similarly informed the Magistrate Judge that no investigation was ever undertaken and no review ever performed of the Polygraph Unit. For the first time, however, on March 1, 2016, the City

2

reversed course and asserted that it *has* indeed investigated whether (a) its polygraphers acted improperly to obtain confessions; (b) its polygraphers falsely told test takers (aka subjects) that they had failed the polygraph exam when in fact the exam indicated that those test takers were being truthful; (c) whether its polygraphers acted improperly to obtain confessions by interrogating subjects before administering the polygraph exam; and (d) whether Officer Bartik had obtained confessions from suspects by berating them, threatening them, and lying to them. This is problematic because the City was first compelled to produce any such supporting documents as far back as November 10, 2015. The City has not produced any such documents nor produced any privilege log identifying any of such documents that have been withheld.

      I declare under penalty of perjury that the foregoing is true and correct. Executed on this 15th day of March 2016.

                                                    Stuart J. Chanen

## **CERTIFICATE OF SERVICE**

I certify that on March 10, 2016, I caused a copy of the attached notice of motion to be served upon all counsel of record via the Court's ECF system.

/s/ Margot Klein