**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NICOLE HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 14-CV-4391 |
| v. | ) | |
| | ) | Hon. Amy J. St. Eve |
| CITY OF CHICAGO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Defendants Robert Bartik, Demosthenes Balodimas, Robert Cordaro, James Kelly, Michael Landando, Anthony Noradin, and Randall Wo (collectively, "Defendants") have moved to bar references to other lawsuits, complaint register files, or other disciplinary history events. For the following reasons, the Court, in its discretion, grants in part, denies in part as moot, and grants in part without prejudice Defendants' motion.

## BACKGROUND

This is a wrongful conviction case against eight Chicago Police Officers. Plaintiff alleges that, on October 26, 2005, a jury in the Circuit Court of Cook County convicted her of murdering her four-year-old son, Jaquari Dancy, based in large part on a false and fabricated confession elicited during 27 hours of intermittent interrogation by Chicago Police Officers. Plaintiff alleges that Defendants fabricated a police report, subjected Plaintiff to sustained and aggressive questioning, held her overnight in a cell, and ultimately elicited the false and fabricated confession, which the Defendants captured on videotape, that Plaintiff killed her son. *See Harris v. Thompson*, 698 F.3d 609, 612 (7th Cir. 2012). In October 2012, the Seventh Circuit

overturned Plaintiff's conviction. *Id.* at 650. On June 17, 2013, the Cook County State's Attorney dismissed all charges against Plaintiff. Plaintiff was granted a Certificate of Innocence, pursuant to 735 Ill. Comp. Stat. 5/2-702.

## LEGAL STANDARD

Trial courts have broad discretion in ruling on evidentiary issues before and during trial. *See Bridgeview Health Care Ctr., Ltd. v. Clark*, 816 F.3d 935, 939 (7th Cir. 2016); *Whitfield v. Int'l Truck & Engine Corp.*, 755 F.3d 438, 447 (7th Cir. 2014). "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). "Trial courts issue rulings on motions *in limine* to guide the parties on what evidence it will admit later in trial," and "[a]s a trial progresses, the presiding judge remains free to alter earlier rulings." *Perry v. City of Chicago*, 733 F.3d 248, 252 (7th Cir. 2013). A motion *in limine* "is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings" in that it "permits the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997).

## ANALYSIS

Defendants seek to bar references to other lawsuits, complaint register files, or other disciplinary history events arguing that those records would be impermissible propensity evidence under Federal Rule of Evidence 404(b). Specifically, Defendants have moved to bar the use of four complaint register files identified on Plaintiff's exhibit list – three against Defendant Balodimas and one against Defendant Noradin, as well as their discipline histories.

"Rule 404(b) prohibits the admission of evidence of other crimes, wrongs, or acts for the purpose of proving a person's character or propensity to behave in a certain way, but permits the use of this evidence for other purposes . . . such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *United States v. Gomez*, 763 F.3d 845, 852 (7th Cir. 2014) (citing Fed. R. Evid. 404(b)). Other-act evidence is admissible if it is relevant, probative, "the evidence is sufficient for the jury to find by a preponderance of the evidence that the other act was committed," and is sufficiently similar and recent in light of the "specific purpose for which the other-act evidence is offered." *Gomez*, 763 F.3d at 853-55.

"Rule 404(b) is not just concerned with the ultimate conclusion, but also with the chain of reasoning that supports the non-propensity purpose for admitting the evidence." *Id.* at 856 (citing *United States v. Reed*, 744 F.3d 519, 524–25 (7th Cir. 2014)). "In other words, the rule allows the use of other-act evidence only when its admission is supported by some propensity-free chain of reasoning." *Gomez*, 763 F.3d at 856. "[T]he district court should not just ask whether the proposed other-act evidence is relevant to a non-propensity purpose but how exactly the evidence is relevant to that purpose—or more specifically, how the evidence is relevant without relying on a propensity inference." *Id.* Further, if the proponent of the evidence "can make this initial showing, the district court must in every case assess whether the probative value of the other-act evidence is substantially outweighed by the risk of unfair prejudice and may exclude the evidence under Rule 403 if the risk is too great." *Id.* at 860. "The court's Rule 403 balancing should take account of the extent to which the non-propensity fact for which the evidence is offered actually is at issue in the case." *Id.*

## I.     The Identified Complaint Register Files as Substantive Evidence

As an initial matter, Plaintiff concedes that she does not intend to offer the complaint register files at issue as substantive evidence at trial.  As such, this aspect of Defendants' motion is denied as moot.  Plaintiff argues, however, that the files may be generally relevant to impeachment, to refresh a Defendant's recollection, or to attack a Defendant's credibility, bias, and motive to testify falsely.  Indeed, evidence showing a witness's bias or motive to lie is relevant and generally permissible material for cross examination.  *United States v. Jamison*, 635 F.3d 962, 965 (7th Cir. 2011) (citing *United States v. Abel*, 469 U.S. 45, 52 (1984) ("Bias may be induced by a witness' like, dislike, or fear of a party, or by the witness' self-interest. Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony."); *United States v. Thompson*, 359 F.3d 470, 475-480 (7th Cir. 2004); *United States v. Manske*, 186 F.3d 770, 777 (7th Cir. 1999)).  Plaintiff does not specify how these files might be used for these purposes.  If Plaintiff believes Defendants have opened the door to the use of these complaint register files for impeachment or to refresh recollections at trial, she must first raise the issue with the Court outside the presence of the jury.  This aspect of Defendant's motion is granted without prejudice.

