**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NICOLE HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 14 C 04391 |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO, et al., | ) | The Honorable Amy J. St. Eve |
| | ) | |
| Defendants. | ) | |

**Pre-Trial Order Schedule C
Defendants' Revised Exhibit List\***

**<u>Defendants' Exhibits</u>**

| Ex. No. | Description of Document | Bates No. | Plaintiff's Objection | Defendants' Response |
|---|---|---|---|---|
| 1. | Postmortem Photos (1-1 through 1-23) | PL ME Sub 25, 36, 58,53,54,32,48,65,29,38,52, 40,45,26,44,56,27,24,60,51, 42,50,61 | Plaintiff objects to all the photographs of Jaquari Dancy's body being shown to the jury pursuant to Fed. R. Evid. 403. Neither the Plaintiff's nor Defendants' experts take issue with the physical findings indicating that Jaquari asphyxiated, including the petchiae in Jaquari's eyes or face. Neither expert disputes that ligature mark indentations are on parts, but not all of Jaquari's neck in these photographs. Neither dispute the actual physical findings made by Dr. Denton. Therefore, these pictures are not needed to prove | These autopsy pictures contain pictures of the ligature mark, petechiae and the clothes and are at the heart of the main issue in this case, i.e., whether Jaquari died as a result of strangulation vs. hanging and whether his death was due to a homicide or accident. Defendants would be unable to present a defense without the use of these pictures. Plaintiff claims that neither expert disputes that the ligature mark is on parts, but not all, of Jaquari's neck. This argument misses the point. The appearance of the ligature will be the Defendants' primary |

| | | | | disputed facts. But, they are extremely graphic and disturbing photographs of a young four year old who has died depicted on a bare metal table that are likely to cause an unwarranted and unnecessary emotional response from the jury that is extremely prejudicial to the Plaintiff, particularly where the Defendants continue to argue she killed her own child. Moreover, Plaintiff should not have to view these grotesque and graphic images of her deceased son. | defense to Plaintiff's case. Specifically, the precise location of the ligature mark, the appearance of the ligature mark, the color of parts of the ligature mark, the amount of force needed to cause the type of ligature mark Plaintiff's neck, the width of the ligature mark, the deepness of parts of the ligature mark, the amount of gap on the neck without the ligature mark, just to name a few, are all factors that Dr. Denton (the Medical Examiner) and/or Defendants' expert took into account in determining that Jaquari died as a result of ligature strangulation rather than a hanging and died as a result of homicide rather than an accident. Importantly, Dr. Denton and Defendants' expert relied on these pictures in coming to their conclusions and will use these pictures to explain their opinions and conclusions. Moreover, part of the cross examination of Plaintiff's expert will be specifically confronting him with pictures of the ligature mark which will undermine his opinions. Additionally, the fact that Plaintiff's expert concedes that Jaquari |
|---|---|---|---|---|---|

|  |  |  |  | developed petechiae also misses the point. It is the location and amount of petechial that is important. Both Dr. Denton and Defendants' expert will opine that the amount of petechiae found on Jaquari is more consistent with a strangulation than a hanging. Simply conceding that there was petechial does not eliminate the need to show pictures depicting the amount of petechiae and location of it. Finally, none of the pictures are of such a graphic nature that is unfairly prejudicial. All of the pictures of the ligature mark, except for one, is a close-up picture of the ligature mark. The remaining pictures show petehiae, external injuries that Defendants will argue is consistent with a homicide, and of clothes. |
|---|---|---|---|---|
| 1-1. |  | PL Nicole Harris ME Subpoena 25 | Plaintiff objects to this px pursuant to Fed. R. Evid. 403. It is a disturbing photograph of Jaquari's body. See PL. MIL Doc. No. 218 and the Court's ruling Doc. No. 319. | Close-up of ligature mark. See Defendants' general response above. |
| 1-2. |  | PL Nicole Harris ME Subpoena 36 | Plaintiff objects to this px pursuant to Fed. R. Evid. 4-401-403. It is a disturbing photograph of Jaquari's body. See PL. MIL Doc. No. 218 and | Close-up of ligature mark. See Defendants' general response above. |

