

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NOTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **NICOLE HARRIS,** | ) | |
| | ) | **No. 14 C 4391** |
| **Plaintiff,** | ) | |
| | ) | **Judge Amy J. St. Eve** |
| **v.** | ) | |
| | ) | |
| **CITY OF CHICAGO, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# FILED

NOV 1 6 2017

**JURY INSTRUCTIONS**

JUDGE AMY ST. EVE
United States District Court

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

In this case, Defendants Robert Bartik, Demosthenes Balodimas, Robert Cordaro, John J. Day, James M. Kelly, Michael Landando, Anthony Noradin, and Randall Wo were governmental officials while Ms. Harris is a private citizen. All parties are equal before the law. All parties in this case are entitled to the same fair consideration. You are not to afford any more credibility to statements made by a witness or a party because he is a governmental official, and you are not to afford any less credibility to statements made by a witness or a party because she is a private citizen.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

During the trial, certain testimony was presented to you by the reading of a deposition or the showing of a video of a deposition. You should give this testimony the same consideration you would give it had the witnesses appeared and testified in court.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

You may consider statements given by a party or a witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath that is inconsistent with his testimony here in court, you may consider the earlier statement only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering prior inconsistent statements, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

It is proper for a lawyer to meet with any witness in preparation for trial.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Certain demonstrative exhibits have been shown to you. Those exhibits are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

The Plaintiff in this case is Nicole Harris. The defendants in this case are Robert Bartik, Demosthenes Balodimas, Robert Cordaro, John J. Day, James M. Kelly, Michael Landando, Anthony Noradin and Randall Wo, who were at all times relevant to this case, employees of the Chicago Police Department. I will refer to them as the Defendants.

Plaintiff Harris claims that the Defendants caused her wrongful conviction by fabricating evidence against her which was used against her in a criminal trial, or failed to intervene to prevent the creation of this fabricated evidence, thereby violating her right to a fair trial in violation of her right to due process guaranteed by the Fourteenth Amendment of the U.S. Constitution.

Plaintiff Harris claims that the Defendants coerced her into giving a false confession, or failed to prevent her coerced false confession in violation of her rights guaranteed by the Fifth and Fourteenth Amendments to the U.S. Constitution.

Plaintiff Harris claims that the Defendants conspired to fabricate evidence against her and/or coerce her false confession in violation of her rights guaranteed by the Fifth and Fourteenth Amendments to the U.S. Constitution.

Plaintiff Harris claims the Defendants maliciously prosecuted her in violation of her rights guaranteed by Illinois state law.

Plaintiff Harris claims the Defendants intentionally inflicted emotional distress upon her in violation of her rights guaranteed by Illinois state law.

Plaintiff Harris claims the Defendants conspired against her to maliciously prosecute and/or intentionally inflict emotional distress upon her in violation of her rights guaranteed by Illinois state law.

The Defendants deny each of Plaintiff Harris' claims.

19

You must give separate consideration to each claim and each party in this case. Although there are eight defendants, it does not follow that if one is liable, any of the others is also liable.

Plaintiff must prove by a preponderance of the evidence that each Defendant was personally involved in the conduct that Plaintiff complains about.

Plaintiff Harris claims that Defendants Bartik, Balodimas, Cordaro, Day, Kelly, Landando, Noradin and/or Wo violated her right to a fair trial by fabricating evidence that was used to convict Plaintiff Harris in a criminal case. To succeed on this claim, Plaintiff Harris must prove each of the following things by a preponderance of the evidence:

1. The defendant knowingly fabricated or knowingly participated in the fabrication of evidence that was introduced against plaintiff at her criminal trial.

2. The evidence was material.

3. Plaintiff was damaged as a result.

Fabricated evidence is "material" if there is a reasonable likelihood that the result in the criminal proceeding would have been different if the evidence had not been introduced at trial.

If you find that Plaintiff Harris has proved each of these three things by a preponderance of the evidence as to the Defendant you are considering, then you should find for Plaintiff Harris, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff Harris has failed to prove any of these things by a preponderance of the evidence against the Defendant you are considering, then you should find for that Defendant, and you will not consider the question of damages on this claim for that Defendant.

Plaintiff Harris claims that Defendants Bartik, Balodimas, Cordaro, Day, Kelly, Landando, Noradin and Wo violated her constitutional right against self-incrimination by coercing her to give a false confession.

