IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICOLE HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 14 C 4391 |
| v. | ) | |
| | ) | Judge Amy St. Eve |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

The Court, in its discretion, awards Defendant City of Chicago costs in the amount of $1,184.26 and Defendant Officers' timely request for costs in the amount of $4,978.48 based on Federal Rule of Civil Procedure 54(d)(1), 28 U.S.C. § 1920, and Plaintiff's financial inability to pay costs. The Court denies Defendant Officers' January 11, 2018 Supplemental Bill of Costs as waived under Northern District of Illinois Local Rule 54.1(a). Further, the Court, in its discretion, stays the enforcement of costs pending the outcome of Plaintiff's appeal.

**STATEMENT**

On November 17, 2017, a jury returned a verdict in favor of Defendants and the Court entered judgment that same day, thus Defendants were the prevailing party in this lawsuit pursuant to Rule 54(d)(1). The Court presumes familiarity with the facts underlying this lawsuit, as well as the Court's numerous rulings in this matter.[1] Before the Court are Defendant City of Chicago's and Defendant Officers' separate Bills of Costs brought pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920. For the following reasons, the Court, in its discretion, awards the City $1,184.26 in costs and Defendant Officers $4,978.48 in costs. The Court denies Defendant Officers' Supplemental Bill of Costs in the amount of $18,872.86 filed on January 11, 2018, as untimely under Local Rule 54.1(a). *See Oshana v. Coca-Cola Co.*, 487 F. Supp. 2d 961, 979 (N.D. Ill. 2007) ("Taxable costs (other than clerk's costs) are waived if a bill of costs is not filed within 30 days of entry of judgment.").

**LEGAL STANDARD**

Rule 54(d)(1) provides that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." *See* Fed.R.Civ.P. 54(d)(1). The list of recoverable costs pursuant to 28 U.S.C. § 1920, includes (1) fees of the clerk and marshal, (2)

---

[1] The Northern District of Illinois Executive Committee reassigned this lawsuit to the Court on February 17, 2017. Prior to reassignment, on June 14, 2016, the Honorable John Darrah granted the City's motion to bifurcate Plaintiff's *Monell* claim pursuant to Federal Rule of Civil Procedure 42(b) and stayed discovery and trial on that claim.

fees for transcripts, (3) witness fees and expenses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees under 28 U.S.C. § 1923, and (6) compensation for court-appointed experts and interpreters. *See Lauth v. Covance, Inc.,* 863 F.3d 708, 718 (7th Cir. 2017); *Harney v. City of Chicago,* 702 F.3d 916, 927 (7th Cir. 2012). Rule 54(d)(1) "provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago,* 469 F.3d 631, 634 (7th Cir. 2006). Taxing costs against the non-prevailing party requires two inquiries – whether the cost is recoverable and whether the amount assessed is reasonable. *See Little v. Mitsubishi Motors N. Am., Inc.,* 514 F.3d 699, 702 (7th Cir. 2008) (per curiam). District courts have considerable discretion in determining whether a particular cost is reasonable and necessary. *See Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013) ("the decision whether to award costs ultimately lies within the sound discretion of the district court"); *Armstrong v. BNSF Ry. Co.*, 880 F.3d 377, 383 (7th Cir. 2018) ("District courts have broad discretion in determining whether and to what extent prevailing parties may be awarded costs") (citation omitted).

"Any party seeking an award of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable." *Trs. of Chicago Plastering Inst. Pension Tr. v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009). In other words, although "[t]here is a presumption that the prevailing party will recover costs," that "presumption does not, however, relieve the prevailing party of the burden of establishing that potentially recoverable costs it incurred were reasonable and necessary." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 52 F. Supp. 3d 893, 897 (N.D. Ill. 2014) (citation omitted). To clarify:

> We emphasize that the burden of proof is not a mere formality. Rather, the burden of proof gives teeth to the requirement that before a prevailing party may require its adversary to pay costs, the prevailing party must prove with evidence and not merely with ipse dixit statements – that the costs were actually incurred, were reasonable in amount, and were necessary. Where there is a failure of proof, the party who has failed to carry its burden bears the consequences.

*Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 750 F. Supp. 2d 962, 969 (N.D. Ill. 2010).