## II.     Balodimas Disciplinary History

Defendants also seek to exclude several unsustained discipline history allegations against Defendant Balodimas.  Plaintiff argues that Balodimas has similar complaints of coercing confessions and refusing individuals' requests for attorneys in his disciplinary history.  In February, 2001, an individual accused Balodimas of questioning him after he requested a lawyer, threatening him with physical harm if he did not cooperate with questioning, and depriving him

of adequate sleep, food, and bathroom breaks during an investigation in April, 2000. In December, 2005, an individual accused Balodimas of denying him access to a public phone and an attorney and allowing him to be placed in leg irons, causing pain and discomfort, in order to induce an incriminating statement during an investigation in September, 2002. In December, 2013, an individual accused Balodimas of threatening and coercing him into giving an incriminating statement during an investigation in October, 2004.

Plaintiff contends that prior, similar acts by police officers are admissible as other-act evidence showing motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Plaintiff, however, may not "simply to point to a purpose in the 'permitted' list and assert that the other-act evidence is relevant to it." *Gomez*, 763 F.3d at 856. Other-act evidence may be admitted "only when its admission is supported by some propensity-free chain of reasoning." *Id.* Plaintiff, however, has failed to establish a propensity-free chain of reasoning for why similar acts in the past would be relevant to a permitted purpose. Furthermore, Plaintiff has not disclosed any witnesses to support such allegations or any non-conclusory arguments regarding the admission of these allegations. The Court therefore grants Defendant's motion.

Plaintiff also argues that these allegations may be relevant to Balodimas's state of mind at the time of the Plaintiff's interrogation. Plaintiff's cited cases for this proposition involve the state of mind in the criminal context, where intent was specifically at issue. *See Glenwood Halsted LLC v. Vill. of Glenwood*, No. 11 C 6772, 2014 WL 2862613, at *4 (N.D. Ill. June 24, 2014)("... the records may be utilized in a criminal prosecution to establish Letke's state of mind, intent, or lack of mistake under Federal Rule of Evidence 404(b)."); *United States v. Brown*, 2009 WL 2090193, at *1 (S.D. Ind. July 13, 2009) ("... as long as the charged crime

requires the government to prove that the defendant acted knowingly, intentionally, or willfully, Rule 404(b) evidence is at least relevant to prove the defendant's mental state.") That is not the case here. The argument also relies on a propensity inference, namely that a jury could infer Balodimas intended to coerce a false confession because he may have done so in the past.[1] Rule 403 excludes "other-act evidence that may be slightly probative through a non-propensity theory but has a high likelihood of creating unfair prejudice by leading a jury to draw conclusions based on propensity." *United States v. Chapman*, 765 F.3d 720, 726 (7th Cir. 2014) (quoting *Gomez*, 763 F.3d. at 857). Balodimas' state of mind is not at issue and the proposed allegations have a high likelihood of creating unfair prejudice.

## III.    Noradin Disciplinary History

Defendants seek to exclude Defendant Noradin's disciplinary history. In 2015, Noradin was suspended for one day for violating police department regulations and two Chicago Police Department general orders in connection with a 2009 police chase where he did not identify his unit number over the radio. Plaintiff asserts that Noradin's continued denial of violating regulations and general orders is evidence of untruthfulness and a motive to lie. The conduct related to Noradin's suspension is not relevant to the allegations in the current case. As to Noradin's character for truthfulness, Rule 608(b) provides that "[e]xcept for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." *Patterson v. City of Chicago*, 2017 WL 770991, at *3 (N.D. Ill. Feb. 28, 2017) (citing Fed. R. Evid. 608(b)). On cross-examination, however, the Court may "allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of" the testifying

---

[1] Defendants argue Plaintiff has no way to prove that the proposed other-act evidence actually occurred. Other-act evidence must be "sufficient for the jury to find by a preponderance of the evidence that the other act was committed." *Gomez*, 763 F.3d at 853-55. Plaintiff does not address this argument.

witness.  Fed. R. Evid. 608(b).  Rule 403 limits that cross-examination.  *Patterson*, 2017 WL

770991, at *3 (citing *First Webber Grp., Inc. v. Horsfall*, 738 F.3d 767, 778 (7th Cir. 2013);

*United States v. Mandell*, 2014 WL 464226, at *3 (N.D. Ill. Feb. 3, 2014)).

     Plaintiff's argument that Defendant Noradin's suspension for violating police regulations

and general orders is relevant to his truthfulness because he fought the finding for years through

his "appeals and grievances" is not persuasive.  Defendant's exercise of his due process rights at

the police department does not bear on his truthfulness.  Moreover, Plaintiff argues that

Defendant Noradin's discipline shows "he has a motive to testify falsely in this case to avoid any

discipline from his employer for violating rules, regulations, orders and directive[s] of the

Chicago Police Department."  (R. 269, at 5.)  Plaintiff is free to raise this motive evidence

without linking it to the prior, unrelated discipline.

     In addition, under Federal Rule of Evidence 403, evidence may still excluded "if its

probative value is substantially outweighed by a danger of one or more of the following: unfair

prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly

presenting cumulative evidence."  Fed. R. Evid. 403.  A district court must "assess whether the

probative value of the other-act evidence is substantially outweighed by the risk of unfair

prejudice and may exclude the evidence under Rule 403 if the risk is too great."  *Gomez*, 763

F.3d at 860.  Defendant Noradin's exercise of his due process rights at the police department is

not probative to Plaintiff's claims here and would lead to undue prejudice.

     The Court grants this aspect of the motion without prejudice.  If Plaintiff believes that

Defendants open the door to the use of this evidence on cross examination, she should first front

the issue with the Court outside the presence of the jury.

**CONCLUSION**

For the foregoing reasons, the Court grants in part, grants in part without prejudice, and denies in part Defendants' Motion in Limine #6 to Bar Reference to Other Lawsuits, Complaint Register Files, or Other Disciplinary History Events.

**DATED:** June 7, 2017                                   **ENTERED:**

AMY J. ST. EVE
United States District Court Judge