| | | | the Court's ruling Doc. No. 319. | |
|---|---|---|---|---|
| 1-3 | | PL Nicole Harris ME Subpoena 58 | Plaintiff objects to this px pursuant to Fed. R. Evid. 401-403. It is a disturbing photograph of Jaquari's naked back on an autopsy table. See PL. MIL Doc. No. 218 and the Court's ruling Doc. No. 319.<br><br>The cropped image the Defendants' now seek to admit continues to show Jaquari's naked back and it is blurry. Plaintiff continues to object pursuant to Fed. R. Evid. 403. | Picture of ligature mark and large gap in ligature mark that cannot be seen in close-up picture of ligature mark. See Defendants' general response above. |
| 1-4. | | PL Nicole Harris ME Subpoena 53 | Plaintiff objects to this px pursuant to Fed. R. Evid. 401-403. It is a disturbing photograph of Jaquari's face. See PL. MIL Doc. No. 218 and the Court's ruling Doc. No. 319. | Close-up of petechiae. See Defendants' general response above. |
| 1-5. | | PL Nicole Harris ME Subpoena 54 | Plaintiff objects to this px pursuant to Fed. R. Evid. 403. It is a disturbing photograph of Jaquari's body. See PL. MIL Doc. No. 218 and the Court's ruling Doc. No. 319. | Close-up of ligature mark on left side and gap on neck without ligature mark. See Defendants' general response above. |
| 1-6. | | PL Nicole Harris ME Subpoena 32 | Plaintiff objects to this px pursuant to Fed. R. Evid. 403. It is a disturbing photograph of Jaquari's body. See PL. MIL Doc. No. 218 and the Court's ruling Doc. No. 319. It also has a | Close-up of ligature mark. See Defendants' general response above. |

|  |  |  |  |  |
|---|---|---|---|---|
|  |  |  | dark shadow making it difficult to see. |  |
| 1-7. |  | PL Nicole Harris ME Subpoena 48 | Plaintiff objects to this px pursuant to Fed. R. Evid. 403. It is a disturbing photograph of Jaquari's body. See PL. MIL Doc. No. 218 and the Court's ruling Doc. No. 319. | Close-up of ligature mark with elastic band. See Defendants' general response above. |
| 1-8. |  | PL Nicole Harris ME Subpoena 65 | Plaintiff objects to this px pursuant to Fed. R. Evid. 403. It is a disturbing photograph of Jaquari's body. See PL. MIL Doc. No. 218 and the Court's ruling Doc. No. 319. | Close-up of gap in ligature mark on right side of neck. See Defendants' general response above. |
| 1-9. |  | PL Nicole Harris ME Subpoena 29 | Plaintiff objects to this px pursuant to Fed. R. Evid. 403. It is a disturbing photograph of Jaquari's face. See PL. MIL Doc. No. 218 and the Court's ruling Doc. No. 319. | Close-up of abrasions to mouth and petechiae. See Defendants' general response above. |
| 1-10. |  | PL Nicole Harris ME Subpoena 38 | Plaintiff objects to this px pursuant to Fed. R. Evid. 403. It is a disturbing photograph of Jaquari's body with a red mark. See PL. MIL Doc. No. 218 and the Court's ruling Doc. No. 319. | Close-up of external injury. See Defendants' general response above. |
| 1-11. |  | PL Nicole Harris ME Subpoena 52 | Plaintiff objects to this px pursuant to Fed. R. Evid. 403. It is a disturbing photograph of Jaquari's naked body. See PL. MIL Doc. No. 218 and the Court's ruling Doc. No. 319. | Close-up of external injury. See Defendants' general response above. |

| | | | | |
|---|---|---|---|---|
| 1-12. | | PL Nicole Harris ME Subpoena 40 | Plaintiff objects to this px pursuant to Fed. R. Evid. 403. It is a disturbing photograph of Jaquari's mouth being pried open. See PL. MIL Doc. No. 218 and the Court's ruling Doc. No. 319. | Close-up of petechiae. See Defendants' general response above. |
| 1-13. | | PL Nicole Harris ME Subpoena 45 | Plaintiff objects to this px pursuant to Fed. R. Evid. 403. It is a disturbing photograph of Jaquari's eye being pried open. See PL. MIL Doc. No. 218 and the Court's ruling Doc. No. 319. | Close-up of petechiae. See Defendants' general response above. |
| 1-14. | | PL Nicole Harris ME Subpoena 26 | Plaintiff objects to this px pursuant to Fed. R. Evid. 403. It is a disturbing photograph of Jaquari's lower lip being pried open. See PL. MIL Doc. No. 218 and the Court's ruling Doc. No. 319. | Close-up of abrasion in mouth and petechiae. See Defendants' general response above. |
| 1-15. | | PL Nicole Harris ME Subpoena 44 | Plaintiff objects to this px pursuant to Fed. R. Evid. 403. It is a disturbing photograph of Jaquari's eye being held open. See PL. MIL Doc. No. 218 and the Court's ruling Doc. No. 319. | Close-up of petechiae. See Defendants' general response above. |
| 1-16. | | PL Nicole Harris ME Subpoena 56 | Plaintiff objects to this px pursuant to Fed. R. Evid. 403. It is a disturbing photograph of Jaquari's face and head lying on an autopsy table. See PL. MIL Doc. No. 218 and the Court's ruling Doc. No. 319. | Close-up of petechiae. See Defendants' general response above. |