To succeed on this claim, Plaintiff Harris must prove the following elements by a preponderance of the evidence:

1. That the Plaintiff gave a false confession.

2. That this false confession was not made by the Plaintiff voluntarily but rather was made involuntarily as a result of improper coercion by the Defendant you are considering.

3. The coerced false confession was used against the Plaintiff during her criminal case.

4. The Plaintiff was damaged as a result.

If you find that Plaintiff Harris has proved these propositions as to the Defendant you are considering, then you should find for Plaintiff Harris on this claim, and against that Defendant and go on to consider the question of damages.

If, on the other hand, you find that the Plaintiff Harris has failed to prove any of these things by a preponderance of the evidence against the Defendant you are considering, then you should find for that Defendant, and not consider the question of damages as to that Defendant on this claim.

A confession is voluntary if, in the totality of the circumstances, it is the product of a rational intellect and free will and not the result of physical abuse, psychological intimidation, or deceptive interrogation tactics which have overcome a person's free will and ability to make a rational choice. Specific methods of interrogation, including the use of deceit, are not in and of themselves prohibited unless if taken together with the totality of circumstances they result in overcoming a person's free will and ability to make a rational choice.

Plaintiff Harris claims that Defendants Bartik, Balodimas, Cordaro, Day, Kelly,

Landando, Noradin and Wo failed to intervene to prevent the violations of her right to a fair trial

and/or her right to be free of a coercive interrogation.

To succeed on her failure to intervene claim, Plaintiff Harris must prove each of the

following things by a preponderance of the evidence as to the particular defendant you are

considering:

1. That plaintiff's right to a fair trial and/or her right to be free of a coerced false confession was/were violated by one or more of the defendants.

2. That the defendant you are considering knew that one or more of the other defendants violated the plaintiff's right to a fair trial and/or her right to be free of a coerced false confession.

3. That the defendant you are considering had a realistic opportunity to stop the violation of the plaintiff's right to a fair trial and/or her right to be free of a coerced false confession.

4. That the defendant you are considering did not take reasonable steps to stop the violation of the plaintiff's right to a fair trial and/or her right to be free of a coerced false confession, despite having an opportunity to do so.

5. As a result, the plaintiff's right to a fair trial and/or her right to be free of a coerced false confession was/were violated as defined in one of the earlier claims.

If you find that Plaintiff Harris has proved each of these things by a preponderance of the

evidence with respect to her right to a fair trial and/or her right to be free of a coerced false

confession then you should find for Plaintiff Harris on that or those claims as to the Defendant

you are considering, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff Harris has failed to prove any of these things

by a preponderance of the evidence as to the Defendant you are considering, then you should

find for that Defendant, and you will not consider the question of damages on this claim for that

Defendant.

Plaintiff Harris claims that Defendants Bartik, Balodimas, Cordaro, Day, Kelly, Landando, Noradin and Wo conspired to deprive her of her right to a fair trial by fabricating evidence and/or her right to be free of a coerced false confession. A conspiracy is a combination of two or more persons acting together to commit an unlawful act. The principal element of a conspiracy is an agreement to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.

To succeed on this claim, Plaintiff Harris must prove each of the following things by a preponderance of the evidence as to the particular Defendant you are considering:

1. Plaintiff must prove there was an agreement between two or more persons to fabricate evidence and/or coercively obtain her false confession. Plaintiff must prove that the participants shared this common purpose. She does not have to prove there was a formal or express agreement or plan in which all involved met together and worked out the details. She also does not have to prove that each participant knew all the details of the conspiratorial plan or the identity of all the participants.

2. The defendant knowingly became a member of the conspiracy with the intention to carry out the conspiracy.

3. One or more of the conspirators committed an act in an effort to carry out the conspiracy.

4. As a result, Plaintiff's right to a fair trial and/or her right to be free of a coerced false confession was/were violated as I have already defined for you in the instructions for these claims.

If you find that Plaintiff Harris has proved each of these things by a preponderance of the evidence as to the Defendant you are considering, then you should find for the Plaintiff against that Defendant on her federal conspiracy claim, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff Harris has failed to prove any of these things by a preponderance of the evidence against the Defendant you are considering, then you should find for that Defendant on her federal conspiracy claim, and you will not consider the question of damages on this claim as to that Defendant.