## ANALYSIS

On December 1, 2017, the individual Defendant Officers filed a timely Bill of Costs seeking $47,469.85 for costs associated with fees of the clerks, service and summons, transcripts, photocopying, witnesses, and "other costs." On December 7, 2017, Defendant City of Chicago filed a timely Bill of Costs requesting $30,808.49 for costs associated with transcripts, photocopying and ESI, along with fees associated for retrieving records used in this lawsuit. Before addressing the separate Bills of Costs, the Court turns to Plaintiff's argument based on her financial hardship.

### I.     Financial Hardship

The Seventh Circuit has "recognized only two situations in which the denial of costs might be warranted: the first involves misconduct of the party seeking costs, and the second

involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." *Mother & Father v. Cassidy,* 338 F.3d 704, 708 (7th Cir. 2003). In other words, "only misconduct by the prevailing party worthy of a penalty (for example, calling unnecessary witnesses, raising unnecessary issues, or otherwise unnecessarily prolonging the proceedings), or the losing party's inability to pay will suffice to justify denying costs." *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988).

The first step in addressing Plaintiff's indigence argument is determining whether she is "incapable of paying court-imposed costs at this time or in the future." *Rivera,* 469 F.3d at 635 (citation omitted). In doing so, Plaintiff has the burden of providing the Court with documentation supporting her indigency, including "evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Id.*; *see also Rossi v. City of Chicago,* 790 F.3d 729, 738 (7th Cir. 2015) ("The burden of proving financial hardship falls on the objecting party, who must provide the court with sufficient documentation such as affidavits, statements of assets and income, and a schedule of expenses."). Next, the Court "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Rivera,* 469 F.3d at 635. The indigence exception is narrow, *see id.* at 636, in light of the presumption that reasonable costs are recoverable. *See Armstrong,* 880 F.3d at 383 ("The presumption created by Rule 54(d) in favor of awarding costs is difficult to overcome."). Nevertheless, "it is 'within the discretion of the district court to consider a plaintiff's indigency in denying costs under Rule 54(d).'" *Rivera*, 469 F.3d at 634 (citation omitted).

In support of her argument, Plaintiff has provided the Court with her declaration averring that before she was incarcerated, she worked for a few months at a nursing home in 2005. (R. 454-1, Harris Decl. ¶ 1.) Following her release from prison in 2013 – after approximately eight years in custody – Plaintiff states that she enrolled in a Master's Degree Program at Chicago State University in community counseling and graduated in 2017. (*Id.* ¶ 2.) Since July 1, 2017, Plaintiff has been employed as a clinical case manager in New York City and her net annual income is approximately $29,332.68. (*Id.* ¶ 3.) Plaintiff's monthly living expenses include student loans, rent, utilities, transportation, medical, a professional association fee, and telephone use, amounting to approximately $1,930 a month. (*Id.* ¶¶ 4, 5, 7.) In sum, Plaintiff avers that she has very little extra monthly income, namely, $375 a month, to pay the requested costs of approximately $78,000. (*Id.* ¶ 6.) Under these circumstances, it would take Plaintiff over 17 years to pay $78,000 of costs with the $375 she has left each month after paying her monthly bills, rent, and expenses.

Defendants, on the other hand, highlight that Plaintiff received a monetary award from the State of Illinois because she was granted a Certificate of Innocence. *See* 705 ILCS 5/2-702. Thus, they argue, Plaintiff is not indigent. Plaintiff, however, has averred that she has only $34.51 in her savings account and does not have any other assets, real estate, pensions, or investments. (Harris Decl. ¶ 8.) That she had a sum of money in the past does not factor into whether Plaintiff can pay "court-imposed costs at this time or in the future." *Rivera,* 469 F.3d at 635.