| | | | | |
|---|---|---|---|---|
| 1-17. | | PL Nicole Harris ME Subpoena 27 | | |
| 1-18. | | PL Nicole Harris ME Subpoena 24 | | |
| 1-19. | | PL Nicole Harris ME Subpoena 60 | | |
| 1-20. | | PL Nicole Harris ME Subpoena 51 | | |
| 1-21. | | PL Nicole Harris ME Subpoena 42 | | |
| 1-22. | | PL Nicole Harris ME Subpoena 50 | | |
| 1-23. | | PL Nicole Harris ME Subpoena 61 | | |
| 2. | Scene Photos (2-1 through 2-95) | CCSAO 000002-000096 | Plaintiff will not object to the admission of these photographs but reserves the right to object to them to the extent defendants contend that certain ones truly and accurately depict the integrity of the bedroom at the time of Jaquari's death. | |
| 3. | Evidence Inspection Photos (3-1 through 3-95) | DEF 578, 580, 582, 584, 586-593, 595, 597, 599-609, 611, 640, 671- | Plaintiff objects to DEF 589, 591-592 pursuant to Fed. R. Evid. 401-403. This is not how the children's bedroom appeared at the time of Jaquari's death and there | As it relates to DEF 589, 591-592, Plaintiff's argument that the pictures show the bedroom in a different condition at the time of death is not well taken as Plaintiff has |

| | | | | |
|---|---|---|---|---|
| | | 675, 686-689, 692, 695, 699-702, 709, 734, 737-755, 763, 766, 768, 771-773, 779, 781, 784, 786, 804, 826-827, 830, 837, 843, 850-851, 854, 857, 859, 863, 864-873 | is no foundation regarding when the photos were taken and no subsequent chain of custody. Plaintiff objects to DEF 686-689, 692, 695, 699, 702, 709 pursuant to Fed. R. Evid. 403. These close up photographs of Jaquari's clothes were taken decades after his death, and it appears there was either degradation of whatever substance was on the clothes or perhaps if the clothes were treated with something, that substance has reacted over the years. The photographs also appear to have been shot with a strong flash, causing them to appear different from the photographs the ME took of Jaquari's clothes at the autopsy conducted the day after Jaquari died. [If the close up photos of Jaquari's one sock is admitted, Plaintiff would seek to admit pictures of Def 703- 708, the other sock]<br><br>Plaintiff objects to the close up of the picture of Jaquari's underwear in 695 as not relevant and prejudicial pursuant to Fed. R. Evid. 401-403.<br><br>Plaintiff objects to the | offered similar pictures of the bedroom which show the bedroom in different conditions. See e.g., see DEF 590. Moreover, these pictures may be relevant if Plaintiff attempts to argue the Defendants were involved with any misconduct as it relates to the investigation. As it relates to Plaintiff's objections to DEF 686-689, 692, 695, 699, 702, 709, Plaintiff has not presented any evidence that the clothes in those pictures were degraded in any way or treated with any sort of substance. Rather, the lighting of the pictures simply better illustrates how the clothes appear.<br><br>As it relates to picture 695, this picture may become relevant if Plaintiff argues Defendants committed misconduct in the collection of evidence.<br><br>As it relates to pictures 826, 827, 830, 854, 857 and 859, these pictures may become relevant if Plaintiff argues Defendants committed misconduct in the collection of evidence. |