26

Plaintiff Harris claims that Defendants Bartik, Balodimas, Cordaro, Day, Kelly, Landando, Noradin and Wo maliciously prosecuted her in violation of Illinois state law. To succeed on this claim, Plaintiff Harris must prove each of the following things by a preponderance of the evidence:

1. That the relevant defendant caused the commencement or continuation of a criminal proceeding against Plaintiff.

2. The criminal proceedings were terminated in plaintiff's favor and in a manner indicative of innocence.

3. There was no probable cause to prosecute plaintiff for the accused crime.

4. That the relevant defendant acted with malice in bringing the prosecution.

5. Plaintiff suffered damages as a result thereof.

Plaintiff Harris claims that the defendants maliciously prosecuted her for murder.

If you find that Plaintiff Harris has proved each of these things by a preponderance of the evidence then you should find for Plaintiff Harris on her malicious prosecution claim as to the Defendant you are considering, and go on to consider the question of damages as to that Defendant.

If, on the other hand, you find that Plaintiff Harris has failed to prove any of these things by a preponderance of the evidence as to the Defendant you are considering, then you should find for that Defendant, and you will not consider the question of damages on this claim as to that Defendant.

Malice is the intent, without justification, to commit a wrongful act. In order to find malice, you must find that one or more of the Defendant officers commenced or continued the criminal proceeding against Plaintiff Harris with any motive other than that of bringing a guilty party to justice. Malice does not necessarily mean personal ill-will, spite, or hatred toward the Plaintiff. A police officer commences or continues a criminal proceeding with malice if the officer who commences or continues the criminal proceeding was motivated by something other than a desire to bring a guilty party to justice

Malice may be inferred from the absence of probable cause if the circumstances that surrounded the start of the criminal proceeding are not consistent with good faith, and if the absence of probable cause has been proven by a preponderance of the evidence.

For purposes of a malicious prosecution claim, probable cause exists if a prudent person would have believed that Plaintiff Harris committed the offense of murder for which she was charged. In making this decision, you should consider what the Defendant or Defendants knew and what reasonably trustworthy information the Defendant or Defendants had received.

In order to determine Plaintiff Harris' malicious prosecution claim, you must decide whether there was probable cause to believe Plaintiff Harris had committed the offense of "First Degree Murder" against her son Jaquari Dancy.

Under Illinois law, a person commits the crime of First Degree Murder, when she kills an individual without lawful justification and in performing the acts which causes the death she knows that such acts create a strong probability of death or of great bodily harm.

You have heard evidence that Plaintiff Harris was awarded a Certificate of Innocence in the State court. The State court's decision to issue a Certificate of Innocence is not binding on you in this case.

The State court decided different issues than those before you when issuing the Certificate of Innocence. The State court was not asked to nor did it decide the issue of whether Plaintiff's constitutional rights were violated or whether the Defendants engaged in any misconduct under state or federal law. The State court was not asked nor did it decide the issue of whether Plaintiff's confession was false, fabricated or coerced. These are issues for you alone to decide. You have listened to and heard all the evidence in this case and are to decide this case based on the evidence you heard in this case and this case alone.

Plaintiff Harris claims that Defendants Bartik, Balodimas, Cordaro, Day, Kelly, Landando, Noradin and Wo intentionally inflicted emotional distress upon her in violation of Illinois State law.

In order to prove that a defendant intentionally inflicted emotional distress on Plaintiff Harris, Plaintiff Harris must prove each of the following propositions by a preponderance of the evidence against a defendant:

1. Defendant's conduct was extreme and outrageous.

2. Defendant either intended his conduct to inflict severe emotional distress or knew there was a high probability that his conduct would cause severe emotional distress.

3. Defendant's conduct in fact caused severe emotional distress.

4. Defendant's conduct was willful and wanton.

If you find that Plaintiff Harris has proved each of these things by a preponderance of the evidence as to the Defendant you are considering, then you should find for the Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff Harris has failed to prove any of these things by a preponderance of the evidence against the Defendant you are considering, then you should find for that Defendant, and you will not consider the question of damages on this claim as to that Defendant.

By "extreme and outrageous conduct" I mean conduct that, under the circumstances, extends beyond the bounds of human decency and is considered intolerable in a civilized community. A pattern, course, or accumulation of acts can make an individual's conduct extreme, even if one instance of such behavior might not be.

In determining whether conduct is extreme and outrageous, you may consider the following factors: the degree of power or authority which Defendants had over Plaintiff Harris, whether Defendants reasonably believed that their conduct had a legitimate objective; and whether Plaintiff Harris was particularly susceptible to emotional distress because of some mental condition or state.

When I use the expression "willful and wanton conduct" I mean a course of action which shows actual or deliberate intention to harm.