Turning to the second step, namely, "the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues," *see Rivera,* 469 F.3d at 635, there is no question that Plaintiff acted in good faith in bringing her lawsuit after the Seventh Circuit granted her habeas petition under 28 U.S.C. § 2254(d), *see Harrison v. Thompson,* 698 F.3d 609 (7th Cir. 2012), and the Cook County State's Attorney dismissed all charges against her. Moreover, Plaintiff's case was a hard-fought, close case involving complex constitutional issues. Under the circumstances, Plaintiff's considerable lack of resources supports a reduction of costs – especially in light of the amount of costs Defendants seek and Plaintiff's good faith in bringing this nonfrivolous lawsuit. *See Cross v. Rogers,* No. 15-CV-620-JPG-RJD, 2018 WL 828138, at *1 (S.D. Ill. Feb. 12, 2018) ("A reduction or denial of costs may be appropriate, for example, where a non-prevailing party is indigent and his suit is not frivolous."); *Mays v. BNSF Ry. Co.*, No. 10 C 153, 2013 WL 6645396, at *2 (N.D. Ill. Dec. 17, 2013) ("Given his negative monthly cash flow and outstanding debts, Mays is currently unable to satisfy a cost award."); *Tallman v. Freedman Anselmo Lindberg LLC,* No. 11-3201, 2013 WL 4041412, at *2 (C.D. Ill. Aug. 7, 2013) ("The amount of costs are $3,357.82, a large amount in light of Plaintiff's social security income and lack of assets"); *Barbee v. Macon Cnty. Highway Dep't,* No. 15-CV-2187, 2017 WL 5900274, at *2 (C.D. Ill. Apr. 5, 2017) ("although, as admitted by Plaintiff, the amount of the $1,200 cost is relatively low, that is still a high cost for an indigent person to pay"); *Frigo v. Brighthouse Networks*, No. 1:12-CV-00674-JMS, 2013 WL 6404961, at *1 (S.D. Ind. Dec. 5, 2013) ("An individual such as Mr. Frigo with such a small income is incapable of paying the nearly $1,000 in costs sought either now or in the future."); *see, e.g., Temple v. City of Chicago,* No. 14 C 4384, 2016 WL 8669630, at *6 (N.D. Ill. July 1, 2016); *Pryor v. City of Chicago*, No. 07 C 2479, 10/13/13 Mem. Op. Order, at 2 (N.D. Ill. 2013).

## II.     Bills of Costs

Before reducing the amount of costs, the Court turns to Plaintiff's specific objections to Defendant Officers' and City of Chicago's Bills of Costs under Rule 54(d)(1) and 28 U.S.C. § 1920.

### A.     Fees for Summons/Subpoena and Witness Fees

Defendant Officers seek $1,720.53 for costs associated with service fees and witness fees pursuant to 28 U.S.C. §§ 1920(1), (3). Service fees may not exceed the amount charged by the United States Marshal Service, which is $65.00 per hour, as well as any travel costs and out-of-pocket expenses. *See Collins v. Gorman,* 96 F.3d 1057, 1060 (7th Cir. 1996); *see also* 28 C.F.R. § 0.114(a)(3) (establishing fees for service of summons). In addition, "[c]ollectively, 28 U.S.C. §§ 1821 and 1920(3) authorize the award of costs to reimburse witnesses for their reasonable travel and lodging expenses." *Majeske v. City of Chicago*, 218 F.3d 816, 825-26 (7th Cir. 2000).

Although Defendant Officers attach invoices to their Bill of Costs and explain that they seek $55.00 for the service of subpoenas, they do not sufficiently explain why these subpoenas were necessary to the litigation. Thus, the Court will not award costs under § 1920(1). *See Se-Kure Controls, Inc. v. Vanguard Prod. Grp., Inc.*, 873 F. Supp. 2d 939, 943 (N.D. Ill. 2012) ("party seeking an award of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable") (citation omitted). That being said, Defendant Officers

4

offer some explanation for their witness fees request under § 1821 and § 1920(3) by listing the witnesses by name, although they do not adequately explain any travel costs. There is no indication from the record, however, that six of these witnesses testified in court or at a deposition as required by 28 U.S.C. § 1821. Therefore, the Court awards Defendant Officers costs for six witnesses in the amount of $240.00, along with the $40.00 witness fee for Sta-Von Dancy.

### B. Transcripts

Defendants request costs under § 1920(2), which "allows parties to recover only the transcript expenses that can be considered reasonable, that is, '[f]ees for ... transcripts necessarily obtained for use in the case.'" *Montanez v. Simon*, 755 F.3d 547, 558 (7th Cir. 2014) (quoting 28 U.S.C. § 1920(2)). Courts award deposition charges if the deposition appears reasonably necessary in light of the facts known at the time of the deposition. *See Little,* 514 F.3d at 702. Under Northern District of Illinois Local Rule 54.1(b), transcript costs shall not exceed the regular copy rate established by the United States Judicial Conference. *See* N.D.Ill.L.R. 54.1(b). Judicial Conference rates for depositions are $3.65 per page for ordinary transcripts, $4.25 per page for fourteen day transcripts, $4.85 per page for seven day transcripts, $6.05 per page for daily transcripts, and $7.25 per page for hourly transcripts.

In response, Plaintiff maintains that Defendants identify over 65 depositions and transcripts for reimbursement. Plaintiff argues that Defendants failed to make any showing why certain individuals were deposed or why the transcripts were "necessarily obtained for use in the case." In their reply brief and accompanying declaration, Defendant Officers provide a brief summary of these deponents describing their role in this matter. After carefully reviewing the descriptions counsel provided, the Court concludes that these deposition charges were reasonably necessary in light of the facts known at the time of the depositions.

Plaintiff also highlights that the City of Chicago and Defendant Officers seek costs for some of the same depositions. As Defendants correctly point out, however, "both law firms were entitled to obtain copies of depositions" based on certain conflict of interest issues. Nonetheless, both sets of Defendants seek costs for the full deposition rate (and not copy rate) for Plaintiff's expert witness Dr. Richard Leo. In light of the fact that the City of Chicago had already filed its successful motion to bifurcate Plaintiff's *Monell* claim at the time of Dr. Leo's deposition, the Court reduces $1,951.50 from the City's duplicate § 1920(2) request. Therefore, the Court awards the City $4,318.95 under § 1920(2). Further, the Court awards Defendant Officers $21,712.66 for transcript costs.

### C. Photocopies

Next, Defendants seek costs associated with photocopying and exemplification pursuant to 28 U.S.C. § 1920(4), which allows the Court to tax as costs for copies "necessarily obtained for use in the case." Courts interpret § 1920(4) to mean that photocopying charges for discovery and court copies are recoverable, but charges for copies made for attorney convenience are not. *See Montanez,* 755 F.3d at 558; *Kulumani v. Blue Cross Blue Shield Ass'n,* 224 F.3d 681, 685 (7th Cir. 2000).

5

The City of Chicago provides a chart of its costs associated with photocopying, including copies made of records and documents produced to Plaintiff. These charges include a total page number and cost per page of $0.10, which is considered a reasonable per page amount in this district. *See Life Plans,* 52 F. Supp. 3d at 898. The City also seeks costs associated with "data processing," which involves document imaging, ESI conversion, Bates-labeling, and OCR – costs that are recoverable in this district. *See Artunduaga v. Univ. of Chicago Med. Ctr.*, No. 12 C 8733, 2017 WL 1355873, at *6 (N.D. Ill. Apr. 13, 2017). The City, however, fails to sufficiently explain why $20,961.94 was incurred for tasks associated with these costs. Instead, the City provides the Court with 45 separate invoices that contain little explanation. Although the City mentions in its reply brief that some of these costs were associated with Defendant Bartik's polygraph records, it fails to point to the specific invoices indicating these costs – and the Court could not identify the relevant invoices due to the lack of sufficient detail on the invoices. The Court further notes that the City seeks costs for data processing that it incurred after Judge Darrah granted its motion to bifurcate Plaintiff's *Monell* claim staying discovery. For these reasons, the Court deducts $20,961.94 from the City's § 1920(4) request. The Court therefore awards the City $2,901.10 in costs pursuant to § 1920(3).

Defendant Officers also provide a chart of the costs associated with photocopying. This chart provides a sufficient breakdown of the number of photocopies and reflects per page amounts that are reasonable. *See Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 750 F. Supp. 2d 962, 979 (N.D. Ill. 2010) (under § 1920(4), the prevailing part is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs") (citation omitted). The Court thus awards Defendant Officers $6,947.73 under § 1920(3).

### D. Other Costs

Defendant Officers request charges associated with editing and synchronizing video depositions. In their reply brief, Defendant Officers argue that these invoices are "self-explanatory." Fortunately for Defendant Officers, they have provided more than the invoices because the invoices for formatting and editing are not self-explanatory, especially in light of the prevailing party's burden in establishing the reasonableness of obtaining a videotaped deposition when counsel also obtains the stenographic transcript. *See Artunduaga*, 2017 WL 1355873, at *2. That being said, Defendant Officers do not adequately explain why the videotaped deposition of Robert Stauffer was necessary in addition to his stenographic transcript. Thus, the Court deducts $941.02 from Defendant Officers' request. Further, two invoices do not indicate the deponent or the content of the videos for a total of $492.55, which the Court will not award. Thus, the Court awards $4,198.98 for these costs.

Defendant Officers also seek $11,365.88 in costs associated with creating demonstrative exhibits, including a timeline, scrolling test videos, video clips, and digital photos from the Medical Examiner's office. The Seventh Circuit lends the following guidance regarding the reasonableness of demonstrative exhibits:

> Among the factors that the judge might consider in evaluating the necessity of a particular type of exemplification is whether the nature and context of the information being presented genuinely called for the means of illustration that the party employed. In other words, was the exemplification vital to the presentation of the information, or was it merely a convenience or, worse, an extravagance?

*Cefalu v. Village of Elk Grove,* 211 F.3d 416, 428-29 (7th Cir. 2000).

In support of these costs, Defendants explain that these items were used as exhibits at trial – but the Court's inquiry involves more, namely, were these exhibits vital to the presentation of the information? Defendants do not answer this question. *See, e.g., Ariel Investments, LLC v. Ariel Capital Advisors LLC*, No. 15 C 3717, 2017 WL 3023746, at *4 (N.D. Ill. July 17, 2017) ("There are, without question, many cases in which demonstratives are reasonably necessary for use at a trial or otherwise, but this case was not one of them."); *Oleksy v. Gen. Elec. Co.*, No. 06-CV-1245, 2016 WL 7217725, at *11 (N.D. Ill. Dec. 12, 2016) ("A court cannot merely accept a party's generalized and conclusory assertion that its demonstrative exhibit was necessary to the pursuit of its case."). The Court therefore denies Defendant Officers' request for these costs in the amount of $11,365.88.

Last, Plaintiff questions the labor fees associated with these costs arguing that they are similar to paralegal fees, which are compensable as attorney's fees, but not statutory costs. *See, e.g., Fields v. City of Chicago*, No. 10 C 1168, 2018 WL 253716, at *11 (N.D. Ill. 2018). Indeed, the *Cefalu* decision notes that in other Circuits there is a line "between the cost of conducting the research and analysis eventually reflected in the exhibit, and the cost of actually preparing the exhibit itself. The latter expense is deemed compensable while the former is not." *Id*. at 427 n.5. The Court need not address this argument, however, because Defendant Officers have only provided the generalized assertion that these exhibits were necessary for use at trial. Accordingly, the Court awards Defendant Officers a total of $4,198.98 as "other costs" reflecting the videotaped depositions used at trial.

### III. Conclusion

In sum, the City of Chicago has established that $7,895.05 in costs were reasonable and necessary under Rule 54(d)(1) and § 1920. Further, Defendant Officers have sufficiently established that $33,189.87 in costs were reasonable and necessary. Next, courts in this district that have exercised their discretion and reduced costs in light of financial hardship have awarded costs in the amount of approximately 5 to 15 % of the requested costs. *See Temple*, 2016 WL 8669639, at *7; *Pryor,* 10/13/13 Mem. Op. Order, at 2. Under the circumstances, the Court will adjust the awards to reflect 15 % of the total amounts requested. Therefore, the Court awards the City of Chicago $1,184.26 and Defendant Officers $4,978.48 in costs under Rule 54(d)(1) and § 1920. Also, the Court grants Plaintiff's request to stay the enforcement of costs pending the outcome of Plaintiff's appeal, which will give her time to pay some of her debt and marshal her limited financial resources.

On a final note, the Court, in its discretion, will not address Plaintiff's arguments concerning Defendants' alleged misconduct as a basis for reducing fees because, unlike the

Court's discretionary ruling in *Fairley v. Andrews*, Judge Darrah, as the earlier presiding judge in this lawsuit, made no findings of misconduct on the record as the first presiding judge did in *Fairley*. *See Fairley v. Andrews*, No. 03 C 5207, 2008 WL 961592, at *2 (N.D. Ill. Apr. 8, 2008).

**Dated:** May 11, 2018

                                              **AMY J. ST. EVE**
                                              **United States District Court Judge**