| | | | | |
|---|---|---|---|---|
| | | | relevance of 826, 827, 830, 854, 857 and 859 pursuant to Fed. R. Evid. 401-403. | |
| 4. | Nicole Harris photo from Arrest Report | CITY 217 | Fed. R. Evid. 403. This is a mug shot picture of Nicole Harris and was purportedly taken at 4:25 a.m. on May 16, over 3 hours after Plaintiff gave her videotaped confession at 1:06 a.m. Defendants claim that this bears on Plaintiff's mental state but not at any time relevant or material to Plaintiff's claims or Defendants' defenses. See this Court's ruling Doc. No. 344 and Plaintiff's MIL. Doc. Nos. 218 and 294. | Plaintiff has offered a picture of Plaintiff around the same time and it is only fair to give the jury a complete picture of how plaintiff appeared during the time in question. Moreover, there is no mention in the picture that this is a mugshot. But, even if there was, that would not make the picture prejudicial as there is no dispute she was arrested. |
| 5. | Nicole Harris Consent to Videotape | CITY 510 | | |
| 6. | Nicole Harris Polygraph Consent | CITY 577 | | |
| 7. | Transcript of Video Confession (7-1 thru 7-23) | CCSAO 98-120 | | |
| 8. | Video of Confession | | | |
| 9. | Full Transcript of Dr. Galatzer-Levy Interview of Diante | PL 14958-15011 | | |

|  |  |  |  |  |
|---|---|---|---|---|
|  | Dancy (9-1 through 9-54) |  |  |  |
| 10. | First Video Interview of Diante Dancy with Dr. Galatzer-Levy |  |  |  |
| 11. | Second Video Interview of Diante Dancy with Dr. Galatzer-Levy |  |  |  |
| 12. | Opening Remarks for Video Statement (12-1 thru 12-4) | CCSAO 122-125 | Fed. R. Evid. 403; Cumulative to Def. Ex.8 and it is confusing and misleading as it is incomplete and does not fairly represent the entirety of the statement. | This document is not misleading at all and is highly relevant. Plaintiff is claiming her confession was involuntary. This document tends to show otherwise. This document is not cumulative to Ex 8 as Exhibit 8 is a video and this exhibit is a written acknowledgement that Plaintiff's rights were given to her. |
| 13. | Plaintiff's Response to Defendant Officers' Request for Admission Request No. 7 |  | Fed. R. Evid. 403; This admission is not relevant to the current proceedings. The question of whether Plaintiff's confession was coerced is for this jury to determine. It is immaterial that no court has found Plaintiff's confession coerced, although the decision on her habeas alluded | First, this document is admissible as a party admission. Moreover, this document is highly relevant, especially given that Plaintiff will be mentioning her Certificate of Innocence throughout the trial. The Plaintiff wants it both ways. The Plaintiff |

| | | | to this probability. This admission will also be confusing and misleading to this jury. It references a court other than this one and may mislead the jurors to think this is not an issue for them alone to decide. | wants to be able to testify that a court has declared her innocent, which will give the impression that a court has found her confession to be coerced, while at the same time, prohibit the Defendants from introducing an admission by the Plaintiff filed after she received her Certificate of Innocence that no court has found that her confession was coerced. If the jury is allowed to hear evidence that the Plaintiff has received a Certificate of Innocence and is prohibited from hearing plaintiff's admission that no court found her confession to be coerced, then the jury will be mislead. This admission allows the jury to get a more complete picture of what the Certificate of Innocence means, and more importantly, what it does not mean. |
|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| 14. | CAC Multidisciplinary Investigation Intake (AKA CAC File)** | PL 12659-12661 | | |
| 15. | Kelly GPR re Nicole Harris Family Info 05-14-05 | PL 009779-009780 | Plaintiff objects to the manner in which these documents are redacted and will agree to redact them in a way that makes the redactions less apparent | The way plaintiff has redacted materials is to simply eliminate the words, which leaves, at times, large gaps in the reports. These gaps or empty spaces in the reports gives the impression that the police reports created by the Defendants were altered. Defendants believe that the Plaintiff will attempt to argue that the Defendants manufactured police reports and/or altered them. By having these gaps in the police reports will play into Plaintiff's argument. The Defendants have redacted the reports in a way that it is clear that certain information on the reports have been redacted. This Honorable Court can instruct the jury that the reason for the blacked-out portions of the reports is because the Court has deemed those |

| | | | | portions to be irrelevant to issues in the case. |
|---|---|---|---|---|
| 16. | Kelly GPR re Nicole Harris Interview 05-14-05 | PL 009773-009774 | Plaintiff objects to the manner in which these documents are redacted and will agree to redact them in a way that makes the redactions less apparent | Please see Defendants' response #15. |
| 17. | Wo GPR re Sta-Von Dancy Interview 2145 hours 05-14-05 | PL 009788 | Plaintiff agreed to the inclusion of this document as part of a global compromise relating to agreement on the Clear & Closed report (Plaintiff's Exhibit #45), but certain portions of this document have not been appropriately redacted. We intend to raise this in court on Oct. 26, but it is our position that the entire sentence (not just the portion that Defendants redact) and the entire following sentence should be redacted. The first sentence without Defendant's current redaction says: "Stavon states he felt Nicole could do it as she has an anger problem." The next sentence ("Stavon stays with Nicole because he's afraid | Please see Defendants' response to #15 as it relates to how, generally, the document is redacted. As to the other portion of Plaintiff's objection, to put the issue of what should be redacted in context, the GPR relating to this sentence and one before this sentence is: "Stavon told Nicole has admitted to the strangulation of victim. Stavon states he felt Nicole could do it *as she has an anger problem*. Stavon stays with Nicole because he's afraid Nicole will hurt the kids." Defendants redacted "*as she has an anger problem*." This is consistent with the court's ruling on motion *in limine* #4. |

| | | | | |
|---|---|---|---|---|
| | | | Nicole will hurt the kids") flows from this first statement and is directly related to her anger problem.  We know that these statements stemmed from discussion of the anger management issue in Edwardsville because of the Defendants' testimony about it.  That anger management issue was barred as part of MIL #4 (ruling the prohibition applies not only to arrest records "but also to any discussion of the underlying incident…" See Doc. No. 323.  Similarly, this Court denied testimony of prior bad acts/reputation for volatility or anger in MIL #17 part I.  See Doc. No. 383.  If this comes in, Plaintiff is unduly hampered in trying to have Mr. Dancy explain the statements (if he indeed said them), because to do so, he would have to open the door to the domestic violence incident that has been barred.  Plaintiffs request the ability to address this further in | Plaintiff has no basis to redact that when Stavon was told Nicole admitted to the strangulation that Stavon felt she could do it.  Nor does Plaintiff have a basis to redact that Stavon only stays with the Plaintiff because he feared for his kids. Both statements are highly relevant to the issues in this case. |

| | | | | |
|---|---|---|---|---|
| | | | court. Plaintiff also objects to the manner in which these documents are redacted and will agree to redact them in a way that makes the redactions less apparent | |
| 18. | Wo GPR re Sta-Von Dancy Interview 2145 Hours 05-14-05 | PL 009789-009790 | Plaintiff objects to the manner in which these documents are redacted and will agree to redact them in a way that makes the redactions less apparent | Please see Defendants' response to #15 as it relates to how, generally, the document is redacted. |
| 19. | Polygraph Case Review | CITY 576 | | |

**\*\***Defendants will offer this Exhibit if their objection to Plaintiff's Exhibit No. 3 is denied, and if the Court allows evidence regarding the "draft" designation on Detective Wo's GPR.

**Demonstrative Exhibits**

| | | | | | |
|---|---|---|---|---|---|
| 1A. | Timeline | | | No objection assuming there is evidence that supports these factual assertions | |
| 2B. | Polygraph Charts with John Palmatier Notations | | | No objection assuming there is evidence that supports these factual assertions | |

- This revised exhibit list merely adds exhibits 15-19 (police reports) to conform with the parties' agreement at the Final Pre-Trial Conference on October 18, 2017.

        Respectfully submitted,

        */s/ Andrew M. Hale*
        One of the Attorneys for Defendant Officers

Andrew M. Hale
Scott Jebson
Jennifer Bitoy
HALE LAW LLC
53 W. Jackson Blvd., Suite 330
Chicago, IL 60604
(312) 341-9646

## **CERTIFICATE OF SERVICE**

I, Andrew M. Hale, an attorney, hereby certify that on October 25, 2017, I electronically filed the foregoing document with the Court's CM/ECF system, which simultaneously sent an electronic copy of the same to all counsel of record.

/s/ *Andrew M. Hale*