Plaintiff Harris claims that Defendants Bartik, Balodimas, Cordaro, Day, Kelly, Landando, Noradin and Wo conspired to maliciously prosecute her and/or intentionally inflict emotional distress upon her. A conspiracy is combination of two or more persons acting together to commit an unlawful act. The principal element of a conspiracy is an agreement to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.

To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence as to the particular Defendant you are considering:

1. Plaintiff must prove there was an agreement between two or more persons to maliciously prosecute her and/or intentional inflict emotional distress upon her. Plaintiff must prove that the participants shared this common purpose. She does not have to prove there was a formal or express agreement or plan in which all involved met together and worked out the details. She also does not have to prove that each participant knew all the details of the conspiratorial plan or the identity of all the participants.

2. The defendant knowingly became a member of the conspiracy with the intention to carry out the conspiracy.

3. One or more of the conspirators committed an act in an effort to carry out the conspiracy.

4. As a result, Plaintiff was maliciously prosecuted and/or had emotional distress intentionally inflicted upon her as I have already defined for you in the instructions for these claims.

If you find that Plaintiff Harris has proved each of these things by a preponderance of the evidence as to the Defendant you are considering, then you should find for the Plaintiff with respect to her state law conspiracy claim, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any of these things by a preponderance of the evidence against the Defendant you are considering, then you should find for that Defendant with respect to this state law claim, and you will not consider the question of damages on this claim as to that Defendant.

35

In these instructions, you have been asked whether the Defendants' actions caused the injury. This question does not ask about "**the** cause" but rather "**a** cause" because an injury may have more than one cause. Someone's act caused the injury if it was a substantial factor in producing the injury. An injury may be caused by one person's act or by the combined acts of two or more people.

It need not be the only cause, nor the last or nearest cause. It is sufficient if it combines with another cause resulting in the injury.

If you find in favor of the Plaintiff Harris on any of her claims, then you must determine what amount of damages, if any, Plaintiff Harris is entitled to recover.

If you find in favor of the defendants on all of the Plaintiff Harris' claims, then you will not consider the question of damages.

If you find in favor of Plaintiff Harris on one or more of her claims, then you must determine the amount of money that will fairly compensate Plaintiff Harris for any injury that you find she sustained and is reasonably certain to sustain in the future as a direct result of the violation of her rights guaranteed by the U.S. Constitution or Illinois state law.

Plaintiff Harris must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

- The physical and emotional pain and suffering that plaintiff has experienced and is reasonably certain to experience in the future.

- Any disability or the loss of a normal life that plaintiff has experienced and is reasonably certain to experience in the future.

- Any actual impairment of reputation, personal humiliation, mental anguish and suffering that plaintiff has experienced and is reasonably certain to experience in the future.

- Any out of pocket expenses or losses.

- The wages, salary and earning capacity that plaintiff has lost and the present value of those wages, salary and earning capacity that plaintiff is reasonably certain to lose in the future because of her diminished ability to work.

No evidence of the dollar value of physical or mental and emotional pain and suffering, or disability, or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate plaintiff for the injury she has sustained.

38

When I say "present value," I mean the sum of money needed now which, together with what that sum may reasonably be expected to earn in the future, will equal the amounts of those monetary losses at the times in the future when they will be sustained.

You have heard evidence of the Defendants' finances in this case. If you find for the Plaintiff, under the law, the City of Chicago is obligated to indemnify the Defendants and pay for any compensatory damages awarded to the Plaintiff. You should therefore not consider the Defendants' financial condition in assessing compensatory damages. If you award punitive damages, however, the Defendants pay for punitive damages and you may consider the Defendants' financial condition.

If you find for Plaintiff Harris, you may, but are not required to, assess punitive damages against any defendant. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to defendants and others not to engage in similar conduct in the future.

Plaintiff Harris must prove by a preponderance of the evidence that punitive damages should be assessed against a defendant. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring plaintiff. Conduct is in reckless disregard of plaintiff's rights if, under the circumstances, a defendant simply did not care about plaintiff's rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- The reprehensibility of a defendant's conduct;
- The impact of defendant's conduct on plaintiff;
- The relationship between plaintiff and a defendant;
- The likelihood that a defendant would repeat the conduct if an award of punitive damages is not made;
- Defendant's financial condition;
- The relationship of any award of punitive damages to the amount of actual harm the plaintiff suffered.

Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You many not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during the deliberations.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

The verdicts must represent the considered judgment of each juror. Your verdicts whether for or against the parties